UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>Plaintiff,<br><br>v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>Defendants. | Case No.  14-CV-03791-LHK<br><br>**ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS**<br><br>Re: Dkt. No. 10 |

Plaintiff Nathalie Thuy Van ("Plaintiff" or "Van") brings this action against Defendants Language Line Service, Inc. ("Language Line"), Language Line Solutions, and Does 1–50, (collectively "Defendants"). ECF No. 1. Before the Court is Defendants' motion for costs under Federal Rule of Civil Procedure 41(d) and to stay proceedings pending payment. ECF No. 10. Plaintiff filed an opposition. ECF No. 16. Defendants filed a reply. ECF No. 18. The parties have also filed unopposed requests for judicial notice.[1] ECF Nos. 10, 18, 21. Having considered the

---

[1] Defendants filed two requests for judicial notice, ECF Nos. 10, 21. Defendants request the Court take judicial notice of pleadings and orders in Plaintiff's state court action. Plaintiff does not oppose these requests. As the Court may properly take judicial notice of pleadings in related state court actions and undisputed matters of public record, the Court GRANTS Defendants' requests. *See Burbank-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998);

1

United States District Court
Northern District of California

1  submissions of the parties, the record in this case, and the relevant law, and for good cause shown,

2  the Court hereby GRANTS Defendants' motion.

3  **I.     BACKGROUND**

4       **A. FACTUAL BACKGROUND**

5       The Court begins by noting that neither party has provided a full and complete record of

6  the proceedings before the Santa Clara County Superior Court. Thus, the Court gleans the factual

7  background from the parties' pleadings and submissions. The parties do not appear to dispute the

8  following relevant facts.

9       Plaintiff filed an action against Defendants in Superior Court in Santa Clara County on

10  April 8, 2013. *See* Defendants' Request for Judicial Notice ("Defendants' RJN"), ECF No. 10,

11  Exh. B ("Sept. 11, 2013 Order"). In addition to the two Defendants named in the instant action,

12  Plaintiff's state court action also included claims against individual defendants that were

13  employees of Defendant Language Line. Defendants' RJN, Exh. A ("SAC"). Plaintiff amended

14  her complaint twice, and filed her state court Second Amended Complaint ("SAC") on June 26,

15  2013. *Id.* Plaintiff's SAC alleged claims of racial discrimination, retaliation, and harassment in

16  violation of California's Fair Housing and Employment Act, violations of California Labor Code,

17  fraudulent misrepresentation, failure to prevent discrimination and harassment, negligence,

18  intentional infliction of emotional distress, and negligent infliction of emotional distress. *See*

19  *generally* SAC. In total, Plaintiff alleged 11 claims. *See id.*

20       On September 11, 2013, Santa Clara County Superior Court Judge Mark Pierce sustained

21  demurrers without leave to amend to Plaintiff's negligence, intentional infliction of emotional

22  distress, and negligent infliction of emotional distress claims. *See* Sept. 11, 2013 Order at 3–4

23  (claims 9, 10, 11). The Superior Court also sustained demurrers without leave to amend to

24

25  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Plaintiff requests that the Court
26  take judicial notice of a "Notice of Hearing on Order to Show Cause" issued in her state court
   action. ECF No. 18. The Court GRANTS this unopposed request for the same reasons.

27
   Case No.: 14-CV-03791-LHK
28  ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

1    Plaintiff's racial discrimination, retaliation and failure to prevent discrimination and harassment

2    claims as to the individual defendants. *Id.* (claims 1, 3, 8). On September 17, 2013, Plaintiff then

3    dismissed all defendants without prejudice with the exception of defendant "Language Line

4    Solutions℠," which had not made an appearance in the case because it is a non-entity service mark.

5    Plaintiff sought and acquired a default judgment only as to Language Line Solutions℠. Mot. at 4.

6        On October 31, 2013, Plaintiff filed a complaint against Judge Pierce. *See* Defendants'

7    Supplemental Request for Judicial Notice ("Defendants' Supp. RJN"), Exh. A. The action was

8    then reassigned to Santa Clara County Superior Court Judge Peter Kirwan, who set aside the

9    default against the service mark Language Line Solutions on November 27, 2013. Plaintiff then

10    filed a complaint against Judge Kirwan, alleging improper ex parte communications. Unlike Judge

11    Pierce, Judge Kirwan decided to answer Plaintiff's complaint and filed a verified answer. The

12    Judicial Council assigned Santa Cruz County Superior Court Judge Ariadne Symons to preside

13    over Plaintiff's complaint, and Judge Symons concluded that Plaintiff's complaint against Judge

14    Kirwan was based on "nothing more than speculation and conjecture," and denied Plaintiff's

15    motion to disqualify Judge Kirwan. *See* Defendants' Supp. RJN, Exh. C.

