UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANGUAGE LINE SERVICES, INC. et al.,<br><br>　　　　　Defendants. | Case No. 14-CV-03791-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL AND FOR PLAINTIFF TO RE-FILE EXHIBITS** |

　　　　Before the Court is Defendants' administrative motion to seal portions of various exhibits Plaintiff—who is pro se—attempted to file in connection with Plaintiff's since-denied motion for sanctions.  ECF No. 117; *see* ECF No. 106 (denying Plaintiff's motion for sanctions). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

　　　　Records attached to nondispositive motions, such as Plaintiff's motion for sanctions, are

not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With the foregoing in mind, the Court rules on the instant motion as follows:

2

| Motion | ECF No. | Document | Ruling |
|---|---|---|---|
| 117 | 119 | Ex. C to Plaintiff's Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 119-1, 119-2 | Ex. D to Plaintiff's Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 119-3, 119-4 | Ex. E to Plaintiff's Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 120 | Ex. F to Plaintiff's Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 120-1 | Ex. P to Plaintiff's Supplemental Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 120-2 | Ex. Q to Plaintiff's Supplemental Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 120-3 | Ex. R to Plaintiff's Supplemental Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |
| 117 | 120-4 | Ex. S to Plaintiff's Supplemental Declaration in Support of Motion for Sanctions | GRANTED as to proposed redactions. |

Within seven (7) days of the date of this Order, Plaintiff shall, consistent with the above rulings, re-file her declaration and supplemental declaration supporting her motion for sanctions along with the accompanying exhibits. Specifically, Plaintiff is to file exhibits A through T, with exhibits C, D, E, F, P, Q, R, and S redacted in the manner ordered above. *See* ECF Nos. 119 (Ex. C); 119-1, 119-2 (Ex. D); 119-3, 119-4 (Ex. E); 120 (Ex. F); 120-1 (Ex. P); 120-2 (Ex. Q); 120-3 (Ex. R); 120-4 (Ex. S). Plaintiff should tab each exhibit with its corresponding letter.

In light of the Court's ruling, the Court denies as moot Plaintiff's prior requests to file the above exhibits. *See* ECF Nos. 127, 128, 129.

**IT IS SO ORDERED.**

Dated: September 16, 2015

_____
LUCY H. KOH
United States District Judge