E-Filed 11/30/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NATHALIE THUY VAN,<br><br>Plaintiff,<br><br>v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>Defendants. | Case No. 14-cv-03791-LHK   (HRL)<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 150 |
|---|---|

Plaintiff Nathalie Thuy Van ("Van"), pro se, sues Defendants Language Line Solutions, Inc. and Language Line, LLC ("Defendants") for violations of state and federal labor laws. Van initially brought her claims in state court, but eventually she dismissed that case and brought this federal case.

On November 13, 2015, Van subpoenaed Scott Klein ("Klein"), the President and CEO of Language Line Solutions, Inc., to testify at a deposition noticed for December 1, 2015. Defendants filed an ex parte motion for a protective order that precludes Van from deposing Klein. Van filed an opposition and Defendants filed a supplemental declaration in reply to Van's opposition. The parties appeared at a hearing on November 24, 2015 and discussed Defendants' motion with the court.

**Discussion**

Van seeks information about her own employment history in order to refute certain defenses. Van asserts that she signed an employment contract in 1997 when AT&T owned her employer and that she has never signed a new employment contract, but that changes in corporate ownership and corporate naming since May 23, 1997 have left it unclear to Van which one of Defendants directly employs her. Van claims, for example, that in September of 2014 her paystubs began to list Language Line, LLC as her employer instead of Language Line Services, Inc. Van argues either her original employment contract remains in force or else that her current

employer has implicitly entered a new contract under the same terms. Defendants' counsel responded at the hearing with two arguments: (1) whatever contract may have been signed in 1997 has nothing to do with Defendants; and (2) even if one of Defendants may have signed a contract in 1997, new employment policies promulgated in the wake of corporate takeovers have superseded whatever contract Van may have signed in 1997. Van, in light of these key disputes, seeks information about when and how her employment status may have changed since May 23, 1997 as well as information about the name changes and ownership changes of Defendants over the years. She also seeks an explanation for why some of her original paystubs appear to differ significantly from internal records recently produced by Defendants.

Defendants argue Klein is an apex witness who should not be deposed because he lacks the information Van seeks. Defendants support that argument with several factual claims: (1) Klein is the highest-ranking executive at Language Line Solutions, Inc.; (2) Klein does not have personal knowledge about Van's employment or claims; (3) Klein has never met or spoken with Van; (4) Van had other means available to obtain any information she may seek from Klein; (5) Van's deposition is intended to harass Defendants; and (6) Klein did not join the company until 2012, so he was not even part of the company during most of the years for which Van seeks information. Van responds: (1) Klein is likely to have personal, unique knowledge of the "fraud" that Van believes was committed in the form of record alterations; (2) Klein spoke with Van when she visited his workplace in order to copy discovery materials; (3) Klein's personal knowledge of Van's employment history is evidenced by a signed letter he sent that congratulated her for spending twenty years with the company; (4) Vice President of Human Resources Frank Perry ("Perry") did not provide the information Van seeks during his deposition, both because Perry did not seem to know very much about her employment history and because Perry cut the deposition short without answering all of her questions; and (5) Van deposed lower-level employees who were likely to possess the relevant information she seeks, but they each testified that they did not know about her employment history or about the history of corporate name changes and ownership changes. Finally, a supplemental filing by Defendants included a partial transcript of the Perry deposition.

Apex witnesses like Klein, in general, should not be deposed. The court should consider whether a deposition might be appropriate, however, in light of two factors: (1) whether "the [apex] deponent has unique, first-hand, non-repetitive knowledge of facts at issue in the case"; and (2) whether the party seeking the deposition has exhausted less intrusive discovery methods. *Affinity Labs of Texas v. Apple, Inc.*, C 09-4436 CW (JL), 2011 WL 1753982 at 15 (N.D. Cal. May 9, 2011).

Van took certain less-intrusive steps to discover the information she seeks before she subpoenaed Klein. During the hearing on this motion, the parties discussed Van's past depositions of human-resources employees who seemed likely to possess some of that information. Van asserted those witnesses were ignorant as to the relevant information Van now seeks from Klein, and Defendants' lawyer did not dispute Van's characterization of that past deposition testimony. Van also claimed during the hearing that Defendants have yet to disclose which defendant considers her its direct employee and the basis for that conclusion. Likewise, she claimed that she has not been provided with an explanation for why her paystubs began to list one of Defendants as her employer in September of 2014 instead of the non-defendant entity that had been listed as her employer in previous months. Defendants did not dispute those claims either. These credible, uncontested factual claims tend to show Van has sought highly relevant information about the details of her employment but that several human-resources employees were unable to provide that information during their depositions.

On the other hand, the court is not persuaded Van has fully exhausted her less-intrusive options because the parties did not discuss whether Language Line Solutions, Inc. and Language Line, LLC have been deposed pursuant to FRCP 30(b)(6). The information Van seeks is the kind of information that might be efficiently sought by deposing the defendant corporations rather than Klein. What are the complete genealogies of Language Line Solutions, Inc.; Language Line, LLC; and any affiliated corporations over time? Which entities employed Van from May 23, 1997 to present? Which name changes have been made since May 23, 1997 by any present or former employer of Van? Which specific documents or events have established, memorialized, or altered Van's employment status from May 23, 1997 to present? What were or are the relationships

3

between any entities employing Van from May 23, 1997 to present, and what were or are the relationships between any employing entity and any other entities that have been listed on Van's paystubs? What explains apparent discrepancies between Van's original paystubs and the internal records of Defendants? Absent any information that tends to show Van has already sought these facts by deposing Language Line Solutions, Inc. and Language Line, LLC pursuant to FRCP 30(b)(6), the court is not persuaded that Van exhausted less intrusive discovery options before she subpoenaed Klein.

The court is also persuaded that Klein, a top-rank executive who did not join Language Line Solutions, Inc. until 2012, lacks firsthand knowledge about Van's employment history, which stretches back to 1997. The court does not believe a polite letter sent by Klein evidences relevant firsthand knowledge, and the court likewise does not believe that polite small talk between Klein and Van evidences relevant firsthand knowledge possessed by Klein. At most, Van speculates that Klein might possess information she desires; that speculation is not sufficient to justify a deposition of Klein. The court therefore orders pursuant to Federal Rule of Civil Procedure 26(c) that Klein does not need to appear for the December 1, 2015 deposition noticed by Van.

## Conclusion

Van took certain less-intrusive steps to seek relevant information before she subpoenaed Klein. Still, the court is not persuaded that Van has exhausted her less-intrusive discovery options, because it appears that FRCP 30(b)(6) depositions of Language Line Solutions, Inc. and Language Line, LLC have not yet been used to seek the relevant information Van hopes to gain by deposing Klein. As well, the court is persuaded that Klein lacks firsthand knowledge of the relevant information Van seeks. The court therefore grants Defendants' motion for a protective order that precludes Van from deposing Klein on December 1, 2015.

**IT IS SO ORDERED.**

Dated: 11/30/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

4