1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

E-Filed 12/1/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHALIE THUY VAN,

Plaintiff,

v.

LANGUAGE LINE SERVICES, INC., et al.,

Defendants.

Case No.  14-cv-03791-LHK   (HRL)

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

Re: Dkt. No. 135

The parties have been unable to stipulate to a mutually agreeable protective order. Defendants, with leave of court, move for a protective order; Defendants request that the court issue its model protective order in this case.  Plaintiff, in her opposition brief, expresses concern that Defendants have mass-designated non-confidential documents as confidential documents. Plaintiff therefore requests that the court amend the model protective order to explicitly declare that certain documents are non-confidential.  Plaintiff appeared at the hearing on this motion but Defendants' counsel did not.

In general, the court frowns upon the wholesale designation of documents as confidential. Protective orders may shield confidential information from public disclosure where good cause exists, Fed. R. Civ. P. 26(c), but that good cause must exist as to each individual document.  Broad allegations of harm, absent specific examples, are insufficient.  *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Plaintiff claims that many discovery materials have been indiscriminately marked as confidential by Defendants without good cause. For example, Plaintiff argues that Defendants have marked twenty years' worth of her paystubs as confidential without good cause.  Defendants do not squarely dispute Plaintiff's claims about mass designations.  Rather, Defendants argue Judge Koh found, by granting a prior administrative motion, "that [Plaintiff]'s time records and other documents contain Defendant's confidential,

trade secret, and health care information, the disclosure of which is subject to patient confidentiality rules under HIPAA and other regulatory laws." Dkt. No. 145 at 2 (discussing Dkt. No. 131). The undersigned reads Judge Koh's prior order differently. Judge Koh stated the good-cause standard and concluded that good cause existed to redact certain information within a few specific documents she had reviewed, Dkt. No. 131 at 2-3, but Judge Koh did not additionally grant Defendants a wholesale license to designate as confidential thousands of other documents she had not reviewed. The undersigned is therefore concerned that Defendants may have improperly engaged in wholesale confidentiality designations, including of Plaintiff's paystubs, based on a misreading of Judge Koh's prior order.

In any event, the court shall not resolve disputes about confidentiality designations in this order. As explained to Plaintiff during the hearing, the court shall grant Defendant's motion by issuing a protective order, and that protective order shall set general procedures for how confidentiality designations may be challenged in this case. Plaintiff may then, in accord with those procedures and in accord with the undersigned's standing order regarding civil discovery disputes, discuss her concerns about confidentiality designations with Defendants' counsel. If the parties are unable to agree on which documents should be designated as confidential, then the parties may submit a discovery dispute joint report that asks the court to resolve their outstanding confidentiality disputes.

**IT IS SO ORDERED.**

Dated: 12/1/15

_____
HOWARD R. LLOYD
United States Magistrate Judge