E-Filed 12/2/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NATHALIE THUY VAN,<br><br>Van,<br><br>v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>Defendants. | Case No. 14-cv-03791-LHK   (HRL)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO COMPEL DISCOVERY**<br><br>Re: Dkt. No. 138 |
|---|---|

Plaintiff Nathalie Thuy Van ("Van"), pro se, sues Defendants Language Line Services, Inc. and Language Line, LLC ("Defendants") for violations of state and federal labor laws. Van filed an administrative motion for leave to file a motion to compel discovery and Defendants filed a response.

Van's intended motion would move the court to compel Defendants to produce: (1) certain documents that have been requested by Van but not produced; (2) a privilege log that explains Defendants' decisions to withhold certain documents; (3) responses to unanswered interrogatories; and (4) a signed document that verifies produced documents are true and accurate to the best of Defendants' lawyer's knowledge. Van also asserts that she attempted several times to meet and confer with Defendants' lawyer, but that he abruptly canceled when they were about to hold their scheduled meeting. Defendants respond that: (1) no signed disclosure is necessary because Defendants have not yet produced formal discovery materials; (2) Defendants intend to produce some of the requested materials after a protective order has been issued to safeguard Defendants' trade secrets and the privacy rights of third parties; (3) some of the information Van seeks is not relevant to her claims; (4) certain communications requested by Van have been properly withheld as either work product or as privileged attorney-client communications; and (5) Van was the one who abruptly left instead of holding the scheduled meeting, not Defendants' counsel.

**Discussion**

The undersigned ordinarily entertains discovery disputes in the form of discovery dispute joint reports filed by both parties. The undersigned's standing order regarding civil discovery disputes describes the procedures that parties should use to discuss their disputes face-to-face and, if necessary, to subsequently file discovery dispute joint reports. Unjustified delay in arranging and attending a meeting may be grounds for entry of an order against the delaying party. A party may also file an administrative motion for leave to file a motion to compel, as Van has done.

The court lacks a clear basis on which it might decide whether one party or the other unjustifiably failed to attend the meeting that the parties scheduled for a discussion of Van's discovery concerns. Van blames Defendants' counsel for inexplicably canceling the meeting moments before it was supposed to occur, and likewise Defendants' counsel blames Van for inexplicably leaving instead of attending the meeting. The court, absent firm evidence that substantiates one of these contradictory claims over the other, cannot conclude with confidence that one party or the other improperly failed to attend the scheduled meeting.

It is also unclear to the court which issues raised by Van remain in dispute at this moment. Van seemed to imply during an unrelated hearing that Defendants have formally provided some new discovery materials to her, and so it is not clear to the court whether Van has recently received some or all of the documents she seeks. As well, Defendants assert that they would be comfortable producing some of the information requested by Van after the court issues a protective order; yesterday the court issued a protective order, and so it seems likely that soon Van will receive additional discovery materials. The court, therefore, is not persuaded that Van has a need at this time to file a motion to compel discovery. Instead, the court encourages the parties to collaboratively resolve their outstanding discovery disputes, if any, through the process described in the undersigned's standing order.

However, if Van attempts to resolve outstanding disputes through the procedures in the undersigned's standing order, and if Defendants fail to collaborate in that dispute-resolution process as required by the standing order, then Van may file a unilateral discovery dispute report. The court reminds the parties that under the standing order a discovery dispute report must be filed

within 14 days of reaching an impasse on a dispute and that in no event may a dispute report related to fact discovery be filed more than 7 days after fact discovery closes.

### Conclusion

The motion for leave to file a motion to compel discovery is denied, because the court is not persuaded that either party has violated the undersigned's standing order and because it is not clear at this moment what is or is not in dispute. Instead, Van may attempt to resolve any outstanding discovery disputes through the collaborative dispute-resolution process described in the undersigned's standing order. However, if Defendants fail to collaborate in that process as required by the standing order, then Van may file a unilateral discovery dispute report.

**IT IS SO ORDERED.**

Dated: 12/2/15

_____
HOWARD R. LLOYD
United States Magistrate Judge