E-Filed 12/9/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>　　　　Defendants. | Case No.  14-cv-03791-LHK   (HRL)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 184 |

　　　　Plaintiff Nathalie Thuy Van ("Van"), pro se, sues Defendants Language Line Services, Inc. and Language Line, LLC ("Defendants") for violations of state and federal labor laws. Defendants filed an administrative motion for leave to file a motion for a protective order. Defendants argue a subpoena issued against Providence Equity Partners LLP is invalid for failure to comply with Federal Rules of Local Procedure 45(c)(2) and is overbroad for requesting irrelevant documents that are beyond the scope of permissible discovery.

　　　　The undersigned ordinarily entertains discovery disputes in the form of discovery dispute joint reports filed by both parties. The undersigned's standing order regarding civil discovery disputes describes the procedures that parties should use to discuss their disputes face-to-face and, if necessary, to subsequently file discovery dispute joint reports. A party may also file an administrative motion for leave to file a noticed discovery motion, but the undersigned does not favor discovery motions as a means of resolving discovery disputes.

　　　　Defendants have previewed the substantive arguments they intend to raise if leave to file a discovery motion is granted, but Defendants have made no argument for why it might be appropriate in this instance to circumvent the dispute-resolution process that is ordinarily required by the undersigned's standing order. Plaintiff recently filed a similar administrative motion that requested leave to file a discovery motion; the court denied that motion and encouraged the parties

to collaboratively resolve any outstanding discovery disputes through the procedures described in the undersigned's standing order. Dkt. No. 167 at 2-3. Likewise, the court denies this motion and, once again, directs the parties to follow the procedures described in the undersigned's standing order.

**IT IS SO ORDERED.**

Dated: 12/9/15

_____
HOWARD R. LLOYD
United States Magistrate Judge