E-Filed 12/11/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-03791-LHK   (HRL)<br><br>**ORDER DENYING DISCOVERY MOTIONS**<br><br>Re: Dkt. Nos. 78, 81, 85, 88 |

Plaintiff Nathalie Thuy Van ("Van"), pro se, sues Defendants Language Line Services, Inc. and Language Line, LLC ("Defendants") for violations of state and federal labor laws. Van filed two discovery motions and two related administrative motions before the presiding district judge. The district judge referred those motions to the undersigned. Dkt. No. 106. Van moves the court to order the removal of "Confidential" designations Defendants have applied to certain documents, Dkt. No. 85, and to order the production of a signed document that verifies any produced materials are true and correct to the best of defense counsel's knowledge, Dkt. No. 78. The administrative motions requested that arguments on the substantive motions be held during a then-pending case management conference, but the district judge referred these four motions to the undersigned during that case management conference and Van did not notice new hearing dates for the substantive motions. Dkt. No. 81; Dkt. No. 88.

Van subsequently raised her substantive concerns with the undersigned twice: first in a hearing on whether the undersigned should issue a protective order and second in another administrative motion. Dkt. No. 161; Dkt. No. 167. The undersigned explained to Van during the hearing that a protective order would set the procedures for how the parties may challenge confidentiality designations and that she would be able to seek relief through those procedures after the court issued a protective order. Dkt. No. 163 at 2. Similarly, the order on Van's

subsequent administrative motion directed Van to resolve outstanding discovery disputes through the process described in the undersigned's standing order regarding civil discovery disputes. Dkt. No. 167 at 2-3. The court also noted new information that tends to suggest Defendants have already addressed some of Van's concerns. Dkt. No. 167 at 2. The court therefore denies Van's discovery motions as premature and denies the related administrative motions as moot.

## Conclusion

The discovery motions are denied as premature. The related administrative motions are denied as moot. This order does not rule on the merits of Van's substantive motions and it does not prevent Van from filing discovery dispute reports according to the procedures in the undersigned's standing order.

**IT IS SO ORDERED.**

Dated: 12/11/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

2