UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LANGUAGE LINE SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 14-CV-03791-LHK<br><br>**ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT**<br><br>Re: Dkt. No. 91 |

On January 16, 2015, the Court awarded Defendants Language Line Services, Inc. ("Language Line") and Language Line Solutions ("Solutions") $4,704.72 in costs under Federal Rule of Civil Procedure 41(d). ECF No. 40 ("Rule 41(d) Order"). Plaintiff Nathalie Thuy Van subsequently dismissed Solutions from the case and added Defendant Language Line LLC. ECF No. 61. Before the Court is Plaintiff's "Motion for Reimbursement," which essentially asks the Court to reconsider the Rule 41(d) Order. ECF No. 91. Under the Local Rules of this Court, a party may not move for reconsideration without first seeking leave of the Court. Civ. L.R. 7-9(a). Because Plaintiff is pro se, the Court construes Plaintiff's request as a motion for leave to file a motion for reconsideration. Having considered the submissions of the parties, the record in this case, and the relevant law, and for good cause shown, the Court hereby GRANTS Plaintiff's

1

motion for leave to file a motion for reconsideration, GRANTS in part and DENIES in part reconsideration, and VACATES in part the Court's Rule 41(d) Order.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Court begins by noting that neither party has provided a complete record of the history of this case, which relates to prior proceedings in Santa Clara County Superior Court. However, this Court provided a full recitation of facts in its Rule 41(d) Order, and the parties do not appear to dispute the following facts from that order. As relevant here, Plaintiff filed an action against Defendant Language Line and former Defendant Solutions in Santa Clara County Superior Court on April 8, 2013. Plaintiff's state court action also included claims against individual defendants who were employees of Language Line. *See* ECF No. 92-1 ("Sept. 2, 2014 Order"). Plaintiff amended her complaint twice, and filed her state court Second Amended Complaint ("SAC") on June 26, 2013. In total, Plaintiff alleged 11 claims in the SAC, including claims of racial discrimination, retaliation, and harassment in violation of California's Fair Housing and Employment Act, violations of California Labor Code, fraudulent misrepresentation, failure to prevent discrimination and harassment, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On September 11, 2013, Santa Clara County Superior Court Judge Mark Pierce sustained demurrers without leave to amend to Plaintiff's negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims. The Superior Court also sustained demurrers without leave to amend to Plaintiff's racial discrimination, retaliation and failure to prevent discrimination and harassment claims as to the individual defendants. On September 17, 2013, Plaintiff dismissed all defendants without prejudice with the exception of defendant "Language Line Solutions℠," which had not made an appearance in the case because it is a non-entity service mark. Plaintiff sought and acquired a default judgment only as to Language Line Solutions℠.

On October 31, 2013, Plaintiff filed a complaint against Judge Pierce. The action was then reassigned to Santa Clara County Superior Court Judge Peter Kirwan, who set aside the default

against the service mark Language Line Solutions on November 27, 2013. Plaintiff then filed a complaint against Judge Kirwan, alleging improper ex parte communications. Unlike Judge Pierce, Judge Kirwan decided to answer Plaintiff's complaint and filed a verified answer. The Judicial Council assigned Santa Cruz County Superior Court Judge Ariadne Symons to preside over Plaintiff's complaint, and Judge Symons concluded that Plaintiff's complaint against Judge Kirwan was based on "nothing more than speculation and conjecture," and denied Plaintiff's motion to disqualify Judge Kirwan.

Following Judge Symons order denying Plaintiff's motion to disqualify Judge Kirwan, Plaintiff's state court suit was reassigned to Santa Clara County Superior Court Judge Patricia Lucas. Though it is not clear precisely when, Plaintiff reasserted her claims against the other state court defendants, including Language Line, by June 3, 2014. On June 19, 2014, the parties were to appear for a trial setting conference in Plaintiff's action against Defendants. That same day, Judge Lucas issued an Order to Show Cause ("OSC") because the counsel for Language Line and the other state court defendants failed to appear at the trial setting conference. In relevant part, the notice of hearing on the OSC ordered the parties to appear at a hearing on July 24, 2014 and:

> Show cause why the above entitled case should not be dismissed for failure of Defendants to appear at the Trial Setting Conference on 6/19/14 as required by the Local Rules of the Court.
>
> Defense to Show Cause Why Answer should not be Stricken and Default be Entered.

Defendants filed a response and declaration regarding the OSC, and Judge Lucas discharged the OSC in open court on July 24, 2014.

