E-Filed 2/8/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE THUY VAN, <br> Plaintiff, <br> v. <br> LANGUAGE LINE SERVICES, INC., et al., <br> Defendants. | Case No. 14-cv-03791-LHK (HRL) <br><br> **INTERIM ORDER ON DISCOVERY DISPUTE JOINT REPORT 1** <br><br> Re: Dkt. Nos. 195, 196 |

Plaintiff Nathalie Thuy Van ("Van") sues Language Line Services, Inc. and Language Line LLC ("Defendants") for alleged violations of state and federal labor laws. The parties met in early December of 2015 in order to discuss and perhaps resolve their outstanding discovery disputes, but they were not able to resolve all of their disputes. The parties therefore filed Discovery Dispute Joint Report ("DDJR") 1. Dkt. No. 196 at 1-2.

Defendants rely substantially upon privilege claims to justify their decisions to withhold discovery materials requested by Van. The federal common law governs Defendants' privilege claims because the discovery materials at issue relate to federal claims and defenses for which state law does not supply the rules of decision. Fed. R. Evid. 501. A party that claims a federal privilege bears the burden to show that the claimed privilege applies to the discovery materials at issue. *E.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010). Privilege claims "obstruct the search for truth," *U.S. v. Roberson*, 859 F.2d 1376, 1378 (9th Cir. 1988), and therefore federal courts narrowly construe privilege claims to serve the purposes underlying those privileges, *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012). A party may waive the privileges asserted in a discovery response if that party fails to timely produce a privilege log that clarifies which documents have been withheld and which specific privileges might justify those withholdings. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for*

*Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Defendants do not assert in DDJR 1 that any particular privilege claim applies to any particular document. Likewise, Defendants' discovery responses repeatedly assert that some privilege applies to some documents, but those responses do not state which privileges Defendants had in mind. Defendants, at best, notified the court of their intent to provide a partial and untimely privilege log to Van. Dkt. No. 195. Defendants have not provided the court with an adequate basis to review any of their privilege claims and, if anything, the notice of intent to provide an untimely privilege log to Van raises the possibility that Defendants have waived some of the privilege claims they rely upon in DDJR 1.

No later than February 15, 2016, Defendants shall: (1) lodge for in-camera review each document at issue in DDJR 1 that they have withheld under a privilege theory; (2) submit a privilege log that describes each document and lists each privilege claim Defendants believe applies to each document; and (3) file a statement, supported by a competent declaration, that explains why Defendants did not provide a timely privilege log to Van.

**IT IS SO ORDERED.**

Dated: 2/8/16

HOWARD R. LLOYD
United States Magistrate Judge