JACKSON LEWIS P.C.
JOEL P. KELLY (SBN 100716)
725 S. Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

JACKSON LEWIS P.C.
SANDER VAN DER HEIDE (SBN 267618)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141

Attorneys for Defendants
LANGUAGE LINE, LLC
and LANGUAGE LINE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>  Plaintiff,<br><br>v.<br><br>LANGUAGE LINE, LLC, LANGUAGE LINE SERVICES, INC., and DOES 1-20;<br><br>  Defendants. | Case No. 5:14-CV-03791-LHK<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF CLAIMS RESOLVED THROUGH MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed:           08.21.2014<br>Amended Complaint Filed:   04.22.2015<br>Trial Date (Jury):         07.25.2016 |

Defendants' Language Line, LLC and Language Line Services, Inc. ("Language Line") hereby move in limine for an order to exclude at trial any evidence or reference regarding claims or issues dismissed pursuant to the Court's rulings on the summary judgment motions. Language Line also requests that the court instruct Plaintiff to avoid any mention of such topics during trial.

Evidence regarding a claim resolved through a motion for summary judgment should be excluded as irrelevant. Fed. R. Evid. 401-402; *Multimedia Patent Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 U.S. Dist. LEXIS 191199, at *16 (S.D. Cal. Nov. 20, 2012) (granting motion in limine to preclude evidence regarding claims and issues dismissed pursuant to summary judgment rulings by the Court); *Brown v. Kavanaugh*, No. 1:08-cv-01764-LJO-BAM PC, 2013 U.S. Dist. LEXIS 61892, at *5-6 (E.D. Cal. Apr. 29, 2013) (granting in part motion in limine to preclude evidence on matters pled and dismissed as irrelevant under Fed. R. Evid. 401.)

The court granted Language Line's motion for partial summary judgment as to its various statute of limitations defenses. Docket 244 (59:20-60:14). The longest applicable statute of limitations is on Plaintiff's Unfair Competition Law (UCL) claim, which is subject to a four-year statute of limitations. Cal. Bus. & Prof. C. § 17208; *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000). Plaintiff filed her complaint in Federal Court on August 21, 2014. Thus, all claimed damages prior to August 21, 2010 are barred by the statute of limitations.

Any such evidence outside the statute of limitations is irrelevant. Fed. R. Evid. 401-402. Therefore, the following evidence should be excluded: (1) Plaintiff's alleged damages regarding unpaid wages, overtime, meal, and rest periods prior to August 21, 2010;[1] (2) Plaintiff's house foreclosure which occurred on or before August 7, 2008;[2] (3) Plaintiff's negative credit rating and credit card debt;[3] and (4) Plaintiff's requests for payroll and time records and Language Line's

---

[1] *See* Docket 212-1 (Exhibit 9 – bates pages 005177-005191); Docket 212-2 (Exhibit 10); Docket 212-11 (Exhibit 52 – bates pages 002411, 003012-003016, 003034, 003011); Docket 212-12 (Exhibit 54 – bates pages 002865-002913); Docket 212-14 (Exhibit 55); Docket 212-14 (Exhibit 56); Docket 212-16 (Exhibit 63).
[2] *See* Docket 212-16 (Exhibit 63 – bates pages 001835-001836, 007264-007265).
[3] *See* Docket 212 (¶ 22); Docket 212-16 (Exhibit 63 – bates page 001837). Plaintiff stipulated through counsel that there was no claim for credit card debt in this case. Van Depo., 143:18-22 On the basis of that stipulation, no deposition questions were asked regarding Plaintiff's credit card debt. If Plaintiff is permitted to disavow that stipulation and present such evidence at trial Language Line would be prejudiced.

responses.[4]

The Court also granted Language Line's motion for summary judgment to dismiss Plaintiff's retaliation, intentional infliction of emotional distress (IIED), and contract claims. Docket 244 (60:6-11). The following evidence related to these three claims are therefore irrelevant and should be excluded: (1) Frank Perry allegedly calling Plaintiff "cuckoo;"[5] (2) claims that Plaintiff was "forced and threatened" to sign an at-will agreement;[6] (3) that the department code was changed in Plaintiff's employee profile;[7] (4) that Plaintiff's performance evaluation rating was allegedly changed from Exceeding Expectations to Meets Expectations;[8] (5) that Plaintiff was offered a video remote interpreter position;[9] (6) all evidence regarding the settlement/mediation sessions in this case;[10] (7) that Plaintiff complained to various governmental agencies;[11] (8) the 1997 AT&T offer letter;[12] (9) the 1999 Asset Purchase Agreement;[13] (10) that

---

[4] *See* Docket 212-8 (Exhibit 31). Docket 244 (36:2-3 ["Plaintiff may not recover for the alleged violations of section 226(c)"].)

[5] *See* Docket 212-9 (Exhibit 34). Plaintiff relies on this allegation in support of her IIED and retaliation claims. Docket 211 (12:9-10, 14:3-4). Plaintiff has issued a trial subpoena for her process server.

