NATHALIE THUY VAN
1037 N Abbott Ave
Milpitas, California 95035
Telephone: (408) 262-3163
Facsimile: (408) 262-3163
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NATHALIE THUY VAN,

    Plaintiff,

vs.

LANGUAGE LINE, LLC.; LANGUAGE LINE SERVICES, INC.; and DOES 10-20;

    Defendants.

Case No. 14-CV-03791-LHK

**PLAINTIFF NATHALIE THUY VAN'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF CLAIMS RESOLVED THROUGH MOTION FOR SUMMARY JUDGMENT**

Date:    June 30, 2016
Time:    1:30 p.m.
Dept.:    8 – 4th Floor
Judge:    Hon. Lucy H. Koh

(Filed concurrently with Declaration of Nathalie Thuy Van In Support of Plaintiff's Opposition; Proposed Order)

Complaint Filed:    August 21, 2014
Amended Complaint Filed:    April 22, 2015
Trial Date:    July 25, 2016

    Pursuant to the Standing Order for Jury Trials Before District Judge Lucy H. Koh., Plaintiff Nathalie Thuy Van hereby submits her opposition to Defendants' Motion *In Limine* No. 4

**A. Defendants violated CLR 7.2 (c) and CLR 7.2 (d).** ("Proposed Order, unless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order" and "Affidavits or Declarations. Each motion must be accompanied by affidavit or declarations). Plaintiff did not receive any declaration or proposed order for Defendants' Motion *In Limine* No.4.

    Defendants' Motion *In Limine* No. 4 should be denied.

**B. Defendants violated the Order of the Court** which only allowed three motions *In Limine* and three pages in each motion. Defendants filed a total of four motions *In Limine*.

    Defendants' Motion *In Limine* No. 4 should be denied.

1

**C. Language Line, LLC. failed to present any supporting materials** to let the Court know what defendant is seeking to exclude. Defendants did not present the supporting materials to permit a response from Plaintiff. Defendants' lack of specificity and forthrightness enhance the non-eligibility and non-credibility of Defendants' Motion *In Limine* No. 4. Defendants' Motion *In Limine* is vague, overbroad, and without merit. Plaintiff did not receive any supported materials for the documents Defendants seek to exclude as stated in Defendants' Motion *In Limine* No. 4. Defendant' Motion *In Limine* No. 4 should be denied.

See also *Quinn v. Fresno Cnty. Sheriff*, 2012 WL 2995477, at *2 (E.D.Cal.July 23, 2012);

See *Alexander v. Wal-Mart Stores, Inc.*, No. 2:11-cx-752 JCM (PAL), 2013 WL427132, at *8(D.Nev.Feb.1, 2013) (denying defendant's motion *In limine* where defendant did not provide the court with a copy of the medical records it seeks to exclude because the court "does not even know what defendant is seeking to exclude."

Language Line, LLC. invited the Court to clear error. Language Line, LLC. invited the Court to dismiss all evidences in the case. First, Defendants filed its motion for summary judgment, Defendants won some of Plaintiff's claims, but Defendants now don't even want any reference to the fact that Defendants have won some of those claims.

The evidence related to Frank Perry calling Van "cuckoo;" Van was forced and threatened to sign at will agreement; department code was changed in Van's employee profile; Van's performance evaluation rating was changed from Exceeding Expectations to Meets Expectations; Van was offered a temporary video interpreter job, all evidence regarding the settlement/ mediation; Van's complaints to various governmental agencies, AT&T offer letter and related documents; the 1999 Asset Purchase Agreement are all relevant to the reason why Van filed the lawsuit against Language Line, LLC. All evidence regarding the settlement/mediation was the evidence of the case. The evidence was presented to the mediator to help the mediator in the mediation matter. However, it does not mean that the evidence cannot be used for trial after an

unsuccessful mediation. In fact, the evidence presented in Van's motion for summary judgment were some of the evidence Van had presented for mediation.

The Court granted Van as to liability against Language Line, LLC. under the UCL with regards to 136 demonstrated violations. Van has disclosed to Defendants her intention of seeking liability against Language Line, LLC. as granted by the Court. The Court also granted Van liquidated damages against Language Line, LLC. under FLSA with regards to her unpaid overtime. Van has disclosed to Defendants her intention of seeking liquidated damages against Language Line, LLC. as granted by the Court. The liquidated damages include Van's home foreclosure and personal debts. Plaintiff never agreed to Defendants that there will be no home foreclosure or credit cards claims. Plaintiff believes Van's former attorney advise Defense Counsel Kelly that she will not ask, on the day of Van's deposition, about Van's credit cards. After Van's former counsel withdrew from the case, on 8/20/2015 in Van's Sixth Initial Disclosures and computation of damages, Plaintiff continued to disclose her home foreclosure and credit cards debts. On August 20, 2015, Van served the Sixth Initial Disclosures. From August 2015 to December 9, 2015, Defendants had over one hundred days instead of just one day at Van's deposition, to question about Van's debts. The last Initial Disclosures was Plaintiff's Tenth Initial Disclosures and Computation of Damages.

This is an unpaid wages case of Nathalie Thuy Van, a little people and interpreter employee who lives from paycheck to paycheck, from whom Language Line, LLC., an eight thousand employee giant global company, intentionally steal her wages. Language Line, LLC should pay liquidated damages for its blatant stealing wages from Van.

Accordingly, Defendants' motion *In Limine* No. 4 is vague, overbroad, and without merit and should be denied. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *In Limine* No. 4.

Dated: June 20, 2016                Respectfully Submitted,

_____
Nathalie Thuy Van

3

## PROOF OF SERVICE
## VAN v. LANGUAGE LINE SERVICES, INC. et al.
United States District Court Case No. C 14-03791 LHK

I am a citizen of the United States. I am over the age of 18 years and not a party to the within cause. My address is 1037 N. Abbott Ave. Milpitas, California 95035.

On the date below, I served the foregoing document (s) described as:

**PLAINTIFF NATHALIE THUY VAN'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF CLAIMS RESOLVED THROUGH MOTION FOR SUMMARY JUDGMENT**

on the interested parties in said action addressed as follows:

JACKSON LEWIS P.C.
JOEL P. KELLY
725 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017

(X) (By Mail)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 20th of June 2016, at Milpitas, California.

_____
Albert Nguyen-Phuoc

4