UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LANGUAGE LINE SERVICES, INC. and LANGUAGE LINE, LLC,<br><br>    Defendants. | Case No. 14-CV-03791-LHK<br><br>**ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4**<br><br>Re: Dkt. Nos. 255, 256, 257, 258 |

Plaintiff Nathalie Thuy Van ("Plaintiff") filed suit against her alleged employers Defendants Language Line Services, Inc. and Language Line, LLC (collectively, "Defendants"). A jury trial is scheduled to begin July 25, 2016, at 9:00 a.m. In the interest of expeditiously providing the parties with rulings that may assist their trial preparation, this Order addresses Defendants' motions in limine nos. 1, 2 (as to the *Campagna* case and Department of Labor audit)[1], 3, and 4. ECF Nos. 255–58. Other trial management issues will be addressed at the pretrial conference. In ruling on these motions in limine, the Court considered the submissions of the parties, the record in this case, and the relevant law, and balanced the factors set forth in

---

[1] The Court will address the admissibility of Plaintiff's Superior Court action at the pretrial conference.

1
Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

Federal Rule of Evidence 403.

## I. LEGAL STANDARD

"Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, *1 (D. Mont. Oct. 26, 2010). Under Federal Rule of Evidence 402, only relevant evidence is admissible. Fed. R. Evid. 402. Conversely, "[i]rrelevant evidence is not admissible." *Id.* Relevant evidence means evidence having "any tendency" to make the existence of any "fact [that] is of consequence" to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to [sic] trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1168 (D. Nev. 2014). A district court's evidentiary rulings, including its rulings on motions in limine, are "reviewed for an abuse of discretion and should not be reversed absent some prejudice." *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997).

## II. DISCUSSION

### A. Plaintiff's Procedural Objections to Defendants' Motions in Limine

Plaintiff argues that all of Defendants' motions in limine should be denied because (1) the Court limited the parties to three motions in limine each and Defendants submitted four; and (2) Defendants did not submit a proposed order or supporting declaration for each motion in limine in violation of the Court's Civil Local Rules. *See* ECF Nos. 260, 262, 265, 268.

The Court disagrees. The Court's order of May 10, 2016 provided that "[e]ach side may file up to four motions in limine." ECF No. 243. Thus, Defendants properly filed four motions in

2

limine in accordance with the Court's May 10, 2016 order.

In addition, the Civil Local Rules did not require Defendants to submit either a proposed order or a declaration with each motion in limine. Civil Local Rule 7-2(c) provides that "[u]nless excused by the Judge . . . each motion must be accompanied by a proposed order." Neither the Court's May 10, 2016 order nor the Court's standing order on jury trials requires that a proposed order be submitted with a motion in limine. Moreover, Civil Local Rules 7-2(d) and 7-5 only require the submission of supporting declarations when necessary to support factual contentions in the motions. Defendants do not make factual contentions in their motions in limine and thus submission of supporting declarations was not required by the Civil Local Rules.

Consequently, the Court rejects Plaintiff's arguments that Defendants' motions in limine are procedurally improper. The Court thus addresses the merits of Defendants' motions in limine.

**B. Defendants' Motion in Limine No. 1: Exclusion of Evidence Regarding Customer Information**

Defendants' motion in limine no. 1 seeks to exclude any evidence at trial regarding "Customer Information," which Defendants define as (1) the identities of Defendants' customers; (2) rates billed to clients ("billing rates"); (3) the lengths of calls billed to clients ("billed time"); (4) the amounts billed to clients ("billed amounts"); and (5) information that would disclose a patient or the subject matter of a call. ECF No. 255. Specifically, Defendants ask the Court to exclude certain customer billing invoices and to redact Customer Information from any document or exhibit used at trial. Defendants argue that this information is both confidential and irrelevant to Plaintiff's claims. Effectively, Defendants seek to seal information in Plaintiff's proposed trial exhibits.

