UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LANGUAGE LINE, LLC,<br><br>    Defendant. | Case No. 14-CV-03791-LHK<br><br>**ORDER CLARIFYING CLAIMS REMAINING FOR TRIAL** |

After reviewing the parties' filings, and in light of Plaintiff Nathalie Thuy Van's ("Plaintiff") pro se status, the Court provides clarification on certain of the claims remaining in the case. Trial is scheduled to begin the week of July 25, 2016.

**A. Plaintiff's Claim under California Labor Code § 226**

In Plaintiff's motion for summary judgment, Plaintiff presented claims under both California Labor Code § 226(a) and § 226(c). The Court granted summary judgment as to Plaintiff's claim under California Labor Code § 226(c), which provides for timely inspection of records, because that claim is time barred. ECF No. 244 at 34–35. However, the Court denied summary judgment on Plaintiff's claim under California Labor Code § 226(a), which requires employers to provide accurate itemized wage statements. *Id.* at 36. Plaintiff's claim under section

226(a), for accurate itemized wage statements, was not dismissed and Plaintiff may recover for violations of section 226(a) within the one year statute of limitations.

At summary judgment, Plaintiff argued that Defendant violated section 226(a) because Plaintiff's wage statements "did not reflect all of the overtime and hours she worked." ECF No. 211 (Plaintiff's Motion for Summary Judgment), at 11. That is the claim that Plaintiff may present at trial.

Plaintiff did not argue at summary judgment that Defendant violated section 226(a) by forging wage statements and producing these forged wage statements as discovery in the instant case. Nor did Plaintiff present this argument in her complaint, or in her current filings. *See* ECF No. 61 (First Amended Complaint), ¶¶ 26–30. Thus, Plaintiff may not argue that Defendant violated section 226(a) by forging wage statements and producing these forged wage statements in discovery. Moreover, Plaintiff may not argue at trial that Defendant's alleged wage statement forgery during discovery is a violation of section 226(a).

**B. Plaintiff's Claim under California's Unfair Competition Law ("UCL")**

Plaintiff seeks to recover, under the UCL, civil penalties in the amount of $6,000 per violation. However, the section cited by Plaintiff in Plaintiff's objections to the proposed preliminary jury instructions and the Court's pretrial conference order, California Business and Professional Code section 17207, applies to "[a]ny person who intentionally violates any injunction prohibiting unfair competition issued pursuant to Section 17203." No injunction has been issued against Language Line, LLC. In addition, civil penalties are only available to public prosecutors such as the Attorney General. Thus, section 17207 does not apply here, and Plaintiff may not recover civil penalties.

Instead, Plaintiff may recover restitution. As explained in the summary judgment order, this means that Plaintiff may recover unlawfully withheld overtime wages, *see Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177 (2000), and additional hours of pay for missed meal and rest breaks, see *Valenzuela v. Giumarra Vineyars Corp.*, 614 F. Supp. 2d 1089 (E.D. Cal. 2009). Thus, under the UCL, Plaintiff may recover for overtime and meal and rest break

2

Case No. 14-CV-03791-LHK
ORDER CLARIFYING CLAIMS REMAINING FOR TRIAL

violations for the past four years.

At summary judgment, the Court found that Defendant committed 136 meal and rest period violations in the past four years. Thus, at trial Plaintiff does not need to prove that these violations occurred. Rather, the issue at trial regarding these violations is the amount of restitution owed.

**C. Plaintiff's Claim for Meal and Rest Periods**

Plaintiff seeks to withdraw her stipulation that only 136 meal and rest period violations occurred. *See* ECF No. 294 (Plaintiff's stipulation). However, based on the Impact 360 schedules provided at summary judgment, the Court found evidence of 136—not 144—violations. Accordingly, the Court will not change the stipulation to 144 violations. However, the Court has amended the language of the preliminary jury instructions to clarify that the Court has found 136 violations. *See* ECF No. 348 (Proposed Amendment to Preliminary Jury Instruction No. 13).

**IT IS SO ORDERED.**

Dated: July 22, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge