UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>               Plaintiff,<br><br>       v.<br><br>LANGUAGE LINE, LLC,<br><br>               Defendant. | Case No. 14-CV-03791-LHK<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

**IT IS SO ORDERED.**

Dated: July 22, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

1

# 1.  DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

1

2

## 2. CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

      The plaintiff Nathalie Thuy Van asserts that Defendant Language Line, LLC did not pay her for overtime she worked, did not provide her meal and rest breaks, and did not provide her with accurate wage statements.  The plaintiff has the burden of proving these claims.

      The defendant denies these claims.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 3.  CORPORATIONS AND PLAINTIFFS IN PRO PER

All parties are equal before the law and a plaintiff in pro per (a plaintiff without the representation of a professional attorney) and a corporation are entitled to the same fair and conscientious consideration by you as any party.

4

## 4.  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### 5.  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence;

(3) any facts to which the parties have agreed; and

(4) any facts that I may instruct you to accept as proved.

6

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

1

### 6.  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by Mr. Kelly, Mr. Van der Heide, or by Ms. Van when she is not testifying as a witness, are not evidence.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the parties have stated them, your memory of them controls.

(2) Questions and objections by Mr. Kelly, Mr. Van der Heide, or Ms. Van are not evidence.  They have a right to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

United States District Court
Northern District of California

1

**7.  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2

3

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

United States District Court
Northern District of California

1

**8.  RULING ON OBJECTIONS**

2

3
There are rules of evidence that control what can be received into evidence.  When one side asks a
4
question or offers an exhibit into evidence and the other side thinks that it is not permitted by the
rules of evidence, that side may object.  If I overrule the objection, the question may be answered
5
or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit
cannot be received.  Whenever I sustain an objection to a question, you must ignore the question
and must not guess what the answer might have been.

6

7
Sometimes I may order that evidence be stricken from the record and that you disregard or ignore
the evidence.  That means that when you are deciding the case, you must not consider the stricken
8
evidence for any purpose.

9

10

11

12

13

14
United States District Court
Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# 9.  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

>   (1) the opportunity and ability of the witness to see or hear or know the things testified to;
>   (2) the witness's memory;
>   (3) the witness's manner while testifying;
>   (4) the witness's interest in the outcome of the case and any bias or prejudice;
>   (5) whether other evidence contradicted the witness's testimony;
>   (6) the reasonableness of the witness's testimony in light of all the evidence; and
>   (7) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# 10.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 11.  NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will
not have a transcript of the trial testimony.

12

# 12.  TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 13.  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant a request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

## 14.  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and the defendant may cross-examine.  Then the defendant may present evidence, and the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and each side will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Case No.14-CV-03791-LHK
PRELIMINARY JURY INSTRUCTIONS

United States District Court
Northern District of California