UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANGUAGE LINE, LLC,<br><br>　　　　Defendant. | Case No. 14-CV-03791-LHK<br><br>**ORDER DENYING SECOND MOTION FOR DISQUALIFICATION**<br><br>Re: Dkt. No. 364 |

On July 25, 2016, Plaintiff Nathalie Thuy Van filed a motion to disqualify the undersigned judge for "[h]aving or allowing discussions with Defense Counsel for one side in the case; instructing or allowing instructions for Defendant['s] redactions or partial deletions to Plaintiff's Amended Trial Exhibits; Accepting or allowing the acceptance of Defendant['s] redactions or partial deletions to Plaintiff's Amended trial exhibits." ECF No. 364. In essence, Plaintiff believes that the Court has approved, ex parte, certain redactions to Plaintiff's trial exhibits proposed by Defendant Language Line, LLC ("Defendant") on July 25, 2016. As explained below, Plaintiff's motion has no foundation in fact. Accordingly, the Court DENIES Plaintiff's motion for disqualification.

**I. Plaintiff's Motions for Disqualification**

1

Case No. 14-CV-03791-LHK
ORDER DENYING SECOND MOTION FOR DISQUALIFICATION

On July 22, 2016, Plaintiff filed a motion for disqualification of the undersigned judge. ECF No. 354. Plaintiff alleged that the Court was biased in favor of Defendant. Because Plaintiff's allegation of bias is unfounded, the Court denied Plaintiff's motion for disqualification. ECF No. 357. Plaintiff orally moved for reconsideration on July 22, 2016, which the Court denied. ECF No. 356.

On July 25, 2016, Plaintiff filed the instant motion for disqualification. ECF No. 364. Plaintiff again alleges that the Court is biased and now alleges that the Court has had ex parte communications with Defendant about Defendant's proposed redactions to Plaintiff's trial exhibits.

**II. The Instant Motion for Disqualification**

The Court provides a brief background to the events underlying Plaintiff's allegations in the instant motion for disqualification. On June 30, 2016, the Court granted Defendant'ss motion in limine to redact "the identities of [Defendant's] clients, billing rates, billing amounts, and the subject matter of calls from Plaintiff's trial exhibits." ECF No. 293. The Court also granted Defendant's motion in limine to exclude reference at trial to discovery disputes and accusations of unethical behavior, as well as evidence of claims resolved at summary judgment. *Id.* The Court's order was publicly filed and hard copies were given to the parties at the June 30, 2016 pretrial conference. *See id.* At the pretrial conference, with both parties present, the Court granted Defendant's motion in limine to preclude reference to Plaintiff's Santa Clara County Superior Court case. ECF No. 294.

On July 15, 2016, Plaintiff submitted an amended list of trial exhibits, ECF No. 339, and provided hard copies of those exhibits to the Court. Many of Plaintiff's trial exhibits contain redactions, apparently in order to comply with the Court's order on Defendant's motions in limine.

On July 25, 2016, at 10:03 a.m., Defendant filed a "statement regarding additional redactions to Plaintiff's amended trial exhibits." ECF No. 362. Defendant claims that Plaintiff's redactions in Plaintiff's trial exhibits are not fully opaque, and thus Defendant has "re-redacted over these same redactions to ensure that the information could not be read." *Id.* In addition, Defendant argues that Plaintiff's trial exhibits do not fully comply with the Court's orders on Defendant's motions in limine. *Id.* Defendant proposes new trial exhibits with redactions that

Defendant asserts are fully opaque and that bring Plaintiff's trial exhibits into compliance with the Court's orders. *Id.*

On July 25, 2016, at 12:12 p.m., Plaintiff filed the instant motion for disqualification. Plaintiff asserts that Defendant's request for additional redactions to Plaintiff's trial exhibits somehow demonstrates that this Court had prior ex parte communications with Defendant about the redactions. Specifically, Plaintiff accuses the Court of "[h]aving or allowing discussions with Defense Counsel for one side in the case; instructing or allowing instructions for Defendant['s] redactions or partial deletions to Plaintiff's Amended Trial Exhibits; Accepting or allowing the acceptance of Defendant['s] redactions or partial deletions to Plaintiff's Amended trial exhibits." ECF No. 364.

Plaintiff's motion for disqualification lacks merit. This Court has not engaged in any ex parte communications with Defendant. The Court did not pre-approve (and has not approved) Defendant's proposed redactions. Although Plaintiff apparently received copies of the proposed redactions from Defendant following a status conference with the Court on July 22, 2016, the parties' exchange was not on the record, and the Court did not receive copies of the proposed redactions. Indeed, the Courtroom Deputy informed the parties that any documents or motions for the Court's consideration must be publicly filed with the Court. Lastly, the Court holds no bias or prejudice in this case. Plaintiff's motion for disqualification is DENIED.

The Court will address Defendant's request for additional redactions to Plaintiff's trial exhibits in a separate order. Should Plaintiff wish to oppose the redactions proposed by Defendant in ECF No. 362, Plaintiff shall file an opposition of no more than five (5) pages by 2:00 p.m. on July 26, 2016.

**IT IS SO ORDERED.**

Dated: July 25, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 14-CV-03791-LHK
ORDER DENYING SECOND MOTION FOR DISQUALIFICATION