United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

NATHALIE THUY VAN,

        Plaintiff,

        v.

LANGUAGE LINE, LLC,

        Defendant.

Case No. 14-CV-03791-LHK

**PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)**

        Depending on the evidence presented at trial on July 28, 2016, the Court may remove the following from the proposed final jury instructions:

- Evidence for a limited purpose language in Instruction No. 5 What is Not Evidence
- Instruction No. 8 Impeachment Evidence – Witness
- Instruction No. 9 Evidence for Limited Purpose
- Instruction No. 11 Charts and Summaries Not Received in Evidence

In addition, the Court will not give the proposed instruction Deposition in Lieu of Live Testimony. No deposition testimony was offered by Plaintiff Nathalie Thuy Van, and Defendant Language Line, LLC did not designate any deposition testimony.

        The parties shall file any objections to the jury instructions or the verdict form by 9:30 a.m. on July 28, 2016.  The Court will also hold a jury instruction conference at the close of evidence.

**IT IS SO ORDERED.**

Dated: July 27, 2016

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

1

# I.        GENERAL INSTRUCTIONS

## 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 ed.).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 2. CORPORATIONS AND PLAINTIFFS IN PRO PER

All parties are equal before the law and a plaintiff in pro per (a plaintiff without the representation of a professional attorney) and a corporation are entitled to the same fair and conscientious consideration by you as any party.

Source: Plaintiff's proposed instruction.

3

1

**3. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

3

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

4

You should base your decision on all of the evidence, regardless of which party presented it.

5

6

Source: Ninth Circuit Model Civil Jury Instructions – 1.3 (2007 ed.).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

# 4. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence;

(3) any facts to which the parties have agreed; and

(4) any facts that I may instruct you to accept as proved.

Source: Ninth Circuit Model Civil Jury Instructions – 1.6 (2007 ed.), as modified.

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

# 5. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

> (1) Arguments and statements by Mr. Kelly, Mr. Van der Heide, or by Ms. Van when she is not testifying as a witness, are not evidence. What they said in their opening statements, may say in closing arguments, and said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the parties have stated them, your memory of them controls.

> (2) Questions and objections by Mr. Kelly, Mr. Van der Heide, or Ms. Van are not evidence. They have a right to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

> (3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.]

> (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Civil Jury Instructions – 1.7 (2007 ed.), as modified.

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

# 6. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Source: Ninth Circuit Model Civil Jury Instructions – 1.9 (2007 ed.).

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

# 7. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;
> (2) the witness's memory;
> (3) the witness's manner while testifying;
> (4) the witness's interest in the outcome of the case and any bias or prejudice;
> (5) whether other evidence contradicted the witness's testimony;
> (6) the reasonableness of the witness's testimony in light of all the evidence; and
> (7) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Civil Jury Instructions – 1.11 (2007 ed.).

# 8. IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: Ninth Circuit Model Civil Jury Instructions – 2.9 (2007 ed.).

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**9. EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.  The testimony you have just heard may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.

Source: Ninth Circuit Model Civil Jury Instructions – 1.8 (2007 ed.).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 10. USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source: Ninth Circuit Model Civil Jury Instructions – 2.10 (2007 ed.).

**11. CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


Source: Ninth Circuit Model Civil Jury Instructions – 2.14 (2007 ed.).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 12. CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: Ninth Circuit Model Civil Jury Instructions – 2.15 (2007 ed.).

## II.      CAUSES OF ACTION AND DAMAGES

### 13. FAIR LABOR STANDARDS ACT CLAIM

Ms. Van claims that Language Line, LLC owes her overtime pay as required by federal law.  To establish this claim, Ms. Van must prove by a preponderance of the evidence all of the following:

      (1) That Ms. Van performed work for Language Line, LLC;
      (2) That Ms. Van worked overtime hours;
      (3) That Language Line, LLC knew or should have known that Ms. Van worked overtime hours;
      (4) That Ms. Van was not paid or was paid less than the legal overtime compensation rate for some or all of the overtime hours worked; and
      (5) The amount of overtime pay owed.

