UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>  Plaintiff,<br><br>v.<br><br>LANGUAGE LINE, LLC,<br><br>  Defendant. | Case No. 14-CV-03791-LHK<br><br>**ORDER DENYING MOTION TO SEAL**<br>Re: Dkt. No. 273 |

Before the Court is Plaintiff Nathalie Thuy Van's ("Plaintiff") renewed motion to seal an exhibit filed in support of Plaintiff's motion for summary judgment. ECF No. 273. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

1  supported by specific factual findings" that outweigh the general history of access and the public
2  policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79.  Compelling reasons justifying the
3  sealing of court records generally exist "when such 'court files might have become a vehicle for
4  improper purposes,' such as the use of records to gratify private spite, promote public scandal,
5  circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting
6  *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a
7  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,
8  compel the court to seal its records." *Id.*

9  Records attached to motions that are "not related, or only tangentially related, to the merits
10 of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at
11 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court
12 records attached only to non-dispositive motions because those documents are often unrelated, or
13 only tangentially related, to the underlying cause of action." (internal quotation marks omitted)).
14 Parties moving to seal records attached to motions unrelated or only tangentially related to the
15 merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of
16 Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.
17 The "good cause" standard requires a "particularized showing" that "specific prejudice or harm
18 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
19 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm,
20 unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus.,*
21 *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

22 Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
23 documents for, inter alia, the protection of "a trade secret or other confidential research,
24 development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has
25 adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]
26 trade secret may consist of any formula, pattern, device or compilation of information which is
27 used in one's business, and which gives him an opportunity to obtain an advantage over

2

1  competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

2  (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

3  production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

4  business. . . ." *Id.* (ellipses in original).  In addition, the U.S. Supreme Court has recognized that

5  sealing may be justified to prevent judicial documents from being used "as sources of business

6  information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

7        In addition, parties moving to seal documents must comply with the procedures established

8  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

9  that establishes the document is "sealable," or "privileged, protectable as a trade secret or

10 otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be

11 narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-

12 5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

13 order that is narrowly tailored to seal only the sealable material" and that "lists in table format

14 each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

15 the document" that "indicate[s], by highlighting or other clear method, the portions of the

16 document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

17       Here, Plaintiff seeks to seal Exhibit 65 attached to Plaintiff's motion for summary

18 judgment. *See* ECF No. 211 (Plaintiff's Motion for Summary Judgment); ECF No. 217-3 (Exhibit

19 65). As Plaintiff's motion for summary judgment is a dispositive motion related to the merits of

20 Plaintiff's claims, the "compelling reasons" standard applies to Plaintiff's motion to seal. *See*

21 *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679–80 (9th Cir. 2009) (applying "compelling

22 reasons" standard to a motion to seal documents attached to summary judgment motion); *Fujitsu*

23 *Ltd. v. Belkin Int'l, Inc.*, 2012 WL 6019754, at *3 (N.D. Cal. Dec. 3, 2012) (same).

24       With this standard in mind, the Court DENIES Plaintiff's motion to seal. Exhibit 65

25 includes several documents designated as confidential by non-party AT&T Corporation, including

26 a resolution adopted in lieu of a meeting of the board of directors and emails announcing the sale

27 of the business AT&T Language Line. However, AT&T Corporation has not filed a declaration

28

3

Case No. 14-CV-03791-LHK
ORDER DENYING MOTION TO SEAL

United States District Court
Northern District of California

seeking that the documents remain confidential, even though Plaintiff filed a certificate of service indicating that AT&T Corporation received notice of Plaintiff's renewed motion to seal. *See* ECF No. 278. Thus, the Court has no basis to conclude that the information in Exhibit 65 is sealable. In addition, the terms of the actual sale of AT&T Language Line are already public. ECF No. 220-3 to ECF No. 220-7. Accordingly, the Court does not find "compelling reasons" to seal Exhibit 65.

Within fourteen (14) days of the date of this order, Plaintiff shall, consistent with the above ruling, publicly re-file Exhibit 65.

**IT IS SO ORDERED.**

Dated: July 29, 2016

_____
LUCY H. KOH
United States District Judge