1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12    NATHALIE THUY VAN,                    Case No. 14-CV-03791-LHK

13                    Plaintiff,            **ORDER RE POST-TRIAL MOTIONS**

14           v.                             Re: Dkt. No. 419, 420, 421, 422, 440

15    LANGUAGE LINE, LLC,

16                    Defendant.

17

18          Before the Court are four post-trial motions: (1) a motion to intervene filed by Plaintiff

19    Nathalie Thuy Van's ("Plaintiff") former counsel, Robinson & Wood, Inc. ("R&W"), ECF No.

20    419; (2) R&W's motion for attorney's fees and costs, ECF No. 420; (3) Defendant Language Line,

21    LLC's ("Defendant") motion for costs pursuant to Federal Rule of Civil Procedure 68, ECF No.

22    421; and (4) Plaintiff's motion for attorney's fees and costs, ECF No. 422.  Also before the Court

23    is a stipulation regarding attorney's fees filed by R&W and Defendant.  ECF No. 440.  Having

24    considered the parties' briefing, the relevant law, and the record in this case, the Court hereby

25    DENIES R&W's motions to intervene and for attorney's fees and costs, GRANTS Defendant's

26    motion for costs, GRANTS in part and DENIES in part Plaintiff's motion for attorney's fees and

27    costs, and DENIES R&W's and Defendant's stipulation.

28
                                                    1

United States District Court
Northern District of California

I.   **BACKGROUND**

1. **The Instant Litigation Through Trial**

Plaintiff filed the instant action pro se on August 21, 2014 against Language Line Services, Inc. and Language Line Solutions.  ECF No. 1.  On March 24, 2015, R&W substituted as Plaintiff's counsel of record.  ECF No. 50.  R&W represented Plaintiff pursuant to an Attorney-Client Contingent Fee Agreement, under which Plaintiff granted R&W thirty percent (30%) of any recovery that R&W obtains for Plaintiff.  ECF No. 419, Ex. A ("Fee Agreement").  Plaintiff also agreed that, in the event of R&W's discharge or withdrawal, Plaintiff would pay R&W a reasonable fee for the services provided, which would be calculated according to the number of hours worked by the applicable hourly rate for each lawyer.  *Id.* § 4.  Plaintiff also "grant[ed] [R&W] a lien on any and all claims or causes of action that are the subject of [R&W's] representation under this Agreement.  [R&W's] lien will be in the amount of all unpaid costs and/or attorneys fees owed to [R&W] under this Agreement.  The lien will attach to any recovery [Plaintiff] may obtain . . . ."  *Id.* § 12.

On April 22, 2015, Plaintiff (represented by R&W) filed a First Amended Complaint ("FAC") against Language Line Services, Inc. and Language Line, LLC (collectively, "Defendants").  ECF No. 61.  The FAC contained eight causes of action: (1) unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); (2) unpaid overtime in violation of California Labor Code §§ 510, 1194; (3) unpaid meal period wages in violation of California Labor Code §§ 218.5, 218.6, 226.7, 512; (4) failure to provide itemized wage statements in violation of California Labor Code § 226; (5) retaliation in violation of California Labor Code § 1102.5(b) and common law; (6) intentional infliction of emotional distress ("IIED"); (7) breach of contract; and (8) unlawful business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.

Three months after filing the FAC, on July 24, 2015, R&W withdrew as counsel.  ECF No. 69.  Plaintiff again proceeded pro se.  *See id.*

One year later, on June 6, 2016, the Court ruled on the parties' cross motions for summary

2

judgment.  ECF No. 244.  The Court granted summary judgment to Defendants on Plaintiff's claims for retaliation, IIED, and breach of contract.  The Court granted partial summary judgment to Defendants on Plaintiff's remaining claims, which limited Plaintiff's claims to violations arising in the statute of limitations periods.  Lastly, the Court granted partial summary judgment to Plaintiff on liability, but not damages, for Plaintiff's claim for unpaid meal periods and rest breaks.  Thus, five claims survived summary judgment: (1) unpaid overtime in violation of the FLSA, (2) unpaid overtime in violation of the California Labor Code, (3) unpaid meal periods and rest breaks, (4) provision of inaccurate itemized wage statements, and (5) violation of the UCL.

On June 30, 2016, the Court dismissed Defendant Language Line Services, Inc. pursuant to the stipulation of the parties.  ECF No. 294.

A jury trial was held from July 26, 2016 to July 28, 2016.  ECF Nos. 375, 383, 401.  On July 29, 2016, the jury returned a verdict.  ECF No. 403.  The jury concluded that Plaintiff was not properly compensated for 19.5 hours of overtime worked in excess of 40 hours per week from August 21, 2010 to August 20, 2012.  However, the jury found that Plaintiff did not work any uncompensated overtime hours in excess of 40 hours per week from August 21, 2012 to December 9, 2015.  In addition, the jury found that Plaintiff worked an additional 0.5 hours of uncompensated overtime in excess of eight hours per day.  In total, the jury awarded Plaintiff $493.63 in overtime wages.  Accordingly, Plaintiff prevailed on her overtime claim under California Labor Code §§ 510 and 1194.

However, the jury found that Defendant did not willfully violate the FLSA.  ECF No. 403.  Thus, Plaintiff's FLSA claim is governed by a two-year statute of limitations, and Plaintiff could recover only for violations after August 21, 2012.  *See* 29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]").  The jury found that Plaintiff worked no uncompensated overtime after August 20, 2012, and thus found no violations of the FLSA.  ECF No. 403 (noting "0" overtime hours in excess of 40 hours per week worked during the FLSA

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

limitations period).

In addition, Plaintiff prevailed on her claim for unpaid meal periods and rest breaks under California Labor Code §§ 226.7 and 512, on which the jury awarded Plaintiff $2,230.95.  Because Plaintiff prevailed on her California Labor Code overtime and meal period and rest break claims, Plaintiff also prevailed on her claims under the UCL, which were derivative of Plaintiff's California Labor Code claims.  Lastly, the jury found in favor of Defendant on Plaintiff's final claim, for failure to provide accurate itemized wage statements in violation of California Labor Code § 226.

### 2.  The Instant Motions

There are four motions and one stipulation pending.  First, on August 11, 2016, R&W filed a motion to intervene for the limited purpose of seeking attorney's fees and costs.  ECF No. 419 ("R&W Intervene Mot.").  Second, R&W filed a corresponding motion for attorney's fees and costs.  ECF No. 420 ("R&W Fees Mot.").  On August 25, 2016, Defendant filed a statement of non-opposition to R&W's motion to intervene, ECF No. 431, and opposed R&W's motion for attorney's fees, ECF No. 432.  That same day, Plaintiff opposed both of R&W's motions.  ECF No. 434 ("Pl. Fees Opp.").  R&W replied on September 1, 2016.  ECF No. 446 ("R&W Intervene Reply"); ECF No. 447 ("R&W Fees Reply").

Third, Plaintiff filed a motion for attorney's fees and costs on August 11, 2016, based on the attorney's fees and costs claimed by R&W, as well as the costs incurred by Plaintiff.  ECF No. 422 ("Pl. Fees Mot.").  Plaintiff contends that the Court should consider Plaintiff's motion, rather than R&W's motion, because R&W's motion does not include over $20,000 in costs that Plaintiff incurred while representing herself pro se.  Defendant opposed Plaintiff's motion for attorney's fees and costs on August 25, 2016.  ECF No.  433 ("Def. Fees Opp.").  Plaintiff replied on August 31, 2016.  ECF No. 444 ("Pl. Fees Reply").

Fourth, Defendant filed a bill of costs pursuant to Federal Rule of Civil Procedure 68 on August 11, 2016.  ECF No. 421 ("Def. Costs Mot.").  Plaintiff objected to the bill of costs on August 15, 2016.  ECF No. 426 ("Pl. Costs Opp.").  Plaintiff's objections raised legal questions

United States District Court
Northern District of California

about Defendant's entitlement to costs, including whether Defendant properly served the Rule 68 offer of judgment by leaving it at Plaintiff's door.  In light of Plaintiff's objections, the Court determined that the Court, rather than the Clerk, should decide Defendant's bill of costs.  ECF No. 429.  The Court authorized Defendant to file a reply, which Defendant did on August 22, 2016. ECF No. 430 ("Def. Costs Reply").

In addition, on September 8, 2016, the Court ordered supplemental briefing on Defendant's service of the Rule 68 offer of judgment.  Specifically, the Court asked the parties to "identify all instances in which Plaintiff was served with documents by Defendant leaving the documents at Plaintiff's door."  ECF No. 449.  The parties responded on September 12, 2016.  ECF No. 450 ("Pl. Service Brief"); ECF No. 451 ("Def. Service Brief").