16        Following Judge Symons order denying Plaintiff's motion to disqualify Judge Kirwan,

17    Plaintiff's suit against Defendants was reassigned to Santa Clara County Superior Court Judge

18    Patricia Lucas.[2] Though it is not clear when, precisely, Plaintiff reasserted her claims against the

19    other defendants, at some point between September 17, 2013, when Plaintiff voluntarily dismissed

20    those claims, and June 3, 2014, when Plaintiff refiled her action against Defendants. On June 19,

21    2014, the parties were to appear for a trial setting conference in Plaintiff's action against

22    Defendants. That same day, Judge Lucas issued an Order to Show Cause ("OSC") because

23    Defendants' counsel failed to appear at the trial setting conference. *See* Supplemental Declaration

24

25    [2] According to Defendants, the matter was reassigned from Judge Kirwan to Judge Lucas because

26    Judge Kirwan became the presiding judge of the Santa Clara County Superior Court's Complex
Civil Litigation department.

27

28

United States District Court
Northern District of California

of Heath Havey, ECF No. 21 ("Supp. Havey Decl.") ¶ 7; Plaintiff's Request for Judicial Notice

("Plaintiff's RJN"), Exh. A. In relevant part, the notice of hearing on the OSC ordered the parties

to appear at a hearing on July 24, 2014 and:

> Show cause why the above entitled case should not be dismissed for failure of Defendants to appear at the Trial Setting Conference on 6/19/14 as required by the Local Rules of the Court.

> Defense to Show Cause Why Answer should not be Stricken and Default be Entered

*See* Plaintiff's RJN, Exh. A. Defendants filed a response and declaration regarding the OSC, and

Judge Lucas discharged the OSC in open court on July 24, 2014. *See* Supp. Havey Decl. ¶ 7.

In the interim, Plaintiff apparently refused to stipulate to a protective order at a hearing on

July 10, 2014. *See* Supp. Havey Decl. ¶ 3. The Superior Court imposed the standard protective

order over Plaintiff's objections on July 24, 2014. *Id.*; Mot. at 4. During this same time period,

Plaintiff refused to appear at three properly noticed depositions. Defendants first noticed

Plaintiff's deposition for June 12 and 13, 2014, and Plaintiff served objections to the deposition

notice and filed an ex parte application for a stay of her deposition. *See* Defendant's RJN, Exh. C,

at 2–4. Judge Lucas denied Plaintiff's stay request by court order on June 3, 2014. *Id.* Defendants

filed an amended deposition notice for June 19 and 20, 2014, dates that Plaintiff had previously

confirmed she was available. Plaintiff again objected to the notice, asserting that she would not

appear. Plaintiff then served a notice of unavailability for June 16 to 23, 2014. As Judge Lucas

described it, "Plaintiff thereby attempted again to grant to herself by another means the relief the

court had denied," that is, a stay of her deposition. *Id.* at 3. Defendants then rescheduled Plaintiff's

deposition for July 19, 2014, and Plaintiff failed to appear at the July 19, 2014 deposition.

Defendants re-noticed Plaintiff's deposition for July 28 and 29, 2014, and Plaintiff, once more,

objected. Plaintiff again stated that she "would not appear for deposition on those dates or

anytime," until she felt Defendants were producing responsive discovery documents.

4

United States District Court
Northern District of California

1   Following Plaintiff's repeated refusals to appear for her depositions, Defendants filed a

2   motion for monetary sanctions and to compel her appearance, or for terminating sanctions. On

3   August 21, 2014 Judge Lucas issued tentative rulings granting Defendants' motion for monetary

4   sanctions on two different bases. Judge Lucas awarded "$1,050 as and for reasonable attorney fees

5   (2.5 x $420)" under California's discovery act because Plaintiff's motion to stay her deposition

6   was "without substantial justification."  More importantly, Judge Lucas awarded "$7,713 as and

7   for reasonably attorney fees (deducting 6.5 hours travel time and $300 travel expense)" based on