In the interim, Plaintiff apparently refused to stipulate to a protective order at a hearing on July 10, 2014. The Superior Court imposed the standard protective order over Plaintiff's objections on July 24, 2014. During this same time period, Plaintiff refused to appear at three properly noticed depositions, even after the Superior Court denied Plaintiff's request for a stay of her deposition. *See* Sept. 2, 2014 Order. Following Plaintiff's repeated refusals to appear for her depositions, Language Line and the other state court defendants filed a motion for monetary

3

Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

sanctions and to compel her appearance, or for terminating sanctions. On August 21, 2014, the Superior Court issued tentative rulings granting the motion for monetary sanctions in the total amount of $8,763. *Id.* The Superior Court found that Plaintiff's motion to stay her deposition was "without substantial justification," and concluded that Plaintiff repeatedly and knowingly failed to obey the Superior Court's order denying a stay of the deposition. *Id.* at 3-4. At the same time that the Superior Court issued the tentative rulings on sanctions, the Superior Court also continued Language Line's motion to compel Plaintiff's appearance, or in the alternative, for terminating sanctions, to August 29, 2014 and advanced the date of Plaintiff's motion to quash her deposition to the same date.

On August 21, 2014, the same day that the Superior Court issued tentative rulings sanctioning Plaintiff, Plaintiff filed her federal complaint and a motion before this Court "to transfer case from state court." ECF Nos. 1, 4. On August 26, 2014, Plaintiff dismissed her state court action without prejudice, three days prior to the scheduled hearing on terminating sanctions. The Superior Court declined to hold the hearing on terminating sanctions because, although Plaintiff had filed "seriatim dismissals without prejudice in this matter in an attempt to avoid a hearing on the above motion," Plaintiff was entitled to voluntarily dismiss her case without prejudice under California law.

Although the Superior Court declined to impose terminating sanctions, the Superior Court affirmed its tentative rulings ordering monetary sanctions against Plaintiff on September 2, 2014. *See* Sept. 2, 2014 Order, at 2-4. The Superior Court also entered judgment in favor of Language Line and the other state court defendants in an order dated September 23, 2014, but filed on September 30, 2014. *See* ECF No. 92-2 ("September 23, 2014 Order"). In addition to the $8,763 in sanctions awarded in the September 2, 2014 Order, the Superior Court judgment included "costs of suit as the prevailing party under California Code of Civil Procedure section 1032 in the sum of $4,760." *Id.* In total, the Superior Court awarded Language Line and the other state court defendants $13,523.

On September 15, 2014, before judgment was entered on September 23, 2014 in the state

4

Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

court proceeding, Language Line and Solutions filed a motion for costs under Rule 41(d) in this Court. ECF No. 10. On October 1, 2014, Plaintiff opposed the motion for costs, without discussing the Superior Court's recently-filed September 23, 2014 Order. ECF No. 16. In fact, Plaintiff's opposition stated that the Superior Court's sanctions award was "not reduced to judgment." *Id.* at 2. Given that the September 23, 2014 Order was not filed until September 30, 2014, Plaintiff may not have been aware of the September 23, 2014 Order on October 1, 2014, when Plaintiff filed her opposition. On October 14, 2014, Language Line and Solutions replied and requested judicial notice of the Superior Court's September 23, 2014 Order. ECF No. 21. On January 16, 2015, the Court concluded that an award of costs was appropriate given Plaintiff's apparent forum shopping and vexatious litigation tactics, and granted the motion for costs. *See* Rule 41(d) Order. As discussed in greater detail below, the Court awarded Language Line and Solutions a total sum of $4,704.72. The Court also stayed the case until Plaintiff paid the costs award, which Plaintiff did on February 6, 2015. ECF No. 41.

On March 2, 2015, Language Line obtained a wage garnishment order in the amount of $13,665.30 in order to execute the judgment from the Superior Court proceeding.[1] ECF No. 92-4. Language Line presented the wage garnishment order to Plaintiff's employer on March 4, 2015. *Id.* According to Plaintiff, Language Line fully executed the Superior Court's judgment. *See* ECF No. 91-5 to -6.

Soon after, on March 13, 2015, Plaintiff filed a motion to sanction Language Line and Solutions. ECF No. 44. According to Plaintiff, Language Line and Solutions acted in bad faith by collecting on both the Superior Court's September 23, 2014 Order and this Court's Rule 41(d) Order. *Id.* At the case management conference on April 1, 2015, the Court indicated that Plaintiff's motion for sanctions did not appear meritorious because the Court's Rule 41(d) Order did not overlap with the monetary sanctions awarded by the Superior Court. ECF No. 54. On

---

[1] The parties do not explain why the wage garnishment order is for $13,665.30, while the Superior Court judgment awarded only $13,523. However, the parties do not dispute that the wage garnishment order was obtained to satisfy the Superior Court judgment.