[6] Docket 221 (11:15-18); Docket 222 (¶ 42). Indeed, "the evidence shows that Plaintiff's employment was at will before Plaintiff was asked to sign the April 21, 2015 agreement." Docket 244 (44:3-5).

[7] Docket 222 (¶ 43).

[8] Docket 222 (¶ 39).

[9] Docket 221 (11:9-11).

[10] Under Federal Rule of Evidence 408, "furnishing, promising, or offering…valuable consideration in compromising or attempting to compromise the claim" is not admissible "to prove or disprove the validity…of a disputed claim." Therefore, the Court should exclude all evidence regarding settlement/mediation, including the deposition testimony by Frank Perry that Plaintiff's termination was discussed as part of the settlement. Docket 211 (12:21-28). The Court, in its ruling on the cross-motions for summary judgment, granted Language Line's motion as to Plaintiff's retaliation claim and concluded that "Perry's discussion of Plaintiff's possible termination during mediation was not an adverse employment action." Docket 244 (42:12-13). Therefore, any such evidence should be excluded as irrelevant. Fed. R. Evid. 401-402. Furthermore, that statement was clearly made in the context of mediation. Permitting evidence that Plaintiff's termination was a condition of a settlement agreement will likely confuse and mislead the jury to believe that her termination (or that attempting to terminate her) is an issue in this case. Fed. R. Evid. 403. In fact, it is not. Plaintiff is still an employee of Language Line.

[11] Plaintiff has reported her claims to the Labor Department (Docket 222, ¶¶ 80, 108-109), the Monterey County District Attorney (Docket 222, ¶ 12, 111), the Internal Revenue Service (Docket 222, ¶ 61, 146), Homeland Security (Docket 222, ¶ 98), and US Representative Mike Honda (Docket 222, ¶ 110). Evidence regarding these complaints is irrelevant because the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claim. Additionally, admission of this evidence is unduly prejudicial and will waste time by requiring Language Line to rebut these allegations. Fed. R. Evid. 403.

[12] Docket 212-1 (Exhibit 2).

[13] Docket 218-29 through Docket 218-34 (Exhibit BB).

1  Plaintiff is owed holiday pay, floating holiday pay, night differential pay, annual raises, vacation
2  pay, pay for being scheduled less than 40 hours a week, pay for 4 excused days, and 401k
3  contributions.[14]

4      Alternatively, the evidence described above, regarding claims dismissed or time limited as
5  a result of Language Line's motion for summary judgement should be excluded under Federal
6  Rule of Evidence 403.  Any probative value of the above referenced evidence is substantially
7  outweighed by the danger that the jury will be misled and confused as to whether damages and
8  conduct outside the applicable statute of limitations can be the basis of liability.  The admission of
9  such evidence would constitute a waste of time since the Court has already decided these issues.
10 Furthermore, Language Line would be unduly prejudiced by being forced to take time during the
11 short two-day trial to explain and rebut the evidence which the Court has already determined is
12 not legally sufficient to establish liability.

13     Language Line requests that the Court also exclude any reference to the fact that the
14 parties brought motions for summary judgment prior to trial or the Court's rulings on those
15 motions.  Such references are inappropriate because there is substantial danger that the jury would
16 be improperly swayed by the Court's ruling in determining the merits of the remaining claims.

17     For the above reasons, Language Line respectfully requests that the Court grant its motion
18 in limine any evidence or reference regarding claims or issues dismissed pursuant to the Court's
19 rulings on the summary judgment motions, including the evidence cited herein, as well as any
20 reference to the fact that the parties brought motions for summary judgment prior to trial.

21 DATED: June 16, 2016                           JACKSON LEWIS P.C.

22                                                     By:   */s/ Sander van der Heide*
23                                                          Joel P. Kelly
                                                         Sander van der Heide
24                                                     Attorneys for Defendants
25                                                   LANGUAGE LINE, LLC
                                                   and LANGUAGE LINE SERVICES, INC.
26

---

27 [14] All these claims of unpaid wages are based on the alleged "contract" for which Language
28 Line's motion for summary judgement has been granted.  Docket 221 (14:25-19:16, 20:14-27, 22:12-24:25).

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On June 16, 2016 I served the within:

**DEFENDANTS' MOTION IN LIMINE NO. 4
TO EXCLUDE EVIDENCE OF CLAIMS RESOLVED
THROUGH MOTION FOR SUMMARY JUDGMENT**

on Plaintiff in said cause by **- OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Federal Express or delivering to an authorized courier or driver authorized by Federal Express to receive documents, addressed as set forth below:

NATHALIE THUY VAN
1037 N ABBOTT AVE
MILPITAS CALIFORNIA  95035

Telephone:  (408) 262-3163

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 16, 2016, at Sacramento, California.

_/s/ Kelly Asano_

4

Case No.: 5:14-CV-03791-LHK
Defendants' Motion In Limine No. 4 To Exclude Evidence of Claims
Resolved Through Motion for Summary Judgment