The Court acknowledges that some of the Customer Information is sealable. Trial exhibits may be sealed when there are "compelling reasons." *See In re Elec. Arts, Inc.*, 298 F. App'x 566, 569 (9th Cir. 2008) (applying "compelling reasons" standard to trial exhibits); *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016) (holding that "compelling reasons" applies when the documents sought to be sealed are "more than tangentially related to the underlying

3

Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

cause of action"). Compelling reasons exist when the information sought to be sealed releases trade secrets or may be used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts*, 298 F. App'x at 569–70; Fed. R. Civ. P. 26(c)(1)(G). In addition, compelling reasons exist to protect confidential financial and medical records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Hendon v. Baroya*, 2012 WL 6087535, at *1 (E.D. Cal. Dec. 6, 2012) (sealing medical information protected from disclosure by the Health Insurance Protability and Accountability Act of 1996).

In the instant case, the identities of Defendants' clients, billing rates, billing amounts, and the subject matter of calls may be confidential commercial information, the publication of which may harm Defendants' competitive standing. In addition, Defendants assert that the subject matter of certain calls involve confidential third party financial and medical information, including a medical patient's personal identifying information and medical diagnosis and treatment information. *See* ECF No. 255 at 1. This type of information is sealable.

In addition, the Court finds that this information has minimal probative value to Plaintiff. Plaintiff asserts that the amount Defendants bill to clients is relevant because "the billing rates and evidence reveal the big profit that Defendants make when Defendants did not pay Plaintiff for the time she provides interpreting services to Defendants' customers while Defendants charge its customers to the minutes of the call for which Plaintiff provides interpreting services." ECF No. 260 at 2–3. However, Defendants' profits do not shed light on Plaintiff's claims that will be tried to the jury, that is, whether Defendants failed to compensate Plaintiff for overtime, forced Plaintiff to skip meal and rest periods, or provided Plaintiff with inaccurate wage statements. Thus, Plaintiff offers no connection between the billing rates—or the other Customer Information—and the merits of Plaintiff's claims. Accordingly, the Court also would exclude the identities of Defendants' clients, billing rates, billing amounts, and the subject matter of calls as irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 402, and 403.

However, the Court notes that Defendants did not move to seal the duration of calls billed to Defendants' customers, also known as billed time, in connection with a motion for sanctions

4

filed by Plaintiff on July 27, 2015.  *See* ECF No. 72 (Plaintiff's Motion for Sanctions); ECF No. 117 (Defendants' Motion to Seal); ECF No. 120-1 (Defendants' Proposed Redactions). Documents showing billed time were then publicly filed.  ECF No. 132.  Because Defendants did not seek to seal billed time earlier in the litigation, the Court concludes that this information is not confidential and not sealable.

In sum, Plaintiff need not redact billed time, but Plaintiff must redact the identities of Defendants' clients, billing rates, billing amounts, and the subject matter of calls from Plaintiff's trial exhibits.  Accordingly, the Court GRANTS Defendants' motion in limine no. 1 except for billed time.

**C. Defendants' Motion in Limine No. 2: Exclude Reference to Prior Cases**

Defendants' motion in limine no. 2 seeks to exclude reference to three prior cases: (1) *Campagna v. Language Line Services, Inc.*, a class action involving claims of failure to reimburse business expenses; (2) an audit of Defendants performed by the Department of Labor ("DOL") regarding failure to pay the prevailing wage rate and certain levels of health and welfare benefits; and (3) Plaintiff's Santa Clara County Superior Court case, which was based on the same allegations as the instant case.  ECF No. 256.  Defendants contend that all three prior matters are irrelevant under Federal Rules of Evidence 401 and 402, unfairly prejudicial under Federal Rule of Evidence 403, and improper "bad acts" evidence under Federal Rule of Evidence 404.

**1.  *Campagna* Case and DOL Audit**

The Court agrees that *Campagna* and the DOL audit are irrelevant.  *See* Fed. R. Evid. 401–402.  Neither involved the claims in the instant case that will be tried to the jury, i.e., Defendants' failure to pay overtime wages, provide meal and rest periods, or provide accurate wage statements. Plaintiff asserts that *Campagna* is relevant because Plaintiff opted out of the class action settlement in that case, *see* ECF No. 262, but Defendants do not contend that the *Campagna* settlement bars Plaintiff's claims.