Overtime hours under federal law are the hours worked longer than 40 hours each week.

Ms. Van's regular rate of pay is $16.05 per hour.  Ms. Van's overtime pay is $24.075 per hour.

Ms. Van may prove overtime violations occurring on or after August 21, 2010.


Source: 29 U.S.C. § 207; *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413 (9th Cir. 1981).

United States District Court
Northern District of California

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## 14. WILLFUL VIOLATION

If you find that Ms. Van has proven the elements of her federal overtime claim, you must determine whether Language Line, LLC's failure to pay overtime was willful.  Language Line, LLC's failure to pay overtime was willful if Ms. Van has proven by a preponderance of the evidence that Language Line, LLC knew that its conduct was prohibited by the federal law regarding overtime pay, or showed reckless disregard for whether its conduct was prohibited by the federal law regarding overtime pay.


Source: *Chao v. A-One Med. Servs.*, 346 F.3d 908, 918–19 (9th Cir. 2003).

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

### 15. CALIFORNIA LABOR CODE OVERTIME CLAIM

Ms. Van claims that Language Line, LLC owes her overtime pay as required by state law.  To establish this claim, Ms. Van must prove all of the following:

      (1) That Ms. Van performed work for Language Line, LLC;
      (2) That Ms. Van worked overtime hours;
      (3) That Language Line, LLC knew or should have known that Ms. Van worked overtime hours;
      (4) That Ms. Van was not paid or was paid less than the legal overtime compensation rate for some or all of the overtime hours worked; and
      (5) The amount of overtime pay owed.

Overtime hours under California law are the hours worked longer than 8 hours each day or 40 hours each week.

Ms. Van's regular rate of pay is $16.05 per hour.  Ms. Van's overtime pay is $24.075 per hour.

Ms. Van may prove overtime violations occurring on or after August 21, 2010.


Source: California Civil Jury Instructions – 2702, as modified to include the statute of limitations.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## 16. DUTY TO MAINTAIN RECORDS

Employers are required to keep payroll records showing the hours worked by and wages paid to employees.

If Language Line, LLC did not keep accurate records of the hours worked by Ms. Van, then Ms. Van may prove the number of overtime hours worked by making a reasonable estimate of those hours.

In determining the amount of overtime hours worked, you may consider Ms. Van's estimate of the number of overtime hours worked and any evidence presented by Language Line, LLC that Ms. Van's estimate is unreasonable.

Source: *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016); California Civil Jury Instructions – 2703.

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

## 17. OVERTIME DAMAGES

2

3 If you find that Language Line, LLC violated the law with respect to overtime pay, then you must determine the amount of any damages.  You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Ms. Van has proven that she is owed any unpaid overtime pay.

4

5 The amount of damages is the difference between the amount Ms. Van should have been paid for overtime worked and the amount she was actually paid.

6

7 Ms. Van is entitled to pursue claims under both state and federal law and you are being asked to determine what, if anything, she is entitled to recover under each.  However, the alleged losses suffered may overlap, and Ms. Van can not recover for the same loss twice.

8

9 Source: 29 U.S.C. § 207; *Pehle v. DuFour*, 2012 WL 5349385, at *2 (E.D. Cal. Oct. 26, 2012); *see also Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1005 (9th Cir. 2008).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 18. MEAL PERIODS

Ms. Van claims that Language Line, LLC at times failed to provide her with 30 minute meal periods as required by law.

To establish this claim, Ms. Van must prove by a preponderance of the evidence that Language Line, LLC failed to provide her with a 30 minute meal period on days where Ms. Van worked at least five hours.