Lastly, on August 30, 2016, Defendant and R&W submitted a proposed stipulation for the award of attorney's fees and costs to R&W.  ECF No. 440.  Pursuant to the stipulation, Defendant agreed to pay R&W $19,500 as "full satisfaction of [R&W's] claim for attorney's fees and costs" and R&W agreed "not [to] seek additional amounts from either [Defendant] and/or [Plaintiff], its former client."  In addition, Defendant and R&W stipulated that "[Plaintiff] shall not be obligated to pay any attorneys' fees or costs incurred by [R&W] on her behalf, and accordingly [Defendant] shall not be obligated to pay [Plaintiff] any amount of attorney's fees and costs for work done by [R&W] in representing her, even if *arguendo* the law would otherwise allow her to recover such additional fees and costs."  *Id.*  Although R&W agreed to the proposed stipulation, R&W did not withdraw either its motion to intervene or its motion for attorney's fees and costs.  On August 31, 2016, Plaintiff opposed the stipulation filed by R&W and Defendant.  ECF No. 441.

## II.    LEGAL STANDARD

### A.  Motion to Intervene

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  In

5

determining whether a party may intervene, the Ninth Circuit has identified four factors:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

*United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).  "Although the party seeking to intervene bears the burden of showing those four elements are met, the requirements for intervention are broadly interpreted in favor of intervention."  *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks omitted).

Alternatively, under Federal Rule of Civil Procedure 24(b), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  "[I]n exercising its discretion, the court is to consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'"  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n.10 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)(2)).

### B. Attorney's Fees and Costs

Under Federal Rule of Civil procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party" unless otherwise provided by law.  Fed. R. Civ. P. 54(d)(1).  This rule creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Draper v. Rosario*, — F.3d —, 2016 WL 4651407, at *11 (9th Cir. Sept. 7, 2016).

To recover attorney's fees, a party generally must file a motion that specifies "the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2).  If the movant is entitled to an award of attorney's fees, courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1135–36

6

(2001). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

## III.    DISCUSSION

The Court first addresses Defendant's motion for costs under Federal Rule of Civil Procedure 68. The Court then considers the dueling motions for attorney's fees and costs filed by R&W and Plaintiff, as well as R&W's related motion to intervene.

### A.  Defendant's Rule 68 Costs

Defendant requests costs pursuant to Federal Rule of Civil Procedure 68, which provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). If a Rule 68 offer of judgment is not accepted, and the judgment that the plaintiff finally obtains is not more favorable than the unaccepted offer, "a plaintiff . . . must bear its own and the defendant's post-offer costs." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1026 (9th Cir. 2003); Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). "The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996).

In the instant case, Defendant left a Rule 68 offer of judgment in the amount of $69,696.60 at Plaintiff's door on July 11, 2016, fourteen days before the scheduled start of trial on July 25, 2016. ECF No. 421-1. Plaintiff did not accept the offer, and obtained a jury verdict of only

7

$2,724.58.  ECF No. 403.  Because Plaintiff's recovery is less than $69,696.60, Defendant seeks to recover costs incurred after the Rule 68 offer was made.  In total, Defendant seeks $7,017.52 in post-offer costs.

Plaintiff objects to an award of costs to Defendant on two bases.  First, Plaintiff contends that Plaintiff was not properly served with the Rule 68 offer of judgment.  *See* Pl. Costs Opp. Second, Plaintiff disputes specific costs requested.  The Court addresses these arguments in turn.

### 1. Service

Service of a Rule 68 offer must comply with Federal Rule of Civil Procedure 5(b). *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996).  Rule 5 provides a number of means of service of a paper, including "mailing it to the person's last known address" and "delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery."  Fed. R. Civ. P. 5(b)(2).  However, strict compliance with Rule 5(b) may be excused for "exceptional good cause."  *Magnuson*, 85 F.3d at 1431 (citing *Salley v. Bd. of Governors, Univ. of North Carolina*, 136 F.R.D. 417, 420 (M.D.N.C. 1991)).

The Ninth Circuit adopted the "exceptional good cause standard" from *Salley v. Board of Governors*.  In *Salley*, the plaintiff served discovery requests using a telephonic facsimile transmission (or "fax"), and the defendants objected on the basis that service was improper.  The U.S. District Court for the Middle District of North Carolina held that service by fax did not comply with Rule 5(b) because a fax did not fit within the rule's language (for example, a fax is not "mail").  136 F.R.D. at 419.  However, the court concluded that the defendants still had to respond to the discovery request if the plaintiff demonstrated "exceptional good cause."  The court found that exceptional good cause existed because (1) "defendants had actual notice and receipt of a copy of the discovery requests within the time which they would be required to respond if the discovery had been properly served", and (2) "defendants had permitted plaintiff to serve her discovery requests through fax transmissions on prior occasions without objection."  *Id.* at 429–21.  Accordingly, the court found that defendants "waived their right to insist on compliance with

8

United States District Court
Northern District of California

1    [Rule 5(b)]." *Id.* at 421.

2       In *Magnuson*, the Ninth Circuit endorsed *Salley* and applied the "exceptional good cause"

3 standard to service of a Rule 68 offer of judgment.  85 F.3d 1429–31.  Specifically, the defendant

4 in *Magnuson* served a Rule 68 offer of judgment on the plaintiff by Federal Express and by fax.

5 *Id.* at 1427.  The Ninth Circuit first found that service by Federal Express and fax did not comply

6 with Rule 5(b).  Next, the Ninth Circuit "adopt[ed] the rule of *Salley* and require[d] that a party

7 demonstrate exceptional good cause for failing to comply with Rule 5(b)." *Id.* at 1431.  The Ninth

8 Circuit concluded that no good cause had been shown because the defendant "declined to address

9 [the plaintiff's] argument that the offer was not validly served." *Id.*; *see also S. Cal. Darts Ass'n*

10 *v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014) (endorsing "exceptional good cause" standard set

11 forth in *Magnuson*).

12       In the instant case, Defendant left the Rule 68 offer of judgment at Plaintiff's door on July

13 11, 2016, 14 days before the originally scheduled start of trial on July 25, 2016.[1]  According to

14 Plaintiff, she found the Rule 68 offer "on top of the 36 mail boxes of the 36 condominium

15 residents" on July 22, 2016, three days before the scheduled start of trial.  ECF No. 427, ¶ 15.

16 Plaintiff argues that Defendant's service did not comply with Rule 5(b), and Defendant should

17 have known of "some issues with documents left in front of [Plaintiff's] condominiums."  Pl.

18 Costs Opp. at 3.  Plaintiff argues that the lack of proper service invalidates Defendant's Rule 68

19 offer of judgment.

20       As a preliminary matter, the Court questions Plaintiff's statement that she found the Rule

21 68 offer of judgment in the mail box area on July 22, 2016.  Defendant's process server states

22 under penalty of perjury that the Rule 68 offer was placed in front of Plaintiff's door on July 11,

23 2016, and submitted a contemporaneous certificate of service stating that the Rule 68 offer was

24 "left at door."  ECF No. 430-3.  Moreover, the process server provides a photograph showing the

25 Rule 68 offer in front of Plaintiff's door.  *Id.*  Further, as discussed below, Plaintiff has been

26

27 ---
[1] Due to conflicts with a criminal trial before the undersigned, the trial in the instant case actually
began one day later, on July 26, 2016.  ECF No. 375.

28
Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

served in this manner over 50 times without objection, and, on March 26, 2016, Plaintiff requested that documents be served by leaving them at Plaintiff's door.  Given the photographic and other evidence of service, the Court gives little weight to Plaintiff's declaration regarding the date that she received the Rule 68 offer.

Regardless, actual notice of a document does not determine whether the document was properly served.  *Magnuson*, 85 F.3d at 1431.  Accordingly, the Court considers whether Defendant's Rule 68 offer was properly served.

Leaving documents at a recipient's door does not fall within the methods of service expressly approved in Rule 5(b).  However, similar to the defendants in *Salley*, Plaintiff has frequently been served in this manner throughout the instant case.  Plaintiff concedes that "Defendants have served numerous documents . . . by FedEx leaving documents at Plaintiff's door."  Pl. Service Brief at 1.  Defendant specifically identifies at least 26 instances in which Plaintiff was served in this case by Defendant leaving the documents at Plaintiff's door.  Def. Service Brief; *see also, e.g.*, ECF No. 130 (certificate of service indicating that documents were served by leaving the documents at Plaintiff's front door), ECF No. 177 (same), ECF No. 182 (same), ECF No. 183 (same).  The first document served in this manner was served on October 15, 2014.  Def. Service Brief, Ex. A.  Defendant served six additional briefs or motions in this manner in 2015.  *Id.*  From March 10, 2016 to July 8, 2016, Defendant served another six discovery responses, motions, and documents on Plaintiff by leaving the documents at Plaintiff's door.  *Id.*

Next, on July 11, 2016, Defendant served the Rule 68 offer of judgment.  From July 11, 2016 to August 23, 2016, Defendant served twelve additional documents on Plaintiff by leaving the documents at her door.  *Id.*

This continues the parties' practice from a lawsuit that Plaintiff filed against Language Line Services, Inc. in Santa Clara County Superior Court.  Defendant declares under penalty of perjury that "on at least 29 instances during Plaintiff's state court case, Plaintiff was served by leaving the documents at her door."  Def. Service Brief at 2.  While Language Line Services, Inc. was originally a defendant in the instant case, *see* ECF No. 1, Language Line Services, Inc. was

10

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

1    dismissed from the instant case pursuant to the stipulation of the parties on June 30, 2016, ECF

2    No. 294.  Language Line Services, Inc. and Defendant are represented by the same counsel.

3         Although Plaintiff was served over 50 times in this and related litigation by documents

4    being left at her door, there is no indication that Plaintiff ever objected to such service.  In fact, on

5    March 26, 2016, Plaintiff emailed Defendant and instructed, "Please do not require FEDEX to

6    obtain my signature for receiving the documents you filed in the District Court.  When you serve

7    the documents on me, please instruct FEDEX to leave the documents at the door."  ECF No. 430-

8    2.  The Rule 68 offer of judgment, as well as numerous other documents, were served after this

9    email.