8   Plaintiff's repeated and knowing failure to obey the June 3, 2014 court order to provide discovery.

9   Judge Lucas concluded that "Plaintiff persisted in repeating [objections to the deposition notices]

10  because she fully appreciated that the June 3 order was entirely valid and . . . she was refusing to

11  comply with it." At the time Judge Lucas issued her tentative rulings, Judge Lucas also continued

12  Defendants' motion to compel Plaintiff's appearance, or in the alternative, for terminating

13  sanctions to August 29, 2014 and advanced the date of Plaintiff's motion to quash her deposition

14  to the same date. Judge Lucas affirmed her tentative rulings ordering monetary sanctions in a

15  published order on September 2, 2014. *See* Defendants' RJN, Exh. C ("Sept. 2, 2014 order") at 2–

16  3. *See id.* at 4.

17  On August 21, 2014, the same day Judge Lucas issued her tentative rulings sanctioning

18  Plaintiff, Plaintiff filed a "motion to transfer case from state court" in the instant action and filed

19  her federal Complaint. ECF Nos. 1, 4. On August 26, 2014, Plaintiff dismissed her state court

20  action without prejudice, three days prior to the scheduled hearing on terminating sanctions. *See*

21  Defendants' Supp. RJN, Exh. D ("Aug. 31, 2014 order"). Defendants requested a hearing on their

22  motion for terminating sanctions after Plaintiff's voluntary dismissal, which Santa Clara County

23  Superior Court Judge Socrates Manoukian denied on August 31, 2014. In the August 31, 2014

24  order, Judge Manoukian found that although Plaintiff had filed "seriatim dismissals without

25  prejudice in this matter in an attempt to avoid a hearing on the above motion," Plaintiff was

26

27
    Case No.: 14-CV-03791-LHK

28  ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

1    entitled to voluntarily dismiss her case without prejudice under California law. *Id.*

2        **B.      Procedural History**

3        As discussed above, Plaintiff filed her Complaint in the instant action on August 21, 2014.

4    ECF No. 1. That same day, Plaintiff also filed a purported "motion to transfer" her state action to

5    federal court, which the Court denied on August 29, 2014. ECF No. 9. Defendants filed their

6    motion for costs under Rule 41(d) and to stay proceedings until payment of costs on September

7    15, 2014. ECF No. 10. Plaintiff filed an opposition on October 1, 2014. Defendants filed a reply

8    on October 14, 2014.

9    **II.    LEGAL STANDARD**

10       Federal Rule of Civil Procedure 41(d) provides: "If a plaintiff who previously dismissed an

11   action in any court files an action based on or including the same claim against the same

12   defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous

13   action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).

14   The language of Rule 41(d) clearly indicates that it conveys "broad discretion" on federal courts to

15   order stays and payment of costs, and that neither is mandatory. *Esquivel v. Arau*, 913 F. Supp.

16   1382, 1386 (C.D. Cal. 1996). While the Ninth Circuit has infrequently addressed Rule 41(d), the

17   Eighth Circuit has described Rule 41(d)'s purpose as to "serve as a deterrent to forum shopping

18   and vexatious litigation." *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992).

19   **III.   DISCUSSION**

20       Defendants contend that Plaintiff has engaged in forum shopping and vexatious litigation

21   and should be ordered to pay the costs and attorney's fees Defendants incurred in defending the

22   state court action. More specifically, Defendants request that the Court order Plaintiff to pay: (1)

23   the costs incurred in the state court action, as memorialized in the "Memorandum of Costs" filed

24   with the Superior Court, in the amount of $13,523.00; (2) further costs for postage, court reporter

25   fees, messenger service fees for filing, overnight delivery service charges, and travel costs, in the

26

27

28

United States District Court
Northern District of California

Case No.: 14-CV-03791-LHK
ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

1  amount of $5,968.86; and (3) attorney's fees incurred in the state court action, in the amount of

2  $94,971.50. In sum, Defendants request an award of $114,463.36. Defendants further request that

3  the Court stay the instant action until Plaintiff pays any costs awarded by the Court. The Court

4  begins by addressing the applicability of Rule 41(d).