5
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

March 24, 2015, Plaintiff retained counsel, ECF No. 50, who withdrew the motion for sanctions on April 10, 2015, ECF No. 58. On July 24, 2015, Plaintiff substituted herself as counsel. ECF No. 69. Three days later, on July 27, 2015, Plaintiff filed a second motion for sanctions, which accused Language Line and Language Line LLC of falsifying evidence and committing fraud on the court. ECF No. 70. The Court denied the second motion for sanctions on August 27, 2015 after finding that there was no evidence that any defendant acted improperly. ECF No. 105.

While the second motion for sanctions was pending, Plaintiff filed the instant motion for reimbursement. ECF No. 91 ("Mot."). Language Line and Language Line LLC opposed Plaintiff's motion on August 31, 2015.[2] ECF No. 112 ("Opp."). Plaintiff replied on September 4, 2015. ECF No. 121.

## II. LEGAL STANDARD

Civil Local Rule 7-9(a) states: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order. . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

---

[2] The parties do not address the change in defendants in the amended complaint, which dismissed Solutions and added Language Line LLC. *See* ECF No. 61 (amended complaint). Plaintiff cannot seek "reimbursement" from Language Line LLC, who was not a party when this Court issued the Rule 41(d) Order and who did not receive any costs award. Accordingly, when analyzing Plaintiff's motion below the Court refers only to Language Line.

6
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 Fed. App'x 675, 676 (9th Cir. 2014).

## III.   DISCUSSION

When Language Line filed the motion for Rule 41(d) costs in this Court on September 15, 2014, the Superior Court had already awarded $8,763 in sanctions against Plaintiff for discovery abuse. *See* Sept. 2, 2014 Order. However, the Superior Court did not enter judgment or award costs to Language Line until September 23, 2014, and the September 23, 2014 Order was not filed until September 30, 2014. *See* Sept. 23, 2014 Order. Plaintiff had to file her opposition to Language Line's motion for Rule 41(d) costs the next day, on October 1, 2014. Plaintiff's opposition addresses the September 2, 2014 sanctions award and states that the award had not been reduced to judgment. ECF No. 16, at 2. Thus, it appears that Plaintiff was unaware of the September 23, 2014 Order when Plaintiff opposed Language Line's motion for Rule 41(d) costs on October 1, 2014. When Language Line replied on October 14, 2014, Language Line informed the Court of the Superior Court's September 23, 2014 Order. ECF No. 21. The Court granted Language Line's motion for Rule 41(d) costs. *See* Rule 41(d) Order.

Plaintiff now moves the Court to reconsider the amount of the costs awarded in the Rule 41(d) Order because, according to Plaintiff, the Superior Court previously awarded the same costs in its September 23, 2014 Order. Mot. at 2. Language Line opposes Plaintiff's request for reconsideration, and contends that the Court properly awarded Language Line $4,704.72 under Rule 41(d).

Rule 41(d) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). An award of reasonable costs under Rule

7
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

41(d) serves the dual purposes of deterring forum shopping and vexatious litigation, as well as compensating a party for "the preparation of work product rendered useless by the dismissal of [plaintiff's previous action]." *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)); *see also Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992) (Rule 41(d)'s purpose is to "serve as a deterrent to forum shopping and vexatious litigation"). A party's request for costs must be individually itemized and provide a basis for the Court to determine whether the expenses were reasonably incurred and whether they will be useful to the party in the second action. *Esquivel*, 913 F. Supp. at 1388; *see also Koch*, 8 F.3d at 552; *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07-00007DAE-KSC, 2007 WL 2320672, at *7 (D. Haw. Aug. 10, 2007).

In the Court's Rule 41(d) Order, the Court ordered Plaintiff to pay $4,704.72 in costs. First, the Court found that "[t]here is no dispute that Plaintiff voluntarily dismissed her state court action, in which she raised the same claims as she alleges in the instant litigation." *See* Rule 41(d) Order, at 7-8. Second, the Court concluded that an award of costs was appropriate because "the circumstances of Plaintiff's 'transfer' of her state court action to federal court are indicative of the type of forum shopping that Rule 41(d) aims to prevent." *Id.* at 8-9. The Court also found that "Plaintiff's discovery abuses and refusal to comply with the [an order of the Superior Court] are consistent with Defendants' argument that Plaintiff has engaged in vexatious litigation tactics." *Id.* at 9. Third, the Court determined that $4,704.72 was a reasonable award of costs. *Id.* at 10-13. The Court also found that attorney's fees were not "costs" under Rule 41(d). *Id.* at 13-14.