In addition, Plaintiff's introduction of evidence of *Campagna* and the DOL audit is likely to lead to "mini-trials" about the propriety of the underlying conduct in *Campagna*, the meaning

of the settlement agreement in *Campagna*, and the propriety of the conduct investigated in the DOL audit.  *See United States v. Jones*, 123 F. App'x 773, 775 (9th Cir. 2005) (noting the potential "danger of confusing the issues and wasting time with mini-trials regarding the events underlying" different events than those alleged in the case).  These "mini-trials" pose the risk of unfair prejudice, are likely to confuse the issues, mislead the jury, and waste time.  *See* Fed. R. Evid. 403.  The Court finds that any minimal probative value of *Campagna* or the DOL audit is substantially outweighed by these risks.  Accordingly, the Court GRANTS Defendants' motion to preclude reference to *Campagna* and the DOL audit.

### 2. Superior Court Case

The Court will address the admissibility of Plaintiff's Superior Court case at the pretrial conference.

**D. Defendants' Motion in Limine No. 3: Exclude Reference to Discovery Disputes and Accusations of Unethical Behavior**

Defendants' motion in limine no. 3 seeks to exclude any evidence regarding discovery disputes, discovery negotiations, claims of privilege, use of the term "forged" with respect to the documents produced in discovery, and alleged unethical behavior by counsel for Defendants.  ECF No. 257.  Defendants argue that all of this evidence should be excluded under Federal Rules of Evidence 401, 402, and 403 as irrelevant to Plaintiff's claims, unfairly prejudicial, a waste of time, and likely to confuse the jury.

The Court agrees that this evidence is irrelevant to Plaintiff's claims at trial.  *See* Fed. R. Evid. 401–02; *Mformation Techs., Inc. v. Research in Motion Ltd.*, 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) (excluding "all evidence of prior pretrial discovery disputes" as irrelevant).  Discovery in this case was contentious and involved multiple orders of the Court regarding protective orders, the discovery schedule, and the production of evidence.  *See* ECF Nos. 159, 160, 163, 167, 168, 188, 193, 203, 208.  Plaintiff argues that certain discovery actions of Defendants and Defendants' counsel reflect an abuse of the judicial process and that Plaintiff plans to report Defendants' counsel to the California state bar.  *See* ECF No. 265.  However, the disputes

identified by Plaintiff do not bear on the merits of Plaintiff's claims for unpaid overtime compensation, meal and rest period violations, and inaccurate wage statements.  Thus, the disputes are not relevant.  *See* Fed. R. Evid. 401 (noting that evidence is relevant if "it has any tendency to make a fact," which "is of consequence in determining the action," either "more or less probable").

Moreover, Plaintiff fails to show the relevance of the allegedly "forged" pay statements and work schedules produced by Defendants in discovery.  At summary judgment, Plaintiff provided both the "forged" copies of Plaintiff's pay statements and work schedules as well as copies that Plaintiff asserted were accurate.  *See* ECF No. 212.  However, Plaintiff identified no discrepancies between the "forged" and "accurate" copies of the documents that were relevant to Plaintiff's claims.  At summary judgment, the Court independently reviewed these documents and identified no discrepancies relevant to the merits of Plaintiff's claims.  *See* ECF No. 244 at 18 n.3, 2 n.4.  In opposition to Defendants' motion in limine, Plaintiff reiterates that the documents are "forged" but points only to an error in listing Plaintiff's year-to-date gross pay.  ECF No. 265 at 3.  Plaintiff points to no error in the number of hours, the pay per hour, or the total pay per pay period listed in the pay statements.  Plaintiff fails to explain how year-to-date gross pay impacts the merits of any of Plaintiff's claims, and thus how the "forged" pay statements and work schedules are relevant to the merits of Plaintiff's claims.

Furthermore, the Court concludes that evidence regarding discovery disputes, discovery negotiations, claims of privilege, use of the term "forged" with respect to the documents produced in discovery, and alleged unethical behavior by counsel for Defendants must be excluded under Federal Rule of Evidence 403.  The risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time substantially outweighs any minimal to non-existent probative value of this evidence.  The risk of unfair prejudice is particularly high here because this Court has already denied two meritless motions for sanctions filed by Plaintiff against Defendants.  ECF Nos. 59, 106.  The Court specifically noted that the Court "do[es] not find any evidence that the Defendant has perpetrated any fraud upon this Court and do[es] not find any evidence that the Defendant has

7

Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

otherwise acted improperly." ECF No. 125 (transcript of hearing). Thus, in addition to lacking probative value, the Court is not convinced that Plaintiff's allegations of unethical conduct have any merit. For the foregoing reasons, the Court GRANTS Defendants' motion in limine to exclude evidence of discovery disputes, discovery negotiations, claims of privilege, use of the term "forged" with respect to the documents produced in discovery, and alleged unethical behavior by counsel for Defendants. *See* Fed. R. Evid. 401–403.