Language Line, LLC "failed to provide" Ms. Van with a meal period if one of the following occurred:

      (1) Language Line, LLC failed to permit Ms. Van a reasonable opportunity to take an uninterrupted 30 minute break for her meal period; or

      (2) Language Line, LLC impeded or discouraged Ms. Van from taking a meal period; or

      (3) Language Line, LLC failed to relieve Ms. Van of all duties during her 30 minute meal period; or

      (4) Language Line, LLC failed to relinquish control over Ms. Van's activities during her 30 minute meal period.

However, Language Line, LLC was not obligated to police meal periods and ensure that no work was performed during the meal period.  Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations.

Ms. Van may prove meal period violations occurring on or after August 21, 2010.

Source: California Labor Code §§ 226.7, 512; Industrial Welfare Commission Wage Order No. 4; *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012).

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 19. REST BREAKS

Ms. Van claims that Language Line, LLC at times did not permit and authorize her to take a 10 minute rest break as required by law.

To establish this claim, Ms. Van must prove by a preponderance of the evidence that Language Line, LLC failed to permit and authorize a 10 minute rest break for shifts from 3.5 to 6 hours in length, and two 10 minute rest breaks for shifts from 6 to 10 hours in length.

Language Line, LLC did not permit and authorize Ms. Van a rest break if one of the following occurred:

> (1) Language Line, LLC failed to permit Ms. Van a reasonable opportunity to take an uninterrupted 10 minute rest break; or
> (2) Language Line, LLC impeded or discouraged Ms. Van from taking a rest break; or
> (3) Language Line, LLC failed to relieve Ms. Van of all duties during her rest break; or
> (4) Language Line, LLC failed to relinquish control over Ms. Van's activities during her rest break.

However, Language Line, LLC was not obligated to police rest breaks and ensure that no work was performed during the rest break.  Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations.

Ms. Van may to prove rest break violations occurring on or after August 21, 2010.

Source: California Labor Code § 226.7; Industrial Welfare Commission Wage Order No. 4; *Faulkinbury v. Boyd & Assocs., Inc.*, 216 Cal. App. 4th (2013)

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

## 20. MEAL AND REST PERIOD DAMAGES

2

Damages are calculated as follows:

3
4
    (1) For each day where Language Line, LLC did not provide Ms. Van with a meal
        period, Ms. Van is entitled to one hour of pay at her regular rate of compensation of
        $16.05 per hour.

5
6
    (2) For each day where Language Line, LLC did not provide Ms. Van with one or
        more rest breaks, Ms. Van is entitled to one hour of pay at her regular rate of
        compensation of $16.05 per hour.

7
    (3) If Language Line, LLC failed to provide Ms. Van with both a meal period and one
        or more rest breaks on the same day, Ms. Van is entitled to two hours of pay at her
        regular rate of compensation of $16.05 per hour.

8
9
The Court has determined that Language Line, LLC did not schedule Ms. Van for meal periods
and rest breaks as required by law, as follows: one day with no scheduled meal period, one day
with no scheduled meal period and missing one rest break, two days missing two rest breaks, and
129 days missing one rest break.  You must determine the amount of any damages for these
violations.

10
11
12
In addition, Ms. Van alleges that there are eight instances where Language Line, LLC scheduled
her for a meal period and/or rest break but did not provide her with the meal period, and/or did not
permit and authorize the rest break.  If you decide that Ms. Van has proven that Language Line,
LLC did not provide these meal periods and/or permit and authorize these rest breaks, you then
must determine the amount of any damages.  You should not conclude from the fact that I am
instructing you on damages that I have any opinion as to whether Ms. Van has proven these
allegations.

13
14
15
16
17
Source: California Labor Code § 226.7; California Industrial Wage Order No. 4, Sections 11 and
12; ECF No. 244.

18
19
20
21
22
23
24
25
26
27
28

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

## 21. WAGE STATEMENTS CLAIM

2   Ms. Van claims that Language Line, LLC did not provide her with accurate itemized wage
    statements as required by law.  Language Line, LLC denies Ms. Van's claims.