10        To conclude, Plaintiff has frequently been served, without objection, in the exact manner

11   that Defendant served the Rule 68 offer of judgment.  Indeed, on March 26, 2016, Plaintiff

12   specifically instructed Defendant to serve documents on her through this method of service.  In

13   light of Plaintiff's prior conduct, the Court finds that "exceptional good cause" exists to find that

14   Plaintiff was served on July 11, 2016, 14 days before the scheduled start of trial, when the Rule 68

15   offer of judgment was left at Plaintiff's door in accordance with the parties' usual practice.  *See*

16   *Salley*, 136 F.R.D. at 421.  Therefore, the Court will consider Defendant's request for costs

17   pursuant to Rule 68.

18        **2.  Amount of Costs**

19        In Defendant's motion for costs, Defendant initially requested $7,017.52.  *See* Def. Costs

20   Mot.  However, Defendant withdrew certain requests in light of Plaintiff's objections.  Def. Costs

21   Reply.  Thus, Defendant now seeks a total of $5,693.22.  Specifically, Defendant requests

22   $2,834.25 in costs to purchase the transcript of the July 22, 2016 pretrial conference, as well as the

23   July 26, 27, 28, and 29, 2016 trial transcripts.  In addition, Defendant seeks $2,858.97 in costs for

24   exemplification and copying.  Defendant claims that all costs were "necessarily obtained for use in

25   the case."  Plaintiff objects to Defendant's request for both transcript costs and exemplification

26   and copying costs.  The Court addresses Plaintiff's objections respectively.

27        First, Plaintiff argues that Defendant is not entitled to the costs of transcripts.  Pursuant to

28                                                                        11

United States District Court
Northern District of California

28 U.S.C. § 1920, properly taxed costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Further, Civil Local Rule 54-3(b)(1) provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable." Plaintiff contends that the transcripts were not "necessarily obtained for an appeal" because Defendant has not indicated that Defendant will file an appeal. Pl. Costs Opp., at 4.

Plaintiff's argument is unpersuasive given Plaintiff's filing of two appeals in this case, as well as Plaintiff's repeated insistence that she will appeal. For example, on July 5, 2016, Plaintiff filed her first notice of appeal and challenged (1) the Court's order on the parties' cross motions for summary judgment, (2) the Court's orders on Defendant's motions in limine, and (3) Plaintiff's motion for default judgment that Plaintiff filed on July 5, 2016, and on which the Court had not yet ruled. ECF No. 315. Plaintiff's appeal was dismissed by the Ninth Circuit on July 21, 2016 because the orders challenged were not final or appealable. ECF No. 350.

Next, on July 22, 2016, at the final pretrial conference, the Court denied Plaintiff's motion to disqualify the undersigned, in addition to issuing other pretrial rulings. In response, Plaintiff reiterated that she intends to appeal the Court's previous rulings. For example, Plaintiff asserted, "[W]e are wasting time here of the Court, the staff, the parties, everybody, to have this trial when you know that I will appeal because I don't agree with the things that you order." ECF No. 414. Defendant ordered the pretrial conference transcript on July 25, 2016, after Plaintiff's confirmation that she will file an appeal. *See* ECF No. 360 (transcript order).

Further, on July 29, 2016, while the parties and the Court discussed whether to discharge the jury after receiving the jury verdict, Plaintiff stated: "I don't have any comments. Just – I'll file the appeal on Monday." ECF No. 418, at 483. The Court informed Plaintiff that the notice of appeal needed to be filed after the Court entered judgment. Nonetheless, Plaintiff filed a second notice of appeal on August 8, 2016, before entry of judgment. ECF No. 412.

In light of the fact that Plaintiff has already filed two appeals, and repeatedly stated that Plaintiff will appeal, the Court concludes that the transcripts for the pretrial conference and trial were "necessarily obtained for an appeal." Civ. L.R. 54-3(b); *see also Asyst Techs. v. Emtrak Inc.*,

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

1    2009 WL 668727, at *1 (N.D. Cal. Mar. 13, 2009) (finding transcripts were necessarily obtained

2    for appeal when one party had already filed two previous appeals in the case, and the losing party

3    at trial was virtually certain to file an appeal).

4         Defendant's invoice supporting the transcript costs reflects that the July 22, 2016 pretrial

5    conference and the July 26 and 27, 2016 transcripts were ordered at the "daily" rate, while the July

6    28 and 29, 2016 trial transcripts were ordered at the "14-day" rate.  Courts regularly award the

7    cost of daily transcripts when necessarily obtained for use in the case.  *See TransPerfect Global,*

8    *Inc. v. MotionPoint Corp.*, 2014 WL 1364792, at *4 & n.3 (N.D. Cal. Apr. 4, 2014) (denying

9    "costs for trial transcripts delivered hourly, [and] costs for 'real time,'" but awarding cost of daily

10   transcripts); *Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014)

11   (awarding "costs for one copy of reporters' daily trial transcripts, but not for additional copies or

12   expedited transcripts"); *Berndt v. Cal. Dep't of Corr.*, 2016 WL 3548361 at *2–3 (N.D. Cal. June

13   30, 2016) (awarding costs for daily transcripts).  Following *TransPerfect*, *Apple*, and *Berndt*, the

14   Court finds that it is appropriate to award the costs of daily transcripts for the July 22, 26, and 27,

15   2016 court proceedings, which Defendant needed to prepare for the July 26, 27, and 28, 2016 trial

16   and make evidentiary and other objections for appeal.  However, the Courts finds that the July 28

17   and 29, 2016 transcripts, which Defendant ordered at the 14-day rate ($4.25 per page), could have

18   been ordered at the "ordinary" rate ($3.65 per page) and still arrived after trial but before the

19   briefing on any appeal.  Accordingly, the Court awards Defendant a total of $2,720.25 in transcript

20   costs, which consists of $2,026.75 in daily transcript costs for July 26, 27, and 28, 2016, and

21   $693.50 in ordinary transcript costs for July 28 and 29, 2016.

22        Next, Plaintiff raises three objections to Defendant's exemplification and copying costs.

23   First, Plaintiff objects to the costs reflected in Invoice 61962 for color copying, because Plaintiff

24   never received color copies of any of Defendant's exhibits.  Pl. Costs Opp. at 5.  Plaintiff notes the

25   high cost for color copies compared to black and white.  Second, Plaintiff objects to the costs

26   reflected in Invoice 61962 on the grounds that the invoice charges for redactions to Plaintiff's trial

27   exhibits proposed by Defendant but not ruled on by the Court.  Plaintiff contends that "[w]hen

28
     Case No. 14-CV-03791-LHK
     ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1    Defendants [sic] proposed, Defendants [sic] should not have the work done before Defendants

2    [sic] has Plaintiff[s] stipulation." *Id.* In response to Plaintiff's objections, Defendant has

3    withdrawn its request for costs based on Invoice 61962.

4         Third, in Plaintiff's supplemental brief responding to the Court's query about the parties'

5    methods of service, Plaintiff improperly offers new arguments regarding Defendant's request for

6    exemplification and copying costs. *See* Pl. Service Brief at 2. Specifically, Plaintiff represents

7    that "[t]he Court promised to pay McKool Smith Hennigan $15,000 in expenses for representing

8    Plaintiff in this case," and urges the Court to pay Defendant's costs "out of the expenses of the

9    Court." *Id.* As background, on June 6, 2016, the Court appointed McKool Smith Hennigan, P.C.

10   ("MSH") to represent Plaintiff pro bono after referring Plaintiff to the Federal Pro Se Program.