5        **A.**     **Identical Claims**

6        Here, the Court finds that the instant action includes nearly identical claims against two of

7  the same defendants as the state court action. *See* Fed. R. Civ. P. 41(d). A comparison of

8  Plaintiff's state court complaint and federal Complaint reveals that the two pleadings are

9  functionally indistinguishable. *See* SAC; Compl. The federal Complaint includes two of the nine

10  Defendants named in the state court action. Of the 11 claims alleged in the state court SAC, there

11  appear to be only two differences between Plaintiff's state court SAC and federal Complaint. One

12  is that Plaintiff alleges racial discrimination under Title VII in the federal action and California's

13  Fair Employment and Housing Act ("FEHA") in the state court action. The factual basis for her

14  FEHA and Title VII claims is identical in both pleadings, *see* SAC ¶¶ 23–26; Compl. ¶¶ 24–27.

15  The other difference is that Plaintiff alleges illegal harassment under FEHA in her state court

16  action, but provides no legal basis for her harassment claim in the federal Complaint. *See* SAC ¶¶

17  31–32; Compl. ¶¶ 32–33. With the exception of those two differences, the federal Complaint

18  tracks the state court action's third to eleventh causes of action (retaliation, violations of California

19  labor laws, negligence, intentional infliction of emotional distress, and negligent infliction of

20  emotional distress). *See generally* SAC; Compl. Furthermore, Plaintiff's prayer for relief in both

21  the federal and state actions are also nearly identical. The Court finds only a single difference: in

22  the federal Complaint Plaintiff requires "general damages" rather than the "money judgment for

23  mental pain anguish, emotional distress" requested in Plaintiff's state court SAC. *See* SAC Prayer

24  ¶ 7; Compl. Prayer ¶ 7.

25        Plaintiff does not dispute that the instant action is virtually interchangeable with her state

26

27  7

28

United States District Court
Northern District of California

1   court action. Moreover, Plaintiff herself indicated that her federal action is the same as her state

2   court action in her attempt to remove her own case from Superior Court. *See* Petition [to]

3   Transfer[] Case from State Court, ECF No. 4, ¶ 3 ("Petitioner Nathalie Thuy Van moves the Court

4   for an order to transfer the Complaint from State Court to the District Court . . . ."). Plaintiff also

5   concedes that she voluntarily dismissed her state court action. *See* Opp. at 5–6. As a result, under

6   the plain language of Rule 41(d), the Court may order Plaintiff to pay Defendants' costs incurred

7   in the state court action and may stay the instant proceedings until Plaintiff has complied. *See* Fed.

8   R. Civ. P. 41(d). There is no dispute that Plaintiff voluntarily dismissed her state court action, in

9   which she raised the same claims as she alleges in the instant litigation.

10          Moreover, Defendants contend that the Court should exercise its discretion to award costs

11   and impose a stay in light of Plaintiff's apparent forum shopping and vexatious litigation tactics.

12   *See Simeone*, 971 F.2d at 108 (holding that Rule 41(d) is "intended to serve as a deterrent to forum

13   shopping and vexatious litigation"). As discussed above, Plaintiff was sanctioned by the Superior

14   Court after disobeying the Superior Court's June 3, 2014 court order by failing to appear at three

15   properly noticed depositions. Plaintiff repeatedly objected to properly noticed depositions, filed a

16   motion to stay her deposition that the Judge Lucas found was "without substantial justification,"

17   and then took matters into her own hands by refusing to appear at her depositions despite the June

18   3, 2014 order. It was only after Judge Lucas issued her tentative rulings ordering monetary

19   sanctions and setting the date for a hearing on terminating sanctions that Plaintiff chose to file the

20   instant action and voluntarily dismiss her state court case. Defendants correctly note that there is

21   no bad faith requirement under Rule 41(d). *See Esquivel*, 913 F. Supp. at 1377–78. Instead, the

22   Court need only "assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and

23   whether the circumstances of the case warrant an award of costs to prevent prejudice to the

24   defendant." *Id.*

25          The Court concludes that Defendants have shown that the circumstances warrant the award

26

27   Case No.: 14-CV-03791-LHK

28   ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

8

United States District Court
Northern District of California

United States District Court
Northern District of California

1  of costs. As discussed above, Defendants filed demurrers, a motion for sanctions and to compel

2  Plaintiff's appearance, and noticed multiple depositions. After a year and a half of litigation,

3  including Plaintiff's intervening "seriatim" voluntary dismissals and seeking of default against a

4  non-entity, Plaintiff voluntarily dismissed her state court action after having several claims

5  dismissed with prejudice, being sanctioned, and facing the imminent possibility of terminating

6  sanctions. Plaintiff then filed a Complaint before this Court, raising nearly identical claims, some