In order to arrive at the amount of costs, the Court looked to two sources proffered by Language Line. First, the Court examined Language Line's September 10, 2014 "Memorandum of Costs" filed in the Superior Court, which itemized $3,915 in filing fees, $845 in deposition costs, and $8,763 in sanctions ($13,523 total). *Id.* at 11. The Court awarded $3,915 in filing fees as costs reasonably expended in the state court litigation that would not be useful to Language Line in the instant litigation. *Id.* The Court also awarded $225 in deposition fees as reasonably incurred, and declined to award the remaining $620 in deposition fees that Language Line

8
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

requested for hotel stays, meals, and travel for a single day of depositions. *Id.* Additionally, the Court declined to award the $8,763 in monetary sanctions imposed by the Superior Court, because the Court could not determine whether the sanctions reflected reasonably incurred costs that would not be useful to Language Line in the present action. *Id.* at 11-12.

Second, the Court examined a list of additional costs for postage, court reporter fees, messenger service fees for filing, overnight delivery service charges, and travel costs, totaling $5,968.86. *Id.* at 10. The Court declined to award the $4,739.42 in requested travel and meal costs because Language Line failed to explain why such costs were reasonably necessary. *Id.* at 13. The Court concluded that a lack of specificity in Language Line's request for the remaining costs for postage, court reporter fees, and service fees called for a 50% reduction in the requested costs. Accordingly, the Court awarded $564.72 in additional costs. *Id.* at 12. Although the Superior Court's September 23, 2014 Order was raised in Language Line's reply brief, the Court's Rule 41(d) Order did not mention the Superior Court's September 23, 2014 Order. *See generally id.*

Plaintiff does not challenge this Court's findings that (1) the instant lawsuit is virtually identical to the previously-dismissed state court lawsuit; and (2) Plaintiff's forum shopping and vexatious behavior warrant an award of reasonable costs under Rule 41(d). Plaintiff moves for reconsideration only of the amount of costs awarded. *See generally* Mot. Plaintiff argues that the Superior Court already awarded costs to Language Line in the September 23, 2014 Order, and thus Language Line unfairly "double dipped" by collecting on the same costs twice. *Id.* at 2. Having carefully considered Plaintiff's arguments for reconsideration, the Court concludes that the Superior Court's September 23, 2014 Order presented material facts that the Court should have considered when determining the appropriate amount of costs to award under Rule 41(d). *See* Civ. L.R. 7-9(b)(3).

Having now reviewed both the Superior Court's September 23, 2014 Order and this Court's Rule 41(d) Order, it is apparent that a portion of this Court's Rule 41(d) Order duplicated some of the Superior Court's September 23, 2014 Order. In the September 23, 2014 Order, the

9

Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

1  Superior Court awarded $8,763 in sanctions and the "costs of suit as the prevailing party under
2  California Code of Civil Procedure section 1032 in the sum of $4,760." September 23, 2014
3  Order.  To reach the cost determination, the Superior Court explicitly considered the
4  "Memorandum of Costs filed herein on September 10, 2014." *Id.* It appears that the Superior
5  Court awarded all of the costs itemized in the Memorandum of Costs: $3,915 in filing and motion
6  fees, $845 in deposition fees (totaling $4,760, the amount of costs awarded), and $8,763 in
7  sanctions. *Id.* Accordingly, this Court's award of $3,915 in filing fees and $225 in deposition fees
8  duplicated costs already awarded by the Superior Court.  However, the Court's award of $564.72
9  for further costs is not duplicative.  The Superior Court's September 23, 2014 Order only ordered
10 costs itemized in the Memorandum of Costs, and the $564.72 awarded by this Court was not
11 itemized in the Memorandum of Costs.

12 In opposition, Language Line now tries to characterize the Superior Court's September 23,
13 2014 Order as solely ordering sanctions for Plaintiff's discovery abuse.  *See* Opp. at 3.  However,
14 it is clear from the September 23, 2014 Order that the Superior Court ordered not just sanctions,
15 but also "costs of suit as the prevailing party."  Sept. 23, 2014 Order.