### E. Defendants' Motion in Limine No. 4: Exclude Evidence of Claims Resolved at Summary Judgment

Defendants' motion in limine no. 4 requests exclusion of four categories of evidence. First, Defendants seek to exclude evidence regarding claims dismissed pursuant to the Court's rulings at summary judgment. ECF No. 258. Second, Defendants' motion seeks to exclude any evidence of damages outside of the applicable statutes of limitations, including: (1) Plaintiff's alleged damages regarding unpaid wages, overtime, meal, and rest periods prior to August 21, 2010, which is the furthest back any statute of limitations reaches on Plaintiff's claims; (2) Plaintiff's home foreclosure, which occurred in 2008; (3) Plaintiff's negative credit rating and credit card debt; and (4) Plaintiff's requests for payroll and time records. Third, Defendants ask for exclusion of any evidence regarding the settlement/mediation sessions in this case. Fourth, Defendants ask to exclude evidence of the parties' filing of motions for summary judgment and exclude the Court's rulings on these motions.

As to the first category of evidence, the Court agrees with Defendants that evidence of claims resolved at summary judgment in Defendants' favor is irrelevant. At summary judgment, the Court granted summary judgment in Defendants' favor on four claims: (1) breach of contract; (2) intentional infliction of emotional distress; (3) retaliation; and (4) failure to permit timely inspection of wage statements. ECF No. 244. Evidence offered only in support of one of these four claims is irrelevant to the merits of Plaintiff's remaining claims. *See Brown v. Kavanaugh*, 2013 WL 1819796, at *2 (E.D. Cal. Apr. 30, 2013) ("Matters pled and dismissed in this case are not relevant to Plaintiff's remaining claims.").

8
Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

For example, at summary judgment Plaintiff offered evidence that Frank Perry ("Perry"), Defendants' Vice President of Human Resources, described Plaintiff as a "cuckoo" to a process server when served with a complaint in Plaintiff's state court case. Plaintiff offered this evidence only in support of Plaintiff's retaliation and intentional infliction of emotional distress claims. ECF No. 211 at 12, 14; ECF No. 221 at 11, 13; ECF No. 227 at 6–7. In opposition to Defendants' motion in limine, Plaintiff does not explain how this evidence impacts the merits of Plaintiff's overtime, meal and rest period, or wage statement claims, and the Court can not see how Perry's comment is relevant to the claims that Plaintiff will assert at trial. *See* Fed. R. Evid. 401 (noting evidence is relevant only if it has a tendency to impact a fact that is "of consequence in determining the action."). Further, because Perry's comment occurred in the context of Plaintiff's Superior Court case, evidence of Perry's comment will necessitate discussion of Plaintiff's Superior Court case and thus confuse the issues and waste time. *See* Fed. R. Evid. 403. Accordingly, Perry's comment is excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

Similarly, the Court excludes the following: the unexplained change in Plaintiff's department code; the change in the reporting of Plaintiff's performance evaluation; the 1997 AT&T offer letter; the 1999 Asset Purchase Agreement; Plaintiff's requests to inspect Plaintiff's time records and Defendants' response; and evidence regarding Plaintiff's assertions that, pursuant to Plaintiff's employment contract with Defendants, Plaintiff is owed holiday pay, floating holiday pay, night differential pay, annual raises, vacation pay, pay for being scheduled less than 40 hours a week, pay for 4 excused days, and 401k contributions. This evidence has been offered solely with respect to claims that were resolved at summary judgment, and are not relevant to the claims that Plaintiff will present at trial. In addition, introduction of this evidence will be unfairly prejudicial, confuse the issues, and mislead the jury regarding the validity of claims not presented at trial. Thus, the Court GRANTS Defendants' motion in limine to the extent that the motion seeks to exclude evidence related solely to Plaintiff's claims for breach of contract, intentional infliction of emotional distress, retaliation, and failure to permit inspection of records. *See* Fed. R.

Evid. 401–403.