3

4   The law requires an employer when it pays employees to provide an accurate itemized wage
    statement showing: (1) gross pay, (2) hours worked, (3) all deductions, (4) net pay, (5) the pay
5   period dates, (6) the name of the employee and the last four digits of her social security number,
    (7) the name and address of the employer, and (8) all applicable hourly rates and the number of
6   hours worked at each hourly rate.

7   To succeed on her claim, Ms. Van must prove by a preponderance of the evidence all of the
    following:
8

9          (1) Language Line, LLC knowingly and intentionally failed to provide Ms. Van
               accurate itemized wage statements;
10         (2) That a reasonable person could not promptly and easily determine from the wage
               statement alone the items required by law to be on the wage statement; and
11         (3) The number of pay periods in which Language Line, LLC failed to provide Ms.
               Van with accurate itemized wage statements.
12

13  A knowing and intentional failure to provide an accurate itemized wage statement does not include
    an isolated and unintentional payroll error due to a clerical or inadvertent mistake.
14

15  Ms. Van may prove wage statement violations occurring on or after August 21, 2013.

16  Source: California Labor Code § 226(a), (e); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th
17  1094, 1119 (2007) (one-year statute of limitations applies to violations of Lab. Code § 226).

18

19

20

21

22

23

24

25

26

27

28

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 22. WAGE STATEMENTS DAMAGES

If you find that Language Line, LLC knowingly and intentionally failed to provide accurate itemized wage statements, then you must determine the amount of any damages.  You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Ms. Van has proven that Language Line, LLC failed to provide accurate wage statements.

Damages are calculated as follows:

> (1) $50 for the first pay period that Language Line, LLC failed to provide Ms. Van an accurate itemized wage statement; and
> (2) $100 for each subsequent pay period that Language Line, LLC failed to provide Ms. Van an accurate itemized wage statement;

The maximum amount you may award Ms. Van if you determine that Language Line, LLC failed to provide accurate itemized wage statements to her is $4,000.

Source: California Labor Code § 226(e)(1).

23

1

## 23. UNFAIR COMPETITION LAW

2

California's Unfair Competition Law prohibits unlawful business practices.  If you find that

3

Language Line, LLC violated the law with respect to overtime pay or that Language Line, LLC
violated the law with respect to meal periods and rest breaks, then Language Line, LLC has also
violated the Unfair Competition Law.

4

5

The damages provided by the Unfair Competition Law can not duplicate the damages available
under other laws.

6

7

Source: Cal. Bus. & Prof. Code §§ 17200, 17205; ECF No. 244; *Cortez v. Purolator Air Filtration*

8

*Prods. Co.*, 23 Cal. 4th 163, 177 (2000) ("We conclude that orders for payment of wages
unlawfully withheld from an employee are also a restitutionary remedy authorized by [the

9

UCL]."); *Lopez v. United Parcel Serv., Inc.*, 2010 WL 728205, at *10 (N.D. Cal. Mar. 1, 2010)
(holding that payments for missed meal and rest periods are recoverable under the UCL);

10

*Valenzuela v. Giumarra Vineyards Corp.*, 614 F. Supp. 2d 1089, 1103 (E.D. Cal. 2009) (same).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

## III.    CLOSING INSTRUCTIONS

### 24. DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Source: Ninth Circuit Model Civil Jury Instructions – 3.1 (2007 ed.).

**25. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Model Civil Jury Instructions – 3.2 (2007 ed. as amended June 2016).

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 26. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source: Ninth Circuit Model Civil Jury Instructions – 3.3 (2007 ed.).

United States District Court
Northern District of California

27

Case No. 14-CV-03791-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

**27. RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Bailiff that you are ready to return to the courtroom

Source: Ninth Circuit Model Civil Jury Instructions – 3.5 (2007 ed.).

United States District Court
Northern District of California

28