11   ECF No. 246. The appointment and reimbursement of pro bono counsel is governed by General

12   Order 25 of the U.S. District Court for the Northern District of California, which provides that

13   "Pro bono counsel appointed by the Court may seek reimbursement for reasonable costs. The

14   Court may order reimbursement for all out of pocket costs to any appointed attorney accepting

15   clients through the [Pro Bono] Project" up to $15,000. However, ten days after the appointment,

16   on June 16, 2016, the Court granted MSH's motion to withdraw as Plaintiff's counsel, based on

17   MSH's representation that MSH "is unable to ethically take positions in the case required by

18   [Plaintiff]." ECF No. 253 (Plaintiff's motion to allow MSH to withdraw); ECF No. 254 (Court's

19   order granting withdrawal). MSH did not request reimbursement of costs pursuant to General

20   Order 25, and General Order 25 does not provide for payment of costs to a pro se plaintiff.

21   Moreover, General Order 25 authorizes costs only to appointed pro bono counsel; nothing in

22   General Order 25 provides for the Court to pay the costs of opposing counsel.

23        Having reviewed Defendant's remaining exemplification and copying costs, the Court

24   concludes that the requested costs are properly supported and were necessarily incurred for use in

25   the case and in accordance with this Court's standing order on jury trials. *See* Civ. L.R. 54-3(d)(4)

26   ("The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be

27   provided."); *id.* 54-3(d)(5) ("The cost of preparing charts . . . and other visual aids to be used as

28

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."). Accordingly, the Court awards Defendant $2,858.97 in costs for exemplification and copying.

To conclude, the Court GRANTS Defendant's motion for costs. Defendant is entitled to $2,720.25 in transcript costs and $2,858.97 in exemplification and copying costs, for a total of $5,579.22 in costs incurred after Defendant's unaccepted Rule 68 offer of judgment.

**B. Statutory Basis to Award Plaintiff Attorney's Fees**

Next, the Court considers the dueling motions for attorney's fees filed by Plaintiff and R&W, as well as R&W's motion to intervene for purposes of seeking attorney's fees. The motions for attorney's fees both seek the attorney's fees incurred by R&W in representing Plaintiff, although there is some discrepancy in the relief sought. In Plaintiff's motion, Plaintiff contends that she is entitled to $118,110 in attorney's fees under the FLSA, California Labor Code § 218.5, and California Labor Code § 1194 for her overtime claims. *See* Pl. Fees Mot. at 3. In R&W's motion, R&W argues that it is entitled to $113,890 in attorney's fees under the FLSA. *See* R&W Fees Mot. at 16.

The Court first considers a preliminary question common to both motions: whether Plaintiff is entitled to attorney's fees under any of the statutes cited. The Court first considers the FLSA, then California Labor Code § 218.5, and California Labor Code § 1194.

First, attorney's fees under the FLSA are awarded only to plaintiffs who are successful on their FLSA claims. *See* 29 U.S.C. § 216(b) ("The court in [a FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Nev. Highway Patrol Ass'n v. Nevada*, 968 F.2d 1221 (9th Cir. 1992) (stating that attorney's fees under the FLSA awarded to prevailing parties). In the instant case, as discussed above, Plaintiff did not prevail on her FLSA claim. The jury found that Defendant did not act willfully, ECF No. 403; thus, the two-year statute of limitations applied to Plaintiff's FLSA claim. *See* 29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

arising out of a willful violation may be commenced within three years after the cause of action accrued."). Accordingly, Plaintiff could recover for FLSA violations occurring after August 21, 2012, two years before the filing of the original complaint in the instant case.

The jury found that Plaintiff worked 19.5 hours of overtime worked in excess of 40 hours per week from August 21, 2010 to August 20, 2012, and that Plaintiff did not work any uncompensated overtime hours in excess of 40 hours per week from August 21, 2012 to December 9, 2015. ECF No. 403. Accordingly, the jury found no uncompensated overtime recoverable under the FLSA during the limitations period. The Court specifically addressed Defendant's lack of FLSA liability with the parties on July 29, 2016, after the return of the jury verdict. *See* ECF No. 418 (July 29, 2016 Transcript), at 490–91. Because Defendant did not violate the FLSA, Plaintiff can not recover attorney's fees under the FLSA.

As to attorney's fees under the California Labor Code, Plaintiff did prevail on her California Labor Code overtime claim. *See* ECF No. 403 (jury verdict). Plaintiff contends that California Labor Code §§ 218.5 and 1194 provide attorney's fees for this claim. Both section 218.5 and section 1194 provide for an award of reasonable attorney's fees in certain circumstances. Cal. Lab. Code § 218.5 ("In any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); Cal. Lab. Code. § 1194 ("[A]ny employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."). However, sections 218.5 and 1194 are mutually exclusive. Specifically, section 218.5 provides that "[t]his section does not apply to any cause of action for which attorney's fees are recoverable under Section 1194." Cal. Lab. Code. § 218.5(b). Thus, the question becomes whether Plaintiff's overtime time is a "cause of action for which attorney's fees are recoverable under Section 1194."

Section 1194 provides a right of action to "any employee receiving less than . . . the legal overtime compensation applicable to the employee." *Id.* § 1194. "[S]ection 1194 is a one-way

16

fee-shifting statute, authorizing an award of attorney's fees only to employees who prevail on their minimum wage or overtime claims." *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1251 (2012).  In the FAC, Plaintiff asserts her overtime claim under section 1194.[2]  FAC ¶¶ 18–22.  Thus, according to both the FAC and the plain language of section 1194, which applies to claims for uncompensated overtime, Plaintiff's claim for overtime falls under section 1194.  Accordingly, Plaintiff may seek to recover attorney's fees under section 1194.  Because Plaintiff may recover attorney's fees under section 1194, Plaintiff may not recover attorney's fees under section 218.5.

The Court notes that Plaintiff is not entitled to attorney's fees on any other cause of action or under any other statute.  Although Plaintiff prevailed on her meal period and rest break claim under California Labor Code §§ 226.7 and 512, the Court explained at summary judgment that attorney's fees are not available for unpaid meal period and rest break claims.  *See* ECF No. 244 (citing *Kirby*, 53 Cal. 4th at 1255–57).  Moreover, attorney's fees are not recoverable under the UCL.  *Korea Supple Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) ("[A]ttorney fees and damages . . . are not available under the UCL . . . ."); *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999) (stating that under the UCL, "[p]laintiffs may not receive . . . attorney fees").

In sum, Plaintiff's only basis for recovery of attorney's fees is under California Labor Code § 1194, for Plaintiff's state law overtime claim.  Plaintiff is not entitled to attorney's fees under the FLSA or California Labor Code § 218.5, or for any other cause of action.  With this in mind, the Court first addresses the merits of R&W's motions for attorney's fees and costs and to intervene, as well as R&W's stipulation with Defendant to compromise R&W's claim for attorney's fees and costs.  The Court then considers Plaintiff's motion for attorney's fees and costs.

**C. R&W's Motions to Intervene and for Attorney's Fees and Costs, and Stipulation with Defendant**

---

[2] The FAC cites California Labor Code § 510, which provides the substantive overtime provisions that individuals may enforce through section 1194.  *See* FAC 18–22.

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1     The above discussion makes clear that R&W's motion for attorney's fees and costs has no

2   merit.  Specifically, R&W's motion for attorney's fees and costs is based solely on the FLSA.

3   *See, e.g.*, R&W Fees Mot. at 2 ("By prevailing on her FLSA claims, Plaintiff is entitled to an

4   award from [Defendant] of attorneys' fees and costs incurred by her during the course of the

5   litigation."); *id.* at 6–7 (discussing legal standard for awarding fees under the FLSA).  However, as

6   discussed above, Plaintiff did not prevail on her FLSA claim and thus no fees are available under

7   the FLSA.  *See* ECF No. 403 (jury verdict).  Accordingly, R&W's motion for attorney's fees and

8   costs is DENIED.

9     Moreover, R&W seeks to intervene solely for the limited purpose of pursuing its motion

10   for attorney's fees and costs under the FLSA.  *See* R&W Intervene Mot. at 3, 5 (arguing that

11   R&W has a protectable interest in the instant litigation because the FLSA grants attorney's fees to

12   prevailing plaintiffs).  Because R&W's motion for attorney's fees and costs is baseless, the Court

13   need not address whether it is proper for R&W to intervene in order to seek those fees and costs.

14   R&W's motion to intervene is DENIED as moot.

15     Lastly, the Court addresses the proposed stipulation between R&W and Defendant to

16   compromise R&W's claim for attorney's fees and costs.  ECF No. 440.  According to R&W's

17   records and both R&W's and Plaintiff's motions for attorney's fees, Plaintiff owes R&W over

18   $100,000 in attorney's fees, and has granted R&W a lien on Plaintiff's recovery in this case.  *See*

19   Fee Agreement §§ 4, 12; R&W Fees Mot., Ex. B.  The stipulation between Defendant and R&W

20   frees Plaintiff of the obligation to pay any of that sum, in exchange for Defendant's payment of

21   $19,500 to R&W.  ECF No. 440.  Plaintiff opposes the stipulation as prejudicial, on the grounds

22   that the stipulation precludes Plaintiff from seeking over $20,000 in costs that Plaintiff incurred

23   while representing herself.  ECF No. 441, at 5.  Although R&W apparently informed Plaintiff that

24   Plaintiff could still seek costs incurred by Plaintiff before and after R&W's representation, *see*

25   R&W Fees Reply at 1, Plaintiff has not withdrawn her objection to the stipulation.

26     The Court would welcome a stipulation between Plaintiff, R&W, and Defendant resolving

27   the attorney's fees and costs in this case.  However, the Court can not approve a stipulation

28
Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

between only R&W and Defendant that purports to resolve *Plaintiff's* obligations and legal rights over Plaintiff's objection.  The stipulation would essentially moot Plaintiff's motion for attorney's fees under California Labor Code § 1194.  R&W and Defendant cite no authority permitting an attorney, or former attorney, to compromise the client's claim for a statutory attorney's fee without the client's consent.  Indeed, under section 1194, "*any employee* receiving less than the . . . legal overtime compensation . . . is entitled to recover in a civil action . . . reasonable attorney's fees, and costs of suit."  By the plain terms of the statute, Plaintiff, the employee, is the party entitled to ask the Court for the recovery of attorney's fees, and neither R&W nor Defendant offer any authority to the contrary.

Further, the stipulation effectively would alter the Fee Agreement between R&W and Plaintiff because the stipulation releases Plaintiff of her legal obligation to pay R&W pursuant to the terms of the Fee Agreement.  While this may be in Plaintiff's interest, R&W provides no authority that it may modify the Fee Agreement without Plaintiff's consent.  The Fee Agreement itself does not provide for unilateral modification.  To the extent the Fee Agreement addresses modification, the Fee Agreement states that the fees set forth in the Fee Agreement "are not set by law, but are negotiable between Attorney and Client."  *See* Fee Agreement § 5.  Here, R&W has attempted to negotiate the fees owed without Plaintiff, the client, in contravention of the Fee Agreement.  Instead, R&W has attempted to negotiate the fees owed with Defendant, who is not a party to the Fee Agreement.

Because R&W and Defendant offer no legal basis to compromise Plaintiff's claim for attorney's fees without Plaintiff's consent, the Court DENIES the stipulation.

### D.  Plaintiff's Motion for Fees and Costs

As discussed above, Plaintiff seeks attorney's fees under California Labor Code § 1194.  Plaintiff also seeks costs under Federal Rule of Civil Procedure 54(d).  The Court first considers Plaintiff's request for attorney's fees, then costs.

#### 1.  Attorney's Fees

Plaintiff requests $118,110 in attorney's fees based on the work done on her behalf by

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1    R&W.  Pl. Fees Mot. at 3.  Defendant urges the Court to deny the motion in its entirety, or at least

2    impose significant reductions in the fees requested.  Specifically, Defendant contends that Plaintiff

3    (1) failed to meet and confer as required by the Civil Local Rules, (2) lacks adequate

4    documentation to show Plaintiff's request is reasonable, and (3) requests a grossly excessive

5    amount of attorney's fees in light of the minimal success achieved.  The Court addresses

6    Defendant's objections respectively.

7                    **a.  Compliance with the Civil Local Rules**

8            Civil Local Rule 54-5 requires that parties "meet and confer for the purpose of resolving

9    all disputed issues relating to attorney's fees before making a motion for award of attorney's fees."

10   Further, Rule 54-5(b) requires that a motion for attorney's fees be supported by a declaration "that

11   counsel have met and conferred for the purpose of attempting to resolve any disputes . . . or a

12   statement that no conference was held, with certification that the applying attorney made a good

13   faith effort to arrange such a conference, setting forth the reason the conference was not held."

14           In the instant case, Plaintiff does not contest that this requirement applies to her as the

15   party moving for attorney's fees.  Plaintiff contends that she properly met and conferred with

16   Defendant because on July 29, 2016, after receiving the jury verdict, Plaintiff asked the Court,

17   "[H]ow about the attorney's fee?  My former attorney, can I be filing the attorney's fee on the

18   case?"  ECF No. 418 (July 29, 2016 Transcript), at 492–93.  Plaintiff further stated, "I'll have the

19   former attorney file [the motion for attorney's fees] on Monday. . . . Because regardless of the

20   amount of the overtime, she should be entitled to attorney fees because she had to work on the

21   case based on that cause of action."  *Id.* at 495.  In light of the parties' representations that they

22   wished to file motions for attorney's fees and costs, the Court set a briefing schedule for any post-

23   trial motions.

24           The Court is not persuaded that July 29, 2016 statements constitute meeting and conferring

25   in compliance with the Civil Local Rules.  Specifically, on July 29, 2016, Plaintiff informed the

26   Court that a motion for attorney's fees would be forthcoming so that the Court could determine a

27   briefing schedule on the motion.  Plaintiff and Defendant did not engage in any discussion about

28
Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the motion in Court.  Plaintiff did not indicate the amount or type of fees that her attorney may

2    seek.  Such an announcement does not satisfy Plaintiff's obligation to meet and confer with

3    Defendant "for the purpose of resolving all disputed issues relating to attorney's fees."  Civ. L.R.

4    54-5.  Moreover, contrary to Plaintiff's representation, Plaintiff did not have her former attorney

5    file the motion for attorney's fees.  Instead, Plaintiff filed a motion for attorney's fees, for a

6    different amount than Plaintiff's former attorney.  According to a declaration filed by Defendant

7    under penalty of perjury, neither Plaintiff nor R&W followed up to meet and confer before filing

8    their respective motions for attorney's fees.  ECF Nos. 432-1, ¶ 4; 433-1, ¶ 4.  In addition, neither

9    Plaintiff nor R&W filed the required declaration of compliance with Civil Local Rule 54-5.

10   Accordingly, the Court finds that Plaintiff filed her motion for attorney's fees in violation of Civil

11   Local Rule 54-5.

12           Such a violation of the meet and confer requirement "is a permissible ground for the denial

13   of a motion for attorney's fees."  *Ibrahim v. Dep't of Homeland Sec.*, 2014 WL 1493561, at *5

14   (N.D. Cal. Apr. 16, 2014); *see also Johannson v. Wachovia Mortg., FSB*, 2012 WL 2793204, at

15   *1–2 (N.D. Cal. July 9, 2012) (denying motion for attorney's fees when the only attempt to meet

16   and confer was made one day before the motion was filed, and no declaration discussing meet and

17   confer efforts was filed).  The meet and confer requirement is meant to avoid the precise issues

18   now before the Court: unnecessary and burdensome litigation over the issue of attorney's fees.

19   *Ibrahim*, 2014 WL 1493561, at *5 (noting that the U.S. Supreme Court expressed concern about

20   "satellite litigation" over attorney's fees in *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  Had

21   the parties met and conferred as required, and included Plaintiff's former counsel R&W, the

22   parties may have avoided burdening the limited resources of this Court with duplicative,

23   conflicting motions.  R&W and Plaintiff could have coordinated on, if not filing one joint motion,

24   jointly filing the necessary supporting documentation.  Further, Defendant could have reminded

25   Plaintiff and informed R&W that Plaintiff did not prevail on the FLSA cause of action.  Defendant

26   also could have raised objections to specific hours claimed by R&W.  The parties may even have

27   been able to come to some sort of agreement—R&W's and Defendant's willingness to do so is

28
                                                     21

1    demonstrated by the stipulation filed on August 30, 2016.

2          Instead, Plaintiff's motion reveals a disappointing lack of communication and cooperation,

3    which has created challenges throughout this case and increased the burden on the Court's

4    resources.  In fact, this is not the first time that the Court has been forced to address the parties'

5    refusal to meet and confer as required.  *See* ECF No. 347 (ordering parties to explain why they

6    failed to meet and confer as ordered by the Court).  Further, although Plaintiff is pro se, Plaintiff is

7    a sophisticated litigant who is well versed in the Court's Civil Local Rules.  For example, Plaintiff

8    opposes some of Defendant's Rule 68 costs requests on the basis that the requests do not comply

9    with the Court's Civil Local Rules.  *See* Pl. Costs Opp. at 4 (citing Civil Local Rule 54-3).  In

10   addition, Plaintiff opposed Defendant's motions in limine on the basis that the motions violated

11   the Court's Civil Local Rules.  *See* ECF Nos. 260, 262, 265, 268.  Moreover, Plaintiff extensively

12   litigated another case in this district pro se.  *See Van v. Wal-Mart Stores, Inc.*, No. 08-CV-05296-

13   PSG (N.D. Cal.).

14         Thus, the Court DENIES Plaintiff's motion for attorney's fees because Plaintiff violated

15   the Court's Civil Local Rules.  *Ibrahim*, 2014 WL 1493561, at *5.

16               **b.  Documentation of Hours and Fees**

17         As separate and independent grounds for the denial of Plaintiff's motion for attorney's

18   fees, the Court considers Defendant's challenge to Plaintiff's proffered documentation of the

19   attorney's fees sought.  To support Plaintiff's request, Plaintiff submits a declaration in which

20   Plaintiff declares that, according to the "Attorneys Transactions for Fees and information that

21   [Plaintiff] received," R&W attorney Bonnie Ross ("Ross") bills at a rate of $500 per hour; Donald

22   Gagliardi ("Gagliardi") bills at $500 per hour; and James Holian ("Holian") bills at $300 per hour.

23   ECF No. 423, ¶¶ 11–16.  Plaintiff provides limited information supporting the requested rates.  In

24   total, Plaintiff declares that Ross "involves litigation since 1998," Gagliardi "has litigated over the

25   past twenty years," and Holian "received his J.D. from Santa Clara University School of Law, in

26   May 2006 and joined the Law firm in 2013."  *Id.* ¶¶ 11–16.

27         In addition, Plaintiff declares that the "Attorneys Transactions for Fees and information

28

United States District Court
Northern District of California

22

1    that [Plaintiff] received" show that R&W worked 241.70 hours on Plaintiff's case.  Plaintiff

2    provides a general breakdown of the categories worked by the three R&W attorneys, but does not

3    provide any billing records.  In particular, Plaintiff asserts that Ross spent "60.00 hours for

4    Review of Documents; 7.40 hours for Preparation and Review for CMC; 33.00 hours Preparation

5    and review for Amending Complaint; 45.20 hours for Preparation, Review, and attendance of

6    Mediation; 21.60 hours for Preparation, Review, and attendance of Van's deposition; 22.60 hours

7    for Preparation, review, and attendance of [Defendant's] depositions; 21.20 hours for Review and

8    responses." *Id.* ¶ 11.  Gagliardi spent the following hours on the case: "Review of Documents

9    4.50 hours; Preparation and Draft Amended Complaint 12.50 hours." *Id.* ¶ 13.  Lastly, Holian

10   spent "6.50 hours for reviewing documents; 7.20 hours for preparation and further review for

11   mediation." *Id.* ¶ 15.

12        This documentation is inadequate to support an award of fees.  Plaintiff bears the burden of

13   demonstrating attorney's fees, including that the hours requested are "reasonably expended" and

14   not "excessive, redundant, or otherwise unnecessary." *Tahara v. Matson Terminals, Inc.*, 511

15   F.3d 950, 955 (9th Cir. 2007).  Moreover, Plaintiff must demonstrate that the attorneys' requested

16   rates are "in line with the prevailing market rate of the relevant community." *Carson*, 470 F.3d at

17   891 (citation omitted).  Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys

18   regarding prevailing fees in the community, and rate determinations in other cases . . . are

19   satisfactory evidence of the prevailing market rate." *United Steelworkers of Am.*, 896 F.2d at 407.

20   In the instant case, Plaintiff provides none of the accepted justifications for reasonable hours or

21   rates.  Plaintiff offers only her own declaration.  However, Plaintiff has little personal knowledge

22   of R&W's requested hours, or the reasonableness of those hours.  Thus, Plaintiff's declaration on

23   these matters carries little weight.  Further, the general description of the hours spent does not

24   permit the Court to determine whether the hours expended are reasonable, and the limited

25   information provided about the attorneys is insufficient to justify the requested rates.

26   Accordingly, Plaintiff fails to meet her burden to show that the requested rates and hours are

27   reasonable.  *See Carson*, 470 F.3d at 891.  This is an independent reason to deny Plaintiff's motion

28

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

1    for attorney's fees.

2         Although not part of Plaintiff's motion, the Court notes that there is better documentation

3    of R&W's hours and rates in R&W's motion for attorney's fees and costs.  Specifically, R&W

4    submits billing records, and Ross, Gagliardi, and Holian submit declarations, in support of R&W's

5    motion for attorney's fees and costs.  *See* R&W Fees Mot. at 10–21, Ex. B.  Ross declares under

6    penalty of perjury that Ross instructed Plaintiff to cross reference R&W's declarations in

7    Plaintiff's motion for attorney's fees.  R&W Fees Reply at 4.  Although Plaintiff states that

8    Plaintiff "submits declarations and transaction detail of her three former attorneys," Plaintiff

9    submits only her own declaration as described above.

10        However, even if the Court were to consider R&W's billing records and declarations for

11   purposes of Plaintiff's motion, the Court would find the documentation inadequate because it does

12   not permit the Court to allocate R&W's hours between those spent for successful claims as

13   opposed to unsuccessful claims.  "California courts . . . have adopted the approach set forth in

14   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)."  *ComputerXpress, Inc. v. Jackson* 93 Cal. App.

15   4th 993, 1019 (2001).  *Hensley* recognized that a plaintiff might join in one action "distinctly

16   different claims for relief that are based on different facts and legal theories."  *Hensley*, 461 U.S.

17   at 434.  Work on an unsuccessful and unrelated claim generally will not be compensable, as it

18   "cannot be deemed to have been expended in pursuit of the ultimate result achieved."  *Id.* at 435

19   (internal quotation marks omitted); *see also, e.g.*, *Heyen v. Safeway Inc.*, 2014 WL 2154676, at

20   *6–7 (Cal. Ct. App. May 23, 2014) (applying *Hensley* approach to attorney's fees under California

21   Labor Code § 1194).  Thus, *Hensley* states that "[t]he applicant [for attorney's fees] . . . should

22   maintain billing time records in a manner that will enable a reviewing court to identify distinct

23   claims."  *Hensley*, 461 U.S. at 437; *see also Christian Research Institute v. Alnor*, 165 Cal. App.

24   4th 1315, 1320 (2008) (holding that evidence submitted in support of an attorney's fees motion

25   should "allow the court to consider . . . how much time the attorneys spent on particular claims,

26   and whether the hours were reasonably expended").

27        In the instant case, Plaintiff seeks to recover attorney's fees under California Labor Code

28

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

§ 1194 for prevailing on her California Labor Code overtime claim.  However, Plaintiff failed to succeed on a number of claims that are "based on different facts and legal theories" and are thus unrelated under *Hensley*.  First, the Court granted summary judgment to Defendant on Plaintiff's retaliation claim.  This claim, brought under California Labor Code § 1102.5 and the common law, asserted six adverse employment actions: (1) Defendant altered Plaintiff's performance rating to be more negative, (2) Defendant offered Plaintiff a temporary position as a video interpreter, which Plaintiff viewed as a demotion, (3) Defendant's Vice President of Human Resources allegedly told a process server that Plaintiff is a "cuckoo," (4) Defendant changed Plaintiff's department code, (5) Defendant planned to terminate Plaintiff, and (6) Defendant required Plaintiff to sign an at will employment agreement.  ECF No. 244 at 38–39.  While these actions all arise out of Plaintiff's employment with Defendant, these alleged retaliatory actions do not have a common set of facts with Plaintiff's claims for unpaid overtime.  Accordingly, work performed on this retaliation claim "cannot be deemed to have been expended in pursuit of the ultimate result achieved."  *Hensley*, 461 U.S. at 435 (internal quotation marks omitted).

Similarly, the Court granted summary judgment to Defendant on Plaintiff's breach of contract claim.  Plaintiff asserts that Defendant breached a 1997 agreement to pay annual raises, compensate Plaintiff for unused vacation days, pay for floating and working holidays, provide a 10% night differential, assign Plaintiff at least 40 hours per week, and honor four excused days per year.  ECF No. 244, at 51.  This claim is based on a separate legal theory, and arises from separate facts, compared to Plaintiff's overtime claim.  Thus, R&W's lodestar should exclude all time billed for Plaintiff's breach of contract claim.

Moreover, Plaintiff can not and does not seek attorney's fees for Plaintiff's unpaid meal period and rest break claims under California Labor Code §§ 226.7 and 512.  *See* Pl. Fees Mot. (requesting fees for overtime claim); ECF No. 244 (summary judgment order explaining that attorney's fees are not available for Plaintiff's unpaid meal period and rest break claims) (citing *Kirby*, 53 Cal. 4th at 1255–57 (2012)).  As with Plaintiff's retaliation and breach of contract claims, Plaintiff's claim for unpaid meal periods and rest breaks does not "seek relief for

25

1    essentially the same course of conduct" as Plaintiff's overtime claim. *Harman*, 136 Cal. App. 4th

2    at 1311. Accordingly, fees can not be awarded for Plaintiff's pursuit of her unpaid meal period

3    and rest break claim.

4         R&W asserts that the timesheets reflect only "fees that can fairly be considered related to

5    the claim on which [Plaintiff] prevailed at trial." R&W Fees Mot. at 16. Thus, R&W states that

6    the records exclude "[a]ll entries solely related to work . . . regarding breach of contract, retaliation

7    claims, and unpaid vacation claims," as well as entries related to a sanctions motion filed by

8    Plaintiff before R&W entered the case, among others. *Id.* However, the timesheets contradict

9    R&W's representations. For example, on May 29, 2015, Ross billed 4.20 hours for "Legal

10   research regarding jury verdicts in retaliation cases." *Id.* Ex. B. In addition, Ross spent 0.10 hours

11   on July 3, 2015 for "Correspondence to Ms. Van regarding her 401k claim," which is part of

12   Plaintiff's contract claim. There are multiple entries dedicated to the sanctions motion filed by

13   Plaintiff before R&W substituted as counsel. This motion asserted that Defendant acted in bad

14   faith and harassed Plaintiff, and R&W withdrew the motion soon after substituting as counsel.

15   ECF No. 58. The sanctions motion is not related to any of Plaintiff's claims.

16        Moreover, the majority of time entries simply do not distinguish between Plaintiff's

17   claims. For example, on June 1, 2015, Ross spent 5.4 hours for "Legal research regarding statutes

18   of limitations *for each cause of action*." Ross Fees Mot., Ex. B (emphasis added). On June 2,

19   2015, Ross spent 7.3 hours for "Legal research regarding factual and statutory basis for recovery

20   *for each cause of action* in anticipation of mediation." *Id.* (emphasis added). Thus, these entries

21   facially include time spent on claims on which Plaintiff was unsuccessful.

22        As another example, R&W spent 41.9 hours scheduling, preparing for, and de-briefing

23   after the 4.5 hour mediation that took place on July 20, 2015. Given that Plaintiff asserted all of

24   her causes of action at that time, and that research leading up to the mediation examined "each

25   cause of action," it is clear that the 45.6 hours preparing for and attending mediation cannot

26   reasonably have been spent only on Plaintiff's state law overtime claim. Similarly, R&W spent

27   22.9 hours preparing for and taking the deposition of Barbara Sadler ("Sadler"), Georgette

28

26

United States District Court
Northern District of California

1    Bloomer ("Bloomer"), and Kimberly Schnader ("Schnader"), employees of Defendant.  *Id.*

2    Defendant declares under penalty of perjury that these depositions "focused primarily on claims

3    that were later dismissed through [Defendant's] motion for partial summary judgment."  ECF No.

4    432-1.  In particular, Defendant declares that Schnader's deposition includes only four questions

5    regarding overtime, while Bloomer's deposition included only one question regarding overtime.

6    *Id.*

7          Having reviewed the submitted timesheets, and in light of the Court's observation of time

8    spent on various issues throughout this litigation, the Court finds that a significant amount of

9    R&W's time was focused on claims that are unrelated to Plaintiff's successful state law overtime

10    claim.  However, neither Plaintiff's motion nor R&W's timesheets explain how to allocate R&W's

11    time between the claims on which Plaintiff may recover and the claims on which Plaintiff may not

12    recover.  Thus, even considering R&W's timesheets, Plaintiff's motion does not "allow the court

13    to consider . . . how much time the attorneys spent on particular claims, and whether the hours

14    were reasonably expended."  *Christian Research Institute*, 165 Cal. App. 4th at 1320; *see also*

15    *Hensley*, 461 U.S. at 437 ("The applicant [for attorney's fees] . . . should maintain billing time

16    records in a manner that will enable a reviewing court to identify distinct claims.").  Without

17    proper documentation, the Court is unable to fulfill its duty to determine that only reasonable

18    attorney's fees are awarded.

19          **c.  Limited Success**

20          Lastly, as another separate and independent ground for denial of Plaintiff's motion for

21    attorney's fees, the Court turns to Defendant's contention that the fees requested are grossly

22    excessive in light of the limited success achieved.  "[U]nder state law as well as federal law, a

23    reduced fee award is appropriate when a claimant achieves only limited success."  *Sokolow v. Cty.*

24    *of San Mateo*, 213 Cal. App. 3d 231, 249 (1989).  "A fee request that appears unreasonably

25    inflated is a special circumstance permitting the trial court to reduce the award or deny one

26    altogether."  *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982); *Chavez v. City of Los Angeles*, 47 Cal.

27    4th 970, 990 (2010).

28

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

Here, the Court agrees with Defendant that Plaintiff's success was minimal.  In Plaintiff's pretrial statement, Plaintiff requested $80,753 in unpaid wages, as well as $8,520,491 in liquidated damages under the FLSA, $13,875,260 in punitive damages, $1,011 in unpaid meal and rest breaks, $24,000 in labor code penalty, and $1,350,000 in "liability."  At trial, Plaintiff requested approximately $87,000 for her overtime claim, and $1.2 million overall.  *See* ECF No. 417, at 351 (July 28, 2016 Transcript).  Plaintiff asked the jury to find that Plaintiff worked 3,633 hours of uncompensated overtime.  *See* ECF No. 416, at 113 (Plaintiff's opening statement); *id.* at 241 (Plaintiff's answer during cross examination).  The jury awarded Plaintiff $493.63 based on 20 hours of uncompensated overtime—only 0.05% of Plaintiff's requested damages and hours for Plaintiff's overtime claim.  Thus, Plaintiff achieved a small degree of success on Plaintiff's overtime claim, and even less success compared to the overall scope of the litigation.

Moreover, Plaintiff's recovery is significantly less than Defendant's Rule 68 offer of judgment, which Defendant made on July 11, 2016 for $69,696.60.  Nonetheless, Plaintiff seeks over $118,000 for just four months of work done by Plaintiff's attorneys.  No motion practice occurred during that time, and Plaintiff's prevailing California overtime claim had been pled in the original complaint, before R&W substituted in.  This request is unreasonable.  *See McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) ("[N]o reasonable person would pay lawyers $148,000 to win $34,000.").  In addition, as discussed above, Plaintiff has not provided sufficient documentation to enable the Court to allocate the hours expended among Plaintiff's unsuccessful and successful claims to reach a reasonable number of hours in light of Plaintiff's limited success.

Further, a review of the timesheets reveal that many of the hours claimed are excessive for the work performed or unrelated to the litigation of the instant case.  As one example, Ross spent 3.1 hours scheduling Plaintiff's deposition, of which at least 1.8 hours was corresponding with Plaintiff *solely* about Plaintiff's available dates.  *See* R&W Fees Mot., Ex. B.  As another example, R&W seeks to recover 0.3 hours spent by Ross on July 7, 2015 for "Receipt and review of correspondence from Ms. Van regarding her demand and price of confidentiality given her offer

28

1  for a book deal."

2      In addition, R&W seeks to recover $21,800 in fees for the preparation of the motion for

3  attorney's fees and costs, and the motion to intervene.  This comprises 26.1 hours by Ross and

4  17.5 hours by Gagliardi.  As discussed above, R&W's motion for attorney's fees and costs was

5  meritless because it sought recovery of fees for Plaintiff's unsuccessful FLSA claim.  The

6  frivolousness of R&W's motion would have been clear had R&W conferred with Defendant as

7  required by the Civil Local Rules before filing R&W's motion for attorney's fees and costs.

8      "[I]n light of the single claim on which plaintiff succeeded [for purposes of awarding fees],

9  the amount of damages awarded on that claim, and the amount of time an attorney might

10  reasonably expect to spend in litigating such a claim," the Court concludes that the requested

11  attorney's fees are inflated and unreasonable.  *Chavez*, 47 Cal. 4th at 991.  This is sufficient reason

12  to deny Plaintiff's request for fees.  *Id.*

13      In sum, the Court finds that Plaintiff's violation of the Civil Local Rules, the inadequate

14  documentation submitted, and the excessive and unreasonable fees requested compared to

15  Plaintiff's limited success requires that the Court DENY Plaintiff's motion for attorney's fees.

16      **2.  Costs**

17      Next, the Court considers Plaintiff's motion for costs.  Plaintiff seeks costs not under

18  California Labor Code § 1194, but under Federal Rule of Civil Procedure 54(d).  *See* Pl. Fees Mot.

19  at 2; Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides

20  otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

21  Defendant does not dispute that Plaintiff is the prevailing party in this litigation and is entitled to

22  costs under Rule 54.  *See* Def. Fees Opp. at 6.  Thus, as a prevailing litigant, Plaintiff is entitled to

23  recover actual expenses reasonably incurred to the extent an attorney could have received those

24  expenses.  *Burt v. Hennessey*, 929 F.2d 457, 458–59 (9th Cir. 1991).

25      Plaintiff seeks $28,706.71 in costs, which Plaintiff asserts "have been necessarily incurred

26  in the case."  Pl. Fees Mot. at 2.  Plaintiff requests both costs incurred by Plaintiff as well as costs

27  incurred by R&W while R&W represented Plaintiff.  Defendant disputes certain categories of

28

United States District Court
Northern District of California

29

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

1    Plaintiff's costs.  Accordingly, the Court addresses the specific costs requested by Plaintiff: filing

2    fees, deposition transcripts, mediation fees, printing costs, witness fees, exemplification and

3    copying costs, docket fees, and postage.

4         First, Plaintiff seeks $1,410 in filing fees, which includes the fees to file the instant action

5    and Plaintiff's two appeals.  Defendant does not dispute that Plaintiff is entitled to the $400 filing

6    fee incurred to bring the instant case.  Def. Fees Opp. at 7.  However, Defendant contends that

7    Plaintiff is not entitled to the filing fees for her two appeals.  The Court agrees that Plaintiff is not

8    entitled to the filing fee for Plaintiff's first appeal because the appeal was frivolous.  Before trial,

9    Plaintiff appealed (1) the Court's order on the parties' cross motions for summary judgment, (2)

10   the Court's orders on Defendant's motions in limine, and (3) Plaintiff's motion for default

11   judgment, which was filed the same day as the notice of appeal and on which the Court had not

12   yet ruled.  ECF No. 315.  None of the orders were final and appealable orders, and the Ninth

13   Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  Thus, pursuant to Civil Local Rule 54-

14   3(g) and Federal Rule of Appellate Procedure 39(a)(1), Plaintiff must bear the filing fee.  *See* Civ.

15   L.R. 54-3(g) ("Such other costs . . . authorized under Rule 39, Federal Rules of Appellate

16   Procedure, are allowable); Fed. R. Appellate P. 39(a)(1) ("[I]f an appeal is dismissed, costs are

17   taxed against the appellant . . .").

18        In addition, the Court finds that it is premature to tax the filing fee of the second appeal

19   because the appeal is pending.  *See* Fed. R. Appellate P. 39(a) (noting that costs are taxed against

20   the appellant if the judgment is affirmed, and costs are taxed against the appellee if the judgment is

21   reversed).  Accordingly, Plaintiff is entitled to only $400 in filing fees.

22        Second, Plaintiff seeks $5,621.25 in costs for the deposition transcripts of Plaintiff

23   ($762.90), Barbara Sadler ($892.40), Georgette Bloomer ($345.45), Kimberly Schnader

24   ($466.90), Frank Perry ($1,591.70), and Michael Schmidt ($1,561.90).  Only the costs for the

25   depositions of Frank Perry and Michael Schmidt are properly supported by invoices indicating the

26   charges incurred.  *See* ECF No. 423-1, Exs. 8–9.  The other depositions are listed in what appears

27   to be a list of costs sent to Plaintiff by R&W.  However, the list of costs is not a bill to Plaintiff,

28
                                                      30
     Case No. 14-CV-03791-LHK
     ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1    and R&W has not authenticated the list.  Further, neither Plaintiff nor R&W provide the invoices

2    supporting the requested deposition costs.  Accordingly, Plaintiff is not entitled to the deposition

3    costs for Barbara Sadler, Georgette Bloomer, or Kimberly Schnader.  *See* Civ. L.R. 54-1(a)

4    ("Appropriate documentation to support each item claimed must be attached to the bill of costs.").

5            As to the deposition costs for Frank Perry and Michael Schmidt, the Civil Local Rules

6    permit "[t]he cost of an original and one copy of any deposition . . . taken for any purpose in

7    connection with the case."  Civ. L.R. 54-3(c).  With respect to these depositions, Defendant

8    disputes only the cost requested for UPS courier delivery of the transcript.  Def. Fees Opp. at 8.

9    The Court agrees that the courier delivery fees are excludable.  *See City of Alameda, Cal. v.*

10   *Nuveen Mun. High Income Opportunity Fund*, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012)

11   (noting that "[t]he normal practice in the Norther District is to disallow any postage and handling

12   charges that exceed the rate of regular first class mail plus handling" and disallowing Federal

13   Express courier charges).  Accordingly, the Court awards Plaintiff $1,561.95 for the Frank Perry

14   deposition and $1,532.15 for the Michael Schmidt deposition.

15           Third, Plaintiff seeks $2,220 in "the charge for ADR Services, Inc. for Mediation."  There

16   is no invoice submitted in connection with this expense, and it is not clear to the Court whether

17   Plaintiff seeks costs of a transcript or something else related to the mediation.  Thus, this request is

18   not properly supported and must be denied.  In addition, costs related to mediation are not allowed

19   under 28 U.S.C. § 1920.  *See* 28 U.S.C. § 1920; *see also McAfee v. Met. Life Ins. Co.*, 625 F.

20   Supp. 2d 956, 976 (E.D. Cal. 2008) (mediation costs not recoverable under § 1920).

21           Fourth, Plaintiff seeks $884.12 in printing costs incurred on July 17, 2016.  ECF No. 423-

22   1, Ex. 10.  Even if Plaintiff would be entitled to these costs under Federal Rule of Civil Procedure

23   54 and Civil Local Rule 54, these provisions are "overridden by Rule 68."  *Haworth v. Nevada*, 56

24   F.3d 1048, 1052 (9th Cir. 1995) (citing *Marek v. Chesny*, 473 U.S. 1, 11 (1985)).  Because

25   Defendant made a Rule 68 offer of judgment and Plaintiff recovered less than the amount offered,

26   Plaintiff must bear the costs of suit incurred after the Rule 68 offer was served on July 11, 2016.

27   Accordingly, Plaintiff is not entitled to printing costs incurred on July 17, 2016.

28
Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

United States District Court
Northern District of California

1    Fifth, Plaintiff seeks $55 in witness fees for Georgette Bloomer.  ECF No. 423-1, Ex. 1.

2    Defendant does not dispute that Plaintiff is entitled to this fee, and the Court awards Plaintiff $55

3    in witness fees.

4    Sixth, Plaintiff seeks $16,418.25 in costs for exemplification and making copies, at $0.25

5    per page.  ECF No. 423-1, Ex. 12.  Plaintiff apparently did this copying personally, and thus there

6    are no invoices for copying costs.  Rather, to support this request, Plaintiff offers a list of "number

7    of copies submitted to the district court and mailed to defendants," which includes docket

8    numbers, pages, and dates.  Plaintiff also includes categories "production of documents," "pretrial

9    copies to defendants," "three binders to the Court," and "image charges."  Defendant disputes each

10   of these costs.

11   As to the "number of copies submitted to the district court and mailed to defendants," these

12   documents appear to be routine pleadings, motions, and other case papers filed with the Court, and

13   are not allowed.  Civ. L.R. 54-3(d)(3) ("The cost of reproducing copies of motions, pleadings,

14   notices, and other routine case papers is not allowable.").

15   As to the "pretrial copies to defendants" and "image charges," Plaintiff fails to explain for

16   what these charges were incurred.  *See* ECF No. 423, ¶ 29 (requesting costs for copies without

17   explaining further the categories of costs requested).  Accordingly, these costs are not properly

18   supported by appropriate documentation, and are not allowed.  *See* Civ. L.R. 54-1.  Similarly,

19   Plaintiff fails to explain when the charges for "three binders to the Court" were incurred.  The date

20   is important because Plaintiff can not recover costs incurred after Defendant served the Rule 68

21   offer of judgment on July 11, 2016.  *See Haworth*, 56 F.3d at 1052.  Without the date, the Court

22   does not have sufficient information to determine that the costs are allowable.  Accordingly, these

23   costs are excluded.

24   Next, regarding the production of 8,089 pages of discovery documents, Plaintiff appears to

25   have done this copying personally and provides no invoices.  Nonetheless, Defendant does not

26   dispute that the 8,089 pages of discovery documents are properly taxable.  *See* Civ. L.R. 54-1

27   ("The cost of reproducing disclosure or formal discovery documents when used for any purpose in

28
     32

the case is allowable."). However, Defendant contends that $0.25 per page is unreasonably high. The Court agrees, and reduces the requested cost per page to $0.10. *See Pierson v. Ford Motor Co.*, 2010 WL 431883, at *7 (N.D. Cal. Feb. 2, 2010) (reducing copying costs from $0.25 per page to $0.10 per page). Accordingly, the Court awards Plaintiff $808.90 for the cost of reproducing discovery documents.

Plaintiff seeks $1,226.50 in "docket fees." It is not clear what docket fees are, and the supporting receipt says only "electronic printing fee." ECF No. 423-1, Ex. 13. Regardless, this cost is not recoverable because it was incurred on August 5, 2016, after Defendant served the Rule 68 offer of judgment on July 11, 2016. *See Haworth*, 56 F.3d at 1052 ("Because Nevada made valid Rule 68 offers of judgment and the final judgment against it was less than the amount offered, the plaintiffs must bear their own costs of suit, as well as Nevada's costs, incurred after the Rule 68 offers were made.").

Lastly, Plaintiff seeks $871.59 in postage. To support this request, Plaintiff provides a list of dates and prices. ECF No. 423-1, Ex. 14. However, Plaintiff does not describe for what the claimed postage was used, or provide receipts for the postage. Accordingly, this request is not properly supported. In addition, postage is not taxable. *See Bonilla v. KDH Backhoe Serv., Inc.*, 2007 WL 39307, at *3 (N.D. Cal. Jan. 4, 2007) (holding that 28 U.S.C. § 1920 does not permit taxation of postage); *Carpenters Pension Tr. Fund for N. Cal. v. Walker*, 2015 WL 1050479, at *2 (N.D. Cal. Mar. 9, 2015) (same).

In total, the Court awards Plaintiff $4,358 in costs, which consists of $400 in filing fees, $55 in witness fees, $1,561.95 for the Frank Perry deposition, $1,532.15 for the Michael Schmidt deposition, and $808.90 for producing discovery.

## IV.   CONCLUSION

For the foregoing reasons, the Court rules as follows:

- The Court GRANTS Defendant's motion for costs pursuant to Federal Rule of Civil Procedure in the amount of $5,579.22;

- The Court DENIES Robinson & Wood, Inc.'s motion to intervene and motion for

33

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS

attorney's fees and costs;

- The Court GRANTS in part and DENIES in part Plaintiff's motion for attorney's fees and costs, and awards Plaintiff $4,358 in costs;

- The Court DENIES Defendant's and Robinson & Wood, Inc.'s proposed stipulation regarding attorney's fees.

**IT IS SO ORDERED.**


Dated: September 23, 2016

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 14-CV-03791-LHK
ORDER RE POST-TRIAL MOTIONS