7  of which the Superior Court had already dismissed with prejudice. Viewing the record as a whole,

8  the Court agrees with Defendants that the circumstances of Plaintiff's "transfer" of her state court

9  action to federal court are indicative of the type of forum shopping that Rule 41(d) aims to

10 prevent. Whether Plaintiff intentionally acted in bad faith or for an improper purpose is not at

11 issue. *See Esquivel*, 913 F. Supp. at 1377–78. The Court also concludes that Plaintiff's discovery

12 abuses and refusal to comply with the Superior Court's June 3, 2014 order are consistent with

13 Defendants' argument that Plaintiff has engaged in vexatious litigation tactics.

14        In opposition, Plaintiff asserts that she had the right to voluntarily dismiss her state court

15 action and that she was concerned by language contained in Judge Lucas's OSC. As to Plaintiff's

16 first argument, there is no dispute that Plaintiff had the right to voluntarily dismiss her state court

17 action. That does not, however, resolve the issue of whether Plaintiff should be required to pay the

18 costs incurred by Defendants in defending a functionally identical action in federal court after

19 litigating the state court action for a year and a half. As for Plaintiff's concern with Judge Lucas's

20 OSC, the Court acknowledges that a pro se litigant might have misunderstood the Notice of

21 Hearing. However, Plaintiff's claim that she was concerned that the OSC meant the Superior

22 Court would dismiss her action for Defendants' failure to appear at the trial setting hearing is

23 belied by the record. Judge Lucas issued the OSC at issue on June 19, 2014. Judge Lucas

24 discharged the OSC in open court on July 24, 2014, following Defendants' response. Plaintiff did

25 not voluntarily dismiss her action until August 26, 2014, after Judge Lucas issued her tentative

9

United States District Court
Northern District of California

1    monetary sanctions and only three days before the hearing date on terminating sanctions. In light

2    of the timing of the OSC, the intervening sanctions motion, and Plaintiff's subsequent voluntary

3    dismissal, the Court is not persuaded that Plaintiff chose to dismiss her action and pursue a federal

4    action because she was concerned her case could be dismissed for Defendants' failures.

5         Plaintiff also argues that costs should not be awarded under Rule 41(d) because she is

6    unable to pay. *See* Opp. at 7–8; Declaration of Nathalie Thuy Van in support of Plaintiff's

7    Opposition to Defendant's Motion for Costs under Fed. R. Civ. P. Rule 41(d), ("Pl. Decl."), ECF

8    No. 17. Some courts have recognized that ability to pay is a relevant consideration in imposing

9    costs under Rule 41(d). *See, e.g.*, *Zucker v. Katz*, 708 F. Supp. 525, 539 (S.D.N.Y. 1989); 9 C.

10   Wright & A. Miller, Federal Practice & Procedure § 2375 (citing cases).  Here, however, the Court

11   notes that Plaintiff was able to pay the filing fee in the instant action and is currently employed.

12   *See* Pl. Decl. ¶ 4. It appears that Plaintiff's gross monthly income is over $2,500, she owns two

13   vehicles, and has some cash assets. *Id.* The Court concludes that "[t]hese financial circumstances

14   show an ability to pay" at least some amount of costs. *See Banga v. First USA, N.A.*, No. 10-975,

15   2010 WL 6184482, at *5 (N.D. Cal. Dec. 8, 2010).

16        The Court therefore finds an award of costs is appropriate.

17   **B.     Amount of Costs**

18        Defendant seeks costs incurred in the state court action, as memorialized in the

19   "Memorandum of Costs" filed with the Superior Court, in the amount of $13,523.00, and further

20   costs for postage, court reporter fees, messenger service fees for filing, overnight delivery service

21   charges, and travel costs, in the amount of $5,968.86.

22        The Court finds that an award of this magnitude, over $16,000, would be inappropriate. An

23   award of reasonable costs under Rule 41(d) serves the dual purposes of deterring forum shopping

24   and vexatious litigation, as well as compensating a party for "the preparation of work product

25   rendered useless by the dismissal of [plaintiff's previous action]." *Esquivel*, 913 F. Supp. at 1388

26

27

28

10

1     (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)). A party's request for costs must be

2     individually itemized and provide a basis for the Court to determine whether the expenses were

3     reasonably incurred and whether they will be useful to the party in the second action. *See id.*; *see*

4     *also Koch*, 8 F.3d at 552; *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07-00007DAE-KSC,

5     2007 WL 2320672, at *7 (D. Haw. Aug. 10, 2007). Moreover, "reasonable costs under Rule 41(d)

6     are not necessarily the actual costs of the defendant in the defense of the first action." *Zucker v.*

7     *Katz*, No. 87 CIV 7595, 1990 WL 20171, at *1 (S.D.N.Y Feb. 21, 1990).

8          The Court begins by addressing the request for $13,523.00. This amount reflects the sum

9     requested by Defendants in their "Memorandum of Costs" submitted in the state court action. *See*

10    Defendants' Supp. RJN, Exh. B. According to the Memorandum of Costs, Defendants expended

11    $3,915 on filing and motion fees, $845 on deposition costs, and the Superior Court awarded

12    $8,763 in monetary sanctions. *See id.* After reviewing the itemized lists of filing costs and motion

13    fees, the Court awards Defendants the $3,915 incurred in filing costs and motion fees, as the Court

14    has determined that these costs will not be useful to Defendants in the instant ligation. Defendants

15    will have to pay duplicative filing fees in federal court.

16         The Court also awards $225 in deposition costs, which reflects the cost of having a court

17    reporter present for a deposition at which Plaintiff failed to appear. In any deposition in the present

18    action, Defendants will again have to incur this cost. The Court finds that the $225 incurred to

19    have a court reporter present for the scheduled deposition is a reasonably incurred cost. The Court

20    declines to award the additional $620 incurred in hotel stays, meals, and travel for a single day of

21    depositions. The Court therefore awards a sum of $4,140 for filing costs, motion fees, and

22    deposition court reporter costs.

23         The Court denies Defendants' request to award the monetary sanctions imposed by Judge

24    Lucas in the state court action. Neither Judge Lucas' September 2, 2014 order nor Defendants'

25    Memorandum of Costs explains how the $7,713 figure was calculated. Moreover, having reviewed

United States District Court
Northern District of California

11

United States District Court
Northern District of California

1    Defendants' submissions, the Court is unable to determine whether either the $7,713 sanction or

2    the $1,050 sanction reflect reasonably incurred costs that would not be useful to Defendants in the

3    present action. *See Esquivel*, 913 F. Supp. at 1388; *Koch*, 8 F.3d at 552. The Court therefore

4    denies the request for costs as to the monetary sanctions.

5            Defendants further request an additional $5,968.86 in costs for postage, court reporter fees,

6    messenger service fees for filing, overnight delivery service charges, and travel. The additional

7    costs break down into the following categories: postage: $91.21; court reporter fees: $79.00;

8    messenger services: $576.68; delivery services: $382.55; travel and meals: $4,839.42. *See*

9    Defendants' Supp. RJN, Exh. C. While Defendants provided an itemized list, the Court is unable

10   to determine whether these costs were reasonably and necessarily incurred, and whether the costs

11   will be useful in the second action. *Id.* For instance, Defendants claim court reporter fees of

12   $79.00, but if these fees are for transcripts that could be used in the present action, that cost would

13   not be appropriate under Rule 41(d). *See, e.g.*, *Banga*, 2010 WL 6184482, at *6. Additionally, for

14   the $576.68 for messenger services, the Court cannot determine what was being delivered, to

15   whom, or for what purpose. Where, as here, a party's submission of costs does not provide a clear

16   basis for the Court to determine whether the costs were reasonably and necessarily incurred and

17   whether the costs will be useful in the second action, other courts have imposed percentage

18   reductions in claimed costs. *See, e.g.*, *id.*; *see also Esquivel*, 913 F. Supp. at 1393. In *Esquivel* and

19   *Banga*, the courts concluded the likelihood that some costs might be useful in the second action,

20   combined with the inability to determine whether the claimed costs were reasonably and

21   necessarily incurred called for a 50 percent reduction. The Court agrees with the *Esquivel* and

22   *Banga* courts, and the Court finds a percentage reduction of 50% to be reasonable under the

23   circumstances, as costs for postage and delivery services and transcripts unrelated to the merits of

24   Plaintiff's claims are likely not useful in the second action and will have to be re-incurred. The

25   Court therefore awards $564.72. *See id.* (percentage reduction of 50%); *see also Banga*, 2010 WL

26

27                                                    12

28

1   6184482, at *6 (same).

2       Defendants also request $4,739.42 in travel costs and meals. Defendants offer no reason

3   why travel expenses, including hotel stays and meals are appropriate costs under Rule 41(d), or

4   any explanation for why those costs were reasonably necessary. The Court therefore denies

5   Defendants' request as to travel expenses and meals.

6       The Court therefore awards a total sum of $4,704.72 as reasonable costs under Rule 41(d).

7       **C.    Attorney's Fees**

8       Defendants further request $94,971.50 in attorney's fees pursuant to Rule 41(d), the

9   Court's inherent equitable powers, and/or as a sanction under Rule 11. The Court addresses each

10  basis for fees below.

11      **1.    Attorney's Fees under Rule 41(d)**

12      The plain language of Rule 41(d) provides that the Court "may order the plaintiff to pay all

13  or part of the costs of th[e] previous action." Fed. R. Civ. P. 41(d). As this Court noted in *Caldwell*

14  *v. Wells Fargo Bank, N.A.*, No. 13-CV-1344-LHK, 2014 WL 789083, at *6 (N.D. Cal. Feb. 26,

15  2014), the Ninth Circuit has not specifically addressed whether attorney's fees "are included as

16  part of an award of costs" under Rule 41(d). In *Caldwell*, this Court held that costs under Rule

17  41(d) do not include attorney's fees. *Id.* Citing *Banga*, 2010 WL 6184482, this Court noted that

18  "the plain and ordinary meaning of the words in Rule 41(d)" refer only to costs and not to fees.

19  *See id.* The Federal Rules of Civil Procedure sometimes refer to costs, sometimes to attorney's

20  fees, or sometimes to both costs and attorney's fees. *See, e.g.*, Fed. R. Civ. P. 4(d)(2)(B) (expenses

21  including fees); 16(f) (expenses including fees and costs); 41(d) (expenses including costs only).

22  In light of Rule 41(d)'s clear language, the Court again concludes that an award of costs under

23  Rule 41(d) does not include attorney's fees.

24      Like the defendants in *Caldwell*, Defendants cite decisions by courts outside of this

25  District awarding attorney's fees under Rule 41(d). Defendants have cited no authority that this

26

27

28

*United States District Court*
*Northern District of California*

13

Case No.: 14-CV-03791-LHK
ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

United States District Court
Northern District of California

Court has not already considered. Moreover, the Court is not persuaded that Rule 41(d) includes both costs and fees when the plain language of the Rule provides only for "costs" and the drafters of the Federal Rules of Civil Procedure were clearly capable of indicating when a Rule triggers either costs or fees, or costs and fees. Furthermore, even if Defendants were correct that Rule 41(d) may include attorney's fees, Defendants have not shown that these fees were incurred for work that would not be helpful in the present action. *See, e.g.*, Defendant's Supp. RJN, Exh. A ($32,245.50 for Plaintiff's deposition; $38,712 for demurrers, motions to strike, and answer). To the contrary, it seems quite likely that some of the work product related to preparing for Plaintiff's deposition or dismissing or answering Plaintiff's claims would be useful in the instant litigation. Thus, even if Rule 41(d) costs included attorney's fees, the Court would exercise its discretion to deny fees in light of Defendants' failure to isolate what percentage of fees is attributable to work that Plaintiff rendered useless by voluntarily dismissing her state court action and filing the instant complaint.

The Court therefore denies Defendants' request for attorney's fees under Rule 41(d).

### 2.      Attorney's Fees under the Court's Inherent Authority

In the alternative, Defendants request that the Court award attorney's fees under the Court's inherent authority.

The Court may exercise its inherent powers to "protect[ ] the due and orderly administration of justice and maintain[ ] the authority and dignity of the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal quotation marks omitted). To award sanctions under the Court's inherent powers, the Court must make an explicit finding of bad faith or conduct tantamount to bad faith. *Id.*; *see also Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001). Sanctions "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 993–94. Whether termed "'willful misconduct'" or conduct "'tantamount to bad

14

1   faith,'" such sanctionable conduct is "'something more egregious than mere negligence or

2   recklessness.'" *In re Lehtinen*, 564 F.3d at 1058 (quoting *In re Dyer*, 322 F.3d 1178, 1196 (9th

3   Cir. 2003)).

4         Here, while the Court agrees with Defendants that Plaintiff's conduct falls within the

5   purview of Rule 41(d), the Court cannot say, based on this record, that Plaintiff acted in bad faith

6   in filing her federal action. Plaintiff argues that she brought her state and federal actions in "good

7   faith to litigate bona fide and meritorious employment claims." Opp. at 7. While the circumstances

8   of her decision to file the instant action certainly support the conclusion that Plaintiff was forum

9   shopping, the Court also takes into account the fact that Plaintiff is pro se. Moreover, to the extent

10   that acting for an "improper purpose" may support sanctions under the Court's inherent authority,

11   the Court notes that Defendants fail to show that Plaintiff acted willfully. *See Fink*, 293 F.3d at

12   994 ("Sanctions are available for a variety of types of willful actions, including recklessness when

13   combined with an additional factor such as frivolousness, harassment, or an improper purpose.").

14         Ultimately, the Court finds that Plaintiff's behavior, while impermissible under Rule 41(d),

15   is not the type of "serious breach" that warrants the exercise of the Court's inherent powers. *See*

16   *Zambrano v. City of Tustin*, 885 F.2d 1473, 1482 (9th Cir. 1989).

17         **3.**     **Attorney's Fees under Rule 11**

18         Defendants offer one final basis for the award of fees: sanctions under Rule 11(b)(1) and

19   11(c). A court may impose Rule 11 sanctions if a paper filed with the court is for an improper

20   purpose, or if it is frivolous. *See* Fed. R. Civ. P. 11(b)(1); *Townsend v. Holman Consulting*, 929

21   F.2d 1358, 1362 (9th Cir. 1990) (en banc). A Rule 11 motion for sanctions "may not be filed . . .

22   unless there is strict compliance with Rule 11's safe harbor provision." *Islamic Shura Council of*

23   *S. Cal. v. F.B.I.*, 757 F.3d 870, 873–74 (9th Cir. 2014) (per curiam). Under the safe harbor

24   provision, a motion for sanctions "must be served on the offending party at least 21 days before

25   the motion is filed with the court." *Id.*; Fed. R. Civ. P. 11(c)(2).

26

27

28

United States District Court
Northern District of California

Case No.: 14-CV-03791-LHK
ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

1       Here, the Court denies Defendants' motion for sanctions under Rule 11 for failure to

comply with Rule 11's safe harbor provision. Defendants served Plaintiff on September 15, 2014,

the same day Defendants filed the instant motion. *See* Mot. at 13 (Proof of Service). As

Defendants failed to strictly comply with Rule 11's safe harbor provision, the Court denies

Defendant's request. *See, e.g.*, *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th

Cir. 2009); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("An award of sanctions cannot be

upheld" where the movant does not comply with the 21 day notice requirement). Moreover, the

Court further notes that Rule 11 sanctions would be inappropriate for the same reasons the Court

declines to exercise its discretion to award sanctions under the Court's inherent authority.

       In sum, the Court denies Defendants' request for attorney's fees under Rule 41(d), the

Court's inherent authority, and Rule 11.

### D.    Stay

       Defendants also move to stay the proceedings pending Plaintiff's payment of any costs

awarded by the Court. Under Rule 41(d), the Court "may stay the proceedings until the plaintiff

has complied" with the Court's order granting costs to the defendant. Fed. R. Civ. P. 41(d). The

Court exercises its discretion to stay this proceeding until Plaintiff complies with the Court's order

awarding $5,324.72 in costs to Defendants.

### IV.    CONCLUSION

       For the reasons stated above, the Court GRANTS Defendants' motion for costs under Rule

41(b) in the amount of $4,704.72 and stays this proceeding pending payment. Within thirty (30)

days from the date this Order is filed, Plaintiff shall pay Defendants $4,704.72 in costs and shall

file a certificate with this Court confirming payment; this action is stayed in the interim. Plaintiff

is advised that failure to pay within the deadline indicated will result in dismissal of this action

with prejudice, without further notice, under Federal Rule of Civil Procedure 41(b) for lack of

prosecution.

16

Case No.: 14-CV-03791-LHK
ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS

United States District Court
Northern District of California

1    The Court again refers Plaintiff to the Federal Legal Assistance Self-Help Center

2  (FLASH). Plaintiff can reach FLASH at 408-297-1480, Monday through Wednesday from

3  9:30 a.m. to 4:30 p.m.

4

5  **IT IS SO ORDERED**.

6  Dated: January 16, 2015

7                                          _Lucy  H.  Koh_____

8                                          LUCY H. KOH
                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        17

Case No.: 14-CV-03791-LHK
28  ORDER GRANTING MOTION FOR COSTS UNDER RULE 41(D) AND STAYING PROCEEDINGS