16 Language Line also argues that this Court previously ruled that the costs were not
17 duplicative when the Court discussed Plaintiff's first motion for sanctions with Plaintiff's newly-
18 hired counsel. Opp. at 5-7.  As described above, Plaintiff filed her first motion for sanctions on
19 March 13, 2015, and argued that Language Line acted in bad faith and to harass Plaintiff by
20 collecting on both the Superior Court's September 23, 2014 Order and the Court's Rule 41(d)
21 Order.  ECF No. 44.  At the April 1, 2015 case management conference, this Court noted that "My
22 understanding is that Ms. Van . . . is saying that any effort by the defendants to seek a writ of
23 execution to levy Ms. Van's accounts in order . . . for defendants to collect on the sanctions order
24 that Judge Lucas issued in Superior Court, that that was sanctionable." ECF No. 54; *see also* ECF
25 No. 60 (transcript).  The Court indicated that the Court did not believe that the Rule 41(d) Order
26 was duplicative of the Superior Court's sanctions order, and thus Plaintiff's motion for sanctions
27 did not appear meritorious. *Id.*

28

10
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT

The Court's comments at the case management conference were not directed to the Superior Court's September 23, 2014 Order, which the Court did not consider in its Rule 41(d) Order. Instead, the Court spoke to the Superior Court's September 2, 2014 Order awarding $8,763 in sanctions. The Court believed then—and finds now—that the Rule 41(d) Order was not duplicative of the Superior Court's September 2, 2014 Order awarding sanctions. In the Rule 41(d) Order, the Court considered the Superior Court's September 2, 2014 sanctions award, and declined to award any of the $8,763 sanctions as costs under Rule 41(d). *See* Rule 41(d) Order, at 11-12. Thus, the Rule 41(d) Order did not award costs duplicative of the Superior Court's September 2, 2014 Order. However, that finding does not determine whether the Rule 41(d) Order awarded costs duplicative of the Superior Court's September 23, 2014 Order. As discussed, the Court finds that the Rule 41(d) Order did order some duplicative costs.

Rule 41(d) does not explicitly prohibit double recovery of costs. However, the Court concludes that such an award would be inappropriate in this case. Awarding Language Line costs that have already been awarded in a state court judgment does not "compensate" Language Line for costs that were "reasonably incurred" in the state court proceeding. *See Esquivel*, 913 F. Supp. at 1391-92. Rather, such double recovery provides Language Line a windfall, effectively permitting Language Line to cover the costs of the previous *and* current litigation, or, alternatively, to recover a sanction in the name of a costs award. *Cf. White v. Telelect, Inc.*, 109 F.R.D. 655, 656-57 (S.D. Miss. 1986) (concluding that Rule 41(d) could not be applied in a second action that was pending at the time of the voluntary dismissal of the first action, because Rule 41(a)(2) costs would have been an option in the first action). Consequently, the Court concludes that the $3,915 in filing fees and $225 in deposition costs, duplicative of the costs awarded by the Superior Court, do not reflect reasonably incurred costs that would not be useful to Language Line in the present action. Thus, the Court declines to award such costs under Rule 41(d).

The Court confirms the previous award of $564.72, which is not duplicative of costs ordered by the Superior Court. In the Rule 41(d) Order, the Court found that the $564.72 award

was reasonable based on a list of itemized costs submitted by Language Line. *See* Rule 41(d) Order, at 10-13. Additionally, the Court found that such costs were warranted under Rule 41(d) due to Plaintiff's forum shopping and vexatious behavior in filing the instant lawsuit after seriatim dismissals of a virtually identical lawsuit in state court. *Id.* at 7-9. The Court affirms that these costs were properly awarded under Rule 41(d). Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is GRANTED, and reconsideration is GRANTED in part and DENIED in part. *See* Civ. L.R. 7-9(b)(3).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a motion for reconsideration is GRANTED. The Court VACATES its January 16, 2015 Rule 41(d) Order to the extent that the order awarded costs based on the September 10, 2014 Memorandum of Costs. The remainder of the Rule 41(d) Order, which concludes that an award of costs under Rule 41(d) is appropriate and awards Language Line $564.72 in costs, remains effective. Within thirty (30) days from the date that this Order is filed, Language Line is ORDERED to reimburse Plaintiff $4,140 for costs improperly awarded.

**IT IS SO ORDERED.**

Dated: December 14, 2015

_____
LUCY H. KOH
United States District Judge

12
Case No. 14-CV-03791-LHK
ORDER RE PLAINTIFF'S MOTION FOR REIMBURSEMENT