As to the second category of evidence, the Court agrees that Plaintiff may not seek damages incurred prior to the statute of limitations period. Such damages are barred by the statutes of limitations, as discussed in the Court's summary judgment order. *See* ECF No. 244. Plaintiff counters that both the foreclosure on Plaintiff's home and Plaintiff's credit card debt may be recovered as liquidated damages under the FLSA. ECF No. 268. Plaintiff offers no other basis for the recovery of these damages. However, "successful FLSA plaintiffs are entitled to liquidated damages in the amount of the unpaid overtime compensation (i.e. double damages)." *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014); *see also* 29 U.S.C. § 216(b). In other words, liquidated damages are an amount equal to unpaid wages, not any damages that are foreseeable from the alleged misconduct. Accordingly, Plaintiff may not seek to recover damages for Plaintiff's home foreclosure or Plaintiff's credit card debt as liquidated damages under the FLSA. The Court GRANTS Defendants' motion in limine to the extent that it precludes Plaintiff from seeking damages outside the applicable limitations periods, and precludes Plaintiff from recovering damages for Plaintiff's home foreclosure and credit card debt.

That said, the Court does not find that all evidence of Defendants' behavior prior to the statute of limitations is irrelevant. For example, evidence that Defendants failed to pay Plaintiff overtime worked before the statute of limitations may be relevant to show that Defendants knew or should have known that Plaintiff was working uncompensated overtime, or that Defendants' violation of the FLSA was willful. Accordingly, Defendants' motion in limine is DENIED to the extent that the motion seeks to prevent Plaintiff from presenting evidence of all activity occurring before the applicable limitations periods.

Third, Defendants seek to preclude evidence regarding the mediation in this case. Federal Rule of Evidence 408 provides that

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering—or accepting, promising to accept, or

10
Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

>offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
>(2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408. This rule requires exclusion of evidence regarding any discussion of settlement offers or agreements that took place at the mediation. For example, Plaintiff may not introduce evidence from the deposition of Frank Perry, Defendants' Vice President of Human Resources, regarding the specifics of settlement agreements discussed at the mediation. However, the Court notes that Rule 408 does not mean that all evidence presented to the mediator is excluded, as Plaintiff fears. ECF No. 268 at 2–3. For example, at trial Plaintiff may present evidence of Defendants' failure to pay overtime worked, failure to provide meal and rest periods, and failure to provide accurate wage statements, even if Plaintiff presented that evidence to the mediator. Thus, other than evidence of Plaintiff's claims at trial, Defendants' motion in limine to exclude evidence of settlement discussions at the parties' mediation is GRANTED.

Lastly, Defendants seek to exclude "any reference to the fact that the parties brought motions for summary judgment prior to trial or the Court's rulings on those motions." ECF No. 258 at 2. Plaintiff does not specifically oppose this request. *See* ECF No. 268. However, the Court is mindful that the Court granted partial summary judgment to Plaintiff on Plaintiff's claim for meal and rest period violations. Specifically, the Court granted summary judgment to Plaintiff on liability for 136 meal and rest period violations, but concluded that a disputed issue of material fact remained as to damages for the 136 violations. These damages are an issue at trial, and thus there must be some reference to the Court's liability ruling on Plaintiff's meal and rest period claim. However, any other reference to the motions for summary judgment and their rulings is irrelevant to any triable issues. *See* Fed. R. Evid. 401–03. Accordingly, the Court DENIES Defendants' motion in limine to the extent that it seeks to preclude reference to the Court's ruling on Plaintiff's meal and rest period claim. In all other respects, the Court GRANTS Defendants' motion in limine to exclude reference to the fact that the parties brought motions for summary

11

Case No. 14-CV-03791-LHK
ORDER RE DEFENDANTS' MOTIONS IN LIMINE 1, 2 (IN PART), 3, AND 4

judgment and to exclude the Court's rulings on those motions.

## III. CONCLUSION

For the foregoing reasons, the Court rules on Defendants' motions in limine as follows:

- Defendants' motion in limine no. 1 is GRANTED.
- Defendants' motion in limine no. 2 as to the *Campagna* case and Department of Labor audit is GRANTED.
- Defendants' motion in limine no. 3 is GRANTED.
- Defendants' motions in limine no. 4 is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: June 30, 2016

_____
LUCY H. KOH
United